**THE O'MARA LAW FIRM, P.C.**
DAVID C. O'MARA, SBN 8599
WILLIAM M. O'MARA, SBN 00837
311 E. Liberty Street
Reno, Nevada 89501
Telephone:    (775) 323-1321
Facsimile:    (775) 323-4082
Email:    info@omaralaw.net

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL SMALL, CAROLYN SMALL, and WILLIAM CURTIN, Individually, and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA,<br><br>Defendant. | CASE NO. 12-cv-00395 HDM-VPC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Plaintiffs Daniel Small, Carolyn Small and William Curtain ("Plaintiffs"), by and through their attorneys, hereby submit this Opposition to Defendant's Motion to Dismiss for the Court's consideration.

Plaintiffs filed their Complaint on July 27, 2012 alleging that Defendant failed to pay them and other similarly situated respiratory therapists wages in accordance with the statutory mandates of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Nevada Revised Statutes ("NRS") §§ 608.016 and 608.018.   Specifically, Defendant violated federal and state wage laws by automatically deducting 30 minutes each day from Plaintiffs' pay for meal

break times regardless of whether a bona fide 30-minute meal break was actually taken. Plaintiffs were required to carry a pager at all times, and be on call to immediately respond to requests made by doctors and nurses to assist patients with respiratory issues, and therefore Plaintiffs were not able to take uninterrupted bona fide 30-minute meal breaks. No contract between the Plaintiffs and the Defendant, nor any agreement between any employer or employee form the basis of Plaintiffs' claims. Instead, the case is exclusively based on independent state and federal statutory rights.

On September 10, 2012 the Defendant filed a Motion to Dismiss under Rule 12(b)(6), arguing that Plaintiffs' statutory claims "require[] an analysis and interpretation of the [collective bargaining agreement ("CBA")] governing Plaintiffs' employment in determining overtime wages and whether Plaintiff was appropriately compensated for such hours" and therefore are preempted by § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 ("LMRA"). [Mot. Dismiss at 3-5.]

As explained below, however, Defendant's argument is incorrect as a matter of law. Plaintiffs' federal and state statutory claims are wholly independent and apart from any CBA in effect between the Defendant and a union. Plaintiffs simply are not filing a claim based on a "violation of a contract between an employer and a labor organization." They are asserting rights arising out of federal and state statutes designed to provide minimum substantive rights to individual workers. As a result, the Defendant's motion must be denied.

## ARGUMENT

### I.   PLAINTIFFS' FLSA CLAIMS ARE NOT PREEMPTED

Defendant contends the Court should dismiss Plaintiffs' statutory claims based solely on the theory that section 301 of the LMRA preempts all wage and hour claims so long as a

collective bargaining agreement ("CBA") addresses issues such as hours, wages, and overtime. However, the theory that a CBA, by its existence, necessarily controls all grievances between an employer and employee is simply false.

In support of its theory, Defendant cites to numerous opinions which have been limited by later decisions.   For example, Defendant cites to *Beckley v. Teyssier*, 332 F.2d 495, 496 (9th Cir. 1964), for the proposition that any FLSA claim for non-payment of overtime compensation must cede jurisdiction to the CBA grievance process where overtime compensation is addressed by a CBA.   [Mot. Dismiss at 4.]   To the contrary, current case law recognizes that employees' rights to minimum wage and overtime pay under the FLSA are separate and distinct from employees' contractual rights out of an applicable collective bargaining agreement. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (1981).

In *Albertson's Inc. v. United Food & Commercial Workers Union, AFL-CIO & CLC*, 157 F.3d 758 (9th Cir. 1998), the Ninth Circuit explained exactly how the relevant case law has evolved. *See id.* at 760-61 (citing cases and discussing the difference between contractual rights under a bargained-for agreement such as a CBA and statutory rights granted by legislatures that may not be bargained away).   In so doing the court emphasized, "it is irrelevant whether the employees' claims may present an arbitrable dispute [under a CBA]; they have an independent statutory right under the FLSA that they are entitled to pursue in court" and to do so without resorting to any arbitration procedure.   *Id.* at 761.   Likewise, here, it is entirely irrelevant whether Plaintiffs' claims might be arbitrable under an applicable CBA; they are asserting claims in court based on their independent statutorily guaranteed rights.

The FLSA's "minimum wage and overtime provisions . . . are guarantees to individual workers that may not be waived through collective bargaining." *Local 246 Utility Workers*, 83

F.3d at 297.  Indeed, FLSA rights cannot be abridged by contract because this would "nullify the

purposes of the statute and thwart the legislative policies it was designed to effectuate."

*Barrentine*, 450 U.S. at 740 (internal quotation marks omitted).  Moreover, nothing in the CBA

cited by the Defendant *expressly* provides that FLSA or other statutory claims are incorporated into

the grievance procedure as is required under the law.  *See Leyva v. Certified Grocers of California,*

*Ltd.*, 593 F.2d 857, 862-63 (9th Cir. 1979).  In short, none of Plaintiffs' statutory claims are based

on rights bargained-for under the CBA.  The Court in *Leyva* stated as follows:

> A further reason for adopting our interpretation of the contract is to permit a
> construction of the arbitration clause that is consistent with direction given by
> the Supreme Court in *Iowa Beef Packers, Inc. v. Thompson*, 405 U.S. 228, 92
> S.Ct. 859, 31 L.Ed.2d 165 (1972). In that case, the Supreme Court found a
> significant distinction between contract and statutory rights and relied on that
> distinction in dismissing the case where certiorari had been granted. The
> collective bargaining agreement in Iowa Beef provided for arbitrability of
> grievances "pertaining to a violation of the Agreement," language very similar
> to the arbitration clauses both here and in *Beckley*. The Court held that the
> question whether judicial enforcement of an FLSA claim could be stayed
> pending arbitration was not presented by the case because the arbitration
> clause was insufficient to cover a statutory claim and so inapplicable in any
> event. The Supreme Court's construction of the arbitration agreement in *Iowa*
> *Beef* is consistent with its holdings in other cases which have emphasized the
> distinction between statutory and contract rights. See *Alexander v. Gardner-*
> *Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); see also *U. S.*
> *Bulk Carriers, Inc. v. Arguelles*, 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456
> (1971); See *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 513 (9th
> Cir. 1978). We believe that despite the general rule that arbitration clauses
> should be broadly construed, *Iowa Beef*, when viewed in conjunction with
> these other cases, counsels that **contracts which provide for arbitration of**
> **contract disputes should not be read to require arbitration of statutory**
> **claims absent express provision for such arbitration.** Here, not only is
> there no express provision for arbitration of statutory claims, there is, as
> discussed above, a strong indication of contrary intent." (emphasis added).

*Id.* at 862-3

As in *Leyva*, the CBA in this matter does not expressly provide for arbitration of so-called

wage and hour disputes.  Again, regardless of what any applicable CBA may provide concerning

compensation for overtime work, Plaintiffs' claim is that the automatic deduction of thirty (30) minutes pay for meal breaks that do not relieve the employee from work is a flat-out violation of the FLSA. As shown above, such a federal claim is not preempted by the LMRA.

Today, a CBA does not preempt a typical FLSA or state statutory wage claim for unpaid work.[1] In fact, the principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, "labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202 (a). The statutory enforcement scheme grants individual employees broad access to the courts. Section 16(b) of the Act, which contains the principal enforcement provisions, permits an aggrieved employee to bring his statutory wage and hour claim "in any Federal or State court of competent jurisdiction." No exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute. See Barrentine, 450 U.S. at 740.

## II.   PLAINTIFFS' STATE LAW STATUTORY CLAIM FOR UNPAID WORK IS NOT PREEMPTED

The U.S. Supreme Court has identified two specific types of state law claims which are preempted by section 301 of the LMRA: 1) those that are "founded directly on rights created by collective-bargaining agreements" and 2) those that are "substantially dependent on analysis of a collective-bargaining agreement." See Caterpillar, Inc. v. Williams, 482 U.S. 386, 394; see also Lucas Flour Co., 369 U.S. at 103-04. Here, Plaintiffs are asserting statutory claims based on and guaranteed, not by a CBA, but by the Nevada legislature under Nevada Revised Statutes §§

---

[1]See, e.g., Livadas v. Bradshaw, 512 U.S. 107 (1994); see also Barrentine, 450 U.S. 728 (1981).

608.016 (employer must pay for all hours worked) and 608.018 (proper computation of overtime). [Complaint ¶¶ 54-63.]

Defendant cites to *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985), to suggest that section 301 of the LMRA serves to preempt any claim that might require an interpretation of a CBA, and if so, then the CBA must provide the exclusive remedy.  [Mot. Dismiss at 3.]  *Lueck* is distinguishable in that it involved a state tort claim for bad faith conduct that was found to be preempted by the CBA because the state tort claim depended for its substance at least in part upon interpretation of a CBA; the tort was a distinct claim but its viability depended in some measure on the substance of the CBA .  Here, Plaintiffs' claims are not preempted because the present CBA at issue need not be interpreted and referenced in order to adjudicate Plaintiffs' statutory claims.  Mere reference to the CBA to determine the classification or the salary of an employee does not trigger a preemption of Plaintiffs' state law claims. *Livadas*, 512 U.S. at 125. For the reasons already set forth above, the state law statutory claims are likewise not preempted by the LMRA as they, too, do not require interpretative resolution of any applicable CBA provision but rather whether the actual payment of or calculation of Plaintiffs' wages comports with Nevada's legislative mandates. *See Gregory v SCIE, LLC*, 317 F.3d 1050, 1053.

Defendant notes that the Nevada legislature has exempted the overtime computation provisions set forth in section 608.018 for those employees "covered by collective bargaining agreements which provide otherwise for overtime." NRS § 608.018(3)(e).  There is *no* similar legislative exemption granted under section 608.016, which requires payment for all hours worked.  Thus, Defendant's argument would have applicability only in the limited circumstance where an employee bases his or her claim for unpaid overtime under section 608.018 *and* if he or she is covered by a CBA that provides "otherwise for overtime."  However, at this early stage of

the litigation, the factual record has not been developed to identify those class members that would fall under this limited category. Moreover, even if there were some class members that fell into this category, the remedy would not be complete dismissal of this action, as Defendant contends, but merely a limitation of the state-based claims that can be brought by some members of the proposed class.

In any event, section 608.016 mandates that the Defendant must pay all of its employees for each hour they work. The Complaint alleges plainly that the Defendant here failed to pay Plaintiffs and other similarly situated employees for the actual time they worked each week. [Complaint ¶ 60.] Such a state law claim is well-plead, and is neither exempted by the Nevada legislature nor preempted by the LMRA. The simple fact is Plaintiffs' state-law claim under section 608.016 exists independent of any CBA, bears no relationship to any CBA, and requires nothing from the Court by way of interpreting any CBA's provisions – the allegation is that Defendant did not pay employees for work actually performed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's motion in its entirety. Should the Court deem the Complaint insufficient in anyway, Plaintiffs respectfully request leave to amend to cure any deficiency.

1   Dated: October 4, 2012        By: _____

2                                      David O'Mara
                                    William M. O'Mara
3                                   THE O'MARA LAW FIRM, P.C.
                                    311 E. Liberty Street
4                                   Reno, Nevada 89501
                                    Telephone:    (775) 323-1321
5                                   Facsimile:    (775) 323-4082
                                    Email: info@omaralaw.net
6
                                    Marc L. Godino
7                                   Lionel Z. Glancy
                                    Casey E. Sadler
8                                   Kevin F. Ruf
                                    GLANCY BINKOW & GOLDBERG LLP
9                                   1925 Century Park East, Suite 2100
                                    Los Angeles, CA  90067
10                                  Telephone:    (310) 201-9150
                                    Facsimile:    (310) 201-9160
11                                  Email: info@glancylaw.com

12                                  Jon A. Tostrud
13                                  TOSTRUD LAW GROUP, P.C.
                                    1901 Avenue of the Stars, Suite 200
14                                  Los Angeles, CA 90067
                                    Telephone:    (310) 278-2600
15                                  Facsimile:    (310) 278-2640
                                    Email: jtostrud@tostrudlaw.com
16

17

18                                  *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of The O'Mara Law Firm, P.C., 311 E. Liberty Street, Reno, Nevada 89501, and on this date I served a true and correct copy of the foregoing document on all parties to this action by:

X_____ Depositing in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, following ordinary business practices

_____ Personal Delivery

_____ Facsimile

_____ Federal Express or other overnight delivery

_____ Messenger Service

_____ Certified Mail with Return Receipt Requested

__X__ Electronically through the Court's ECF system

addressed as follows:

MORRIS POLICH & PURDY LLP
Nicholas M. Wieczorek
3883 Howard Hughes Parkway, Suite 560
Las Vegas, Nevada 89169
Telephone: (702) 862-8300
Facsimile: (702) 862-8400

DATED: October 4, 2012.