1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

10

11  DANIEL SMALL, CAROLYN SMALL, and )       3:12-cv-00395-HDM-VPC
    WILLIAM CURTIN, Individually and )
12  on Behalf of All Other Persons   )
    Similarly Situated,              )       ORDER
13                                   )
                    Plaintiffs,      )
14                                   )
    vs.                              )
15                                   )
    UNIVERSITY MEDICAL CENTER OF     )
16  SOUTHERN NEVADA,                 )
                                     )
17                  Defendant.       )
    _____ )
18
          The defendant has filed a motion to dismiss (#23).[1]
19
    Plaintiffs have opposed (#29), and defendant has replied (#30).
20
          On November 5, 2012, plaintiffs filed an unauthorized surreply
21
    (#31).  On November 13, 2012, defendant filed an unauthorized reply
22
    to the plaintiffs' surreply (#32).  Because plaintiffs did not seek
23
    leave of court to file the surreply, the surreply does not address
24
    new arguments raised by defendant in its reply, and the surreply is
25
    in any event unnecessary for the court to consider in deciding the
26

27
    _____
28       [1] Along with its motion defendant filed a request for judicial notice
    (#24), which plaintiffs have not opposed.

                                     1

1  motion to dismiss, plaintiffs' surreply (#31) is hereby **STRICKEN**.

2  Defendant's reply to plaintiffs' stricken surreply (#32) is also

3  therefore **STRICKEN**.

4       In its motion to dismiss, defendant argues that plaintiffs'

5  Fair Labor Standards Act ("FLSA") claims are subject to the

6  grievance-arbitration procedure of their collective bargaining

7  agreement ("CBA").  However, FLSA rights are separate and

8  independent from any rights conferred by a CBA, and the Ninth

9  Circuit has specifically held that "employees are entitled to take

10 their FLSA claims to court regardless of whether those claims may

11 also be covered by the grievance-arbitration procedure."

12 *Albertson's, Inc. v. United Food & Comm. Workers Union*, AFL-CIO &

13 CLC, 157 F.3d 758, 760-62 (9th Cir. 1998); *see also Barrentine v.*

14 *Arkansas-Best Freight Sys.*, 450 U.S. 728, 740-45 (1981).

15 Accordingly, the mere fact that a CBA contains a grievance-

16 arbitration procedure covering pay and overtime pay claims does

17 not, of itself, bar the plaintiffs from bringing their FLSA claims

18 to court.

19      Nonetheless, defendant argues, a CBA may require employees to

20 arbitrate their statutory rights.  The Supreme Court has held that

21 any agreement to submit statutory claims to the grievance and

22 arbitration procedure contained in a CBA  – and thus to waive the

23 right to a judicial forum for such claims – must be "clear and

24 unmistakable."  *Wright v. Univ. Maritime Serv. Corp.*, 525 U.S. 70,

25 79-81 (1998).  While defendant asserts that "the CBA requires the

26 union and its members, including plaintiffs, to submit pay and

27 overtime claims, including the Fair Labor Standards Act ("FLSA")

28 and state wage and hour statutes involved here, to the mandatory

1  grievance-arbitration procedures contained in the CBA," (Def. Reply

2  2), it fails to identify any language in the CBA requiring such.

3  Instead, it cites broadly to Article 9 of the CBA, which requires

4  "[a]ll grievances" to be submitted to the grievance-arbitration

5  procedure outline in the article.  A "grievance" is defined, in

6  relevant part, as "a dispute regarding the interpretation and

7  application of the provisions of the Agreement . . . alleging a

8  violation of the terms and provisions of this Agreement."  (CBA

9  Art. 9, ¶¶ 1-2).  This language does not clearly and unmistakably

10  require the plaintiffs to submit their statutory claims to the

11  CBA's grievance-arbitration procedure.  In fact, it is limited to

12  disputes arising out of the agreement itself.  Defendant has failed

13  to point to any other language in the CBA constituting a "clear and

14  unmistakable" waiver of plaintiffs' rights to bring their statutory

15  claims in this court, and, at this juncture, there is nothing to

16  distinguish this case from *Albertson's*, 157 F.3d 758.  Accordingly,

17  the motion to dismiss plaintiffs' FLSA claims is **DENIED WITHOUT**

18  **PREJUDICE.**

19      As to plaintiffs' state law claims, which defendant argues are

20  preempted by the Labor Management Relations Act("LMRA"), the court

21  cannot at this time determine whether such claims are grounded in

22  the provisions of the CBA or substantially dependent on the CBA and

23  thus require interpretation of the CBA.  *See Burnside v. Kiewit*

24  *Pac. Corp.*, 491 F.3d 1053, 1058-60 (9th Cir. 2007).  The motion to

25  dismiss plaintiffs' state law claims is therefore **DENIED WITHOUT**

26  **PREJUDICE** to renew at the close of discovery as a motion for

27  summary judgment.

28      In accordance with the foregoing, the defendant's motion to

3

1  dismiss (#23) is **DENIED WITHOUT PREJUDICE** to renew as a motion for

2  summary judgment at the close of discovery.  The plaintiffs'

3  unauthorized surreply (#31) and the defendant's reply thereto (#32)

4  are hereby **STRICKEN.**

5        IT IS SO ORDERED.

6        DATED: This 14th day of November, 2012.

7

8                                            _____
                                            UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         4