1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9    DANIEL SMALL et al.,                        Case No. 2:13-cv-00298-APG-PAL

10                    Plaintiffs,

11        v.                                     **ORDER GRANTING MOTION TO
                                                 FACILITATE NOTICE TO POTENTIAL
12   UNIVERSITY MEDICAL CENTER OF                OPT-IN PLAINTIFFS**
     SOUTHERN NEVADA,
13
                      Defendant.
14

15

16   **I.       BACKGROUND**

17        The Named Plaintiffs (collectively referred to as "Small") allege two claims for relief

18   against University Medical Center of Southern Nevada ("UMC") for its alleged uniform practice

19   of automatically deducting 30 minutes from the daily timecards of all hourly, non-exempt

20   employees without verifying that those employees actually took the corresponding, uninterrupted

21   30-minute meal breaks as required.  (Dkt. No. 37.)   Small brings a so-called collective action on

22   behalf of the Named Plaintiffs and all "similarly situated" employees under section 16(b) of the

23   federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Small also brings a class action

24   for violations of Nevada Revised Statutes sections 608.016 and 608.018.  The present motion

25   relates only to the FLSA claim.

26        On January 11, 2013, Small filed the "Named Plaintiffs Motion to Conditionally Certify a

27   Collective Action and Facilitate Notice Pursuant to 29 U.S.C. § 216(b)" (the "Motion").  (Dkt.

28   No. 46.)  Small seeks the court's permission to notify all "similarly situated" employees of this

1    case and to provide them an opportunity to opt in.  UMC responded to the Motion on January 28,

2    and Small replied on February 6.  (Dkt. Nos. 50, 54.)  The court heard argument on the Motion on

3    June 7.  For the reasons set forth below, the court GRANTS the Motion.

4    **II.**      **"CONDITIONAL CERTIFICATION"[1] — SIMILARLY SITUATED**

5         **a.  Legal Standard**

6         "An action . . . may be maintained against any employer . . . by any one or more

7    employees for and in behalf of himself or themselves and other employees *similarly situated*.  No

8    employee shall be a party plaintiff in any such action unless he gives his consent in writing to

9    become such a party and such consent is filed in . . . court[.]"  29 U.S.C. § 216(b) (emphasis

10    added).  In other words, "similarly situated" plaintiffs may bring a so-called collective action, and

11    plaintiffs must affirmatively opt-in to join it.  Collective actions differ from class actions, and the

12    requirements of Fed. R. Civ. P. 23 are generally inapplicable.  *McElmurry v. U.S. Bank Nat'l*

13    *Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007).

14         The FLSA does not define "similarly situated," and neither the Supreme Court nor the

15    Ninth Circuit has interpreted that term.  *Kress v. PriceWaterhouseCoopers, LLP*, 263 F.R.D. 623,

16    627 (E.D. Cal. 2009).  District courts in the Ninth Circuit predominantly use a two-tier approach

17    to determine whether a group of employees is similarly situated.  *Id.*  The first tier, called the

18    "notice stage," is used before the end of discovery.  *Id.* at 629.  The essential question is "whether

19    the employees are sufficiently similarly situated that notice should be sent to prospective

20    plaintiffs[.]"  *Id.* at 627.

21         The bar is quite low for plaintiffs, and the notice stage inquiry typically results in

22    conditional certification of a representative class.  *Id.* at 628 (internal quotation marks and citation

23    omitted).  Plaintiffs "must provide substantial allegations, supported by declarations or discovery,

24    that the 'putative class members were together the victims of a single decision, policy or plan.'"

25

26         [1] The court notes initially that it cannot "certify" a class or a collective action under the
FLSA.  *Buenaventura v. Champion Drywall, Inc. of Nev.*, 2012 WL 1032428 at *9–10 (D. Nev.

27    2012).  Section 216(b) does not use the term "certify," nor does Rule 23 certification apply to
FLSA collective actions.  *Id.*  Nonetheless, case law and the parties repeatedly use the term

28    "certification," and, for the purpose of consistency, the court follows suit by using the term in a
colloquial manner.

1    *Id.* at 627 (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)

2    (internal quotation marks and citation omitted)).  Put another way, "a plaintiff need only make a

3    *modest factual showing* sufficient to demonstrate that [she] and other potential plaintiffs were

4    victims of a common policy or plan that violated the law.  *Misra v. Decision One Mortg. Co.,*

5    *LLC*, 673 F. Supp. 2d 987, 993 (C.D. Cal. 2008) (emphasis supplied).  This court has described

6    the necessary "modest factual showing" as "minimal evidence."  *Orquiza v. Walldesign, Inc.*,

7    2012 WL 3561971 at *2 (D. Nev. 2012).  However, minimal evidence is not the same as no

8    evidence; unsupported assertions of widespread violations are insufficient.  *Lewis v. Nev. Prop. 1,*

9    *LLC*, 2013 WL 237098 at *8 (D. Nev. 2013).  Upon conditional certification, the court may order

10   notice sent to all potential opt-in plaintiffs.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165,

11   170–71 (1989).  The court also may create subclasses to avoid jury confusion.  *Schemkes v. Pres'l*

12   *Limousine*, 2011 WL 868182 at *3 (D. Nev. 2011).  Finally, at this stage of analysis, the

13   evidentiary standard is not as high as that applied to motions for summary judgment.  *Lewis*, 2013

14   WL 237098 at *8.

15         The second tier of analysis, often prompted by a motion to decertify, follows a stricter

16   standard of "similarly situated."  *Kress*, 263 F.R.D. at 628.  Factors then considered are "(1) the

17   disparate factual and employment settings of the individual plaintiffs; (2) the various defenses

18   available to the defendants with respect to the individual plaintiffs; and (3) the fairness and

19   procedural considerations."  *Id.*  Thus, individualized inquiries into each plaintiff's claims do not

20   occur until discovery has closed.  *Orquiza*, 2012 WL 3561971 at *2.  Because discovery is barely

21   underway in the present case, the court uses the notice stage analysis.

22         **b.  Application**

23         Small's allegations and evidence sufficiently demonstrate that all of UMC's non-exempt,

24   hourly employees may have been victims of a common policy of deducting 30 minutes from each

25   daily timecard without accurately determining whether the employees had actually taken the

26   requisite uninterrupted 30-minute meal break.  Although their job titles may differ, all hourly

27   employees were similarly situated because they were subject to the same hospital-wide

28   timekeeping policies and compensation plan, and their job duties were similar in that all these

3

1    employees had the ultimate goal of patient care.  That UMC imposed a more rigorous

2    timekeeping policy at the behest of the U.S. Department of Labor after this case was filed is not

3    proof of prior wrongdoing, but it does provide modest evidentiary support for Small's claim that

4    UMC did not adequately track its employees' hours before it implemented the new system.

5    Named Plaintiffs' declarations, while seemingly boilerplate and nearly identical, are sufficient to

6    meet the "minimal evidence" standard.  For the purposes of the notice stage analysis, they

7    adequately support Small's allegations.

8         While the court understands UMC's arguments regarding the individualized inquiry

9    required by many of Small's claims, such questions are not properly before the court at this

10   juncture.  While the "class" composition may ultimately be whittled down in the "decertification"

11   stage, the court is bound by the lenient standards governing this first phase of the FLSA collective

12   action.

13        Because the allegations and evidence center on UMC's practices at its hospital, Small's

14   proposed inclusion of employees of all of UMC's subsidiaries and affiliated companies in the

15   proposed "class" is overly broad.  (*See* Dkt. No. 37 ¶ 72.C.A.)  The court thus orders the "class"

16   described as follows: "All individuals who were employed or are currently employed by

17   University Medical Center of Southern Nevada as hourly employees at any time during the

18   relevant statute of limitations period."

19        As to creating subclasses, the court agrees that subclasses based on job title and/or job

20   duty may be appropriate.  However, it is too early to determine the precise makeup of the

21   subclasses.  The magistrate judge who oversees discovery will be in a better position to determine

22   the composition of the subclasses at a later date.

23   **III.    FORM AND CONTENT OF THE NOTICE**

24        While there are no strict guidelines for the form and content of the notification, district

25   courts "must be scrupulous to respect judicial neutrality . . . and must take care to avoid even the

26   appearance of judicial endorsement of the merits of the action."  *Hoffman-La Roche*, 493 U.S. at

27   174.  To effectuate this goal, courts have ordered the notice published on law firm letterhead

28   instead of under the court's name and caption.  *Lewis*, 2013 WL 237098 at *8.  The court thus

4

1    orders the notification form be published with the letterhead of Small's counsel and the district

2    court caption removed.  The parties shall meet and confer within 28 days from the date of entry of

3    this order to determine the content of the notification form.  Within 14 days after that meeting, the

4    parties shall either stipulate to the content or file competing versions.

5          Within 45 days from the date of entry of this order, UMC shall (i) provide to Plaintiff the

6    name, last known mailing address, and last known e-mail address of every non-exempt, hourly

7    employee that has worked for UMC at any time during the three years preceding the date of filing

8    of the Complaint (Dkt. No. 1); and (ii) post the notification form in a conspicuous location at

9    UMC's place of business where other employment-related notices are routinely posted.  *See*

10   *Schemkes*, 2011 WL 868182 at \*5 (ordering notice at place of business).

11   **IV.    EQUITABLE TOLLING**

12       **a.  Legal Standard**

13         The statute of limitations for FLSA claims is subject to equitable tolling.  *Partlow v.*

14   *Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757 (9th Cir. 1981).  Although the Ninth Circuit

15   has not articulated a precise standard, there are two general categories that warrant tolling:

16   "(1) where the plaintiffs actively pursued their legal remedies by filing defective pleadings within

17   the statutory period; and (2) where the defendants' misconduct induces failure to meet the

18   deadline."  *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007).

19   The Second Circuit has similarly stated that a court "must consider whether the person seeking

20   application of the equitable tolling doctrine (1) has acted with reasonable diligence during the

21   time period she seeks to have tolled, and (2) has proved that the circumstances are so

22   extraordinary that the doctrine should apply."  *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333

23   F.3d 74, 80 (2d Cir. 2003).

24         As an equitable matter, the inquiry should focus on fairness to both parties.  *Adams*, 242

25   F.R.D. at 543.  As part of the determination of the possible prejudice to the defendant, the court

26   should ask whether the defendant was aware of the potential scope of liability when the complaint

27   was filed.  *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181–82 (D. Colo.

28   2012).  Of particular relevance here, one court has stated that "the time required for a court to rule

1    on a motion . . . for certification of a collective action in an FLSA case[] may be deemed an

2    'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v.*

3    *Restaurant Assocs. Events Corp.*, 2011 WL 844963 at \*2 (E.D.N.Y. 2011).

4    **b. Application**

5    The potential opt-in plaintiffs could be unfairly prejudiced by the court's delay in

6    resolving the Motion.  UMC is not unfairly prejudiced because the potential scope of its liability

7    was known when the Complaint was filed.  UMC was aware of Small's objective to join all non-

8    exempt, hourly employees that have worked for UMC during the statutory period.  UMC alone

9    possesses the identity of those persons and their work records (hours, pay, etc.).  The court thus

10   tolls the statute of limitations starting 30 days after the Motion became ripe, or March 8, 2013.

11   The next issue is when the tolling ceases.  Small argues that UMC has not been

12   forthcoming with contact information for the potential opt-in plaintiffs.  Defendants, however, are

13   not required to produce that information until a collective action is conditionally certified.

14   *Adams*, 242 F.R.D. at 543.  *Adams* applied equitable tolling to the period between the date of the

15   conditional certification and the date on which the defendant provided that information to

16   "counter[] the advantage defendants would otherwise gain by withholding potential plaintiffs'

17   contact information until the last moment."  Id.  *Adams*'s reasoning is compelling.  Accordingly,

18   in this case, the statute of limitations is tolled from March 8, 2013 until UMC provides the

19   requisite contact information to Small's counsel.

20   If a plaintiff opts in before the date of UMC's compliance, the tolling period for that

21   plaintiff would run from March 8, 2013 until the date of that plaintiff's filing of written consent to

22   opt-in with the court.  Tolling does not apply to the plaintiffs that opted in before March 8, 2013.

23   **V.     CONCLUSION**

24   Accordingly, the court hereby ORDERS:

25   1. Plaintiffs' motion to facilitate notice to potential opt-in plaintiffs (Dkt. No. 46) is

26   GRANTED.  Plaintiffs shall provide notice only to those persons who fall within the

27   "class" description approved herein.  Plaintiffs shall bear all costs of distribution.

28

6

1    Notice may not be distributed until the court approves the content of the notification

2    form.

3    2.   Within 28 days from the date of entry of this Order, the parties shall meet and confer

4    to determine the content of the notification form.  Within 14 days after that meeting,

5    the parties shall either stipulate to the content or file competing versions with the

6    court.

7    3.   Within 45 days from the date of entry of this Order, UMC shall (i) provide to Plaintiff

8    the name, last known mailing address, and last known e-mail address of every non-

9    exempt, hourly employee that has worked for UMC at any time during the three years

10   preceding the date of filing of the Complaint (Dkt. No. 1); and (ii) post the notification

11   form in a conspicuous location at UMC's place of business where other employment-

12   related notices are routinely posted.

13   4.   The statute of limitations for the FLSA claim is tolled from March 8, 2013 until UMC

14   provides the requisite contact information to Small's counsel.  If a plaintiff opts in

15   before the date of UMC's compliance, the tolling period for that plaintiff would run

16   from March 8, 2013 until the date of that plaintiff's filing of written consent to opt-in

17   with the court.  Tolling does not apply to the plaintiffs that opted in before March 8,

18   2013.

19   **IT IS SO ORDERED** this 14th day of June, 2013.

20

21

22                                ANDREW P. GORDON
                                 UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28

7