UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL SMALL, et al., : | |
| Plaintiffs, : | Case No. 2:13-cv-00298-APG-PAL |
| : | |
| vs. : | **ORDER** |
| : | |
| UNIVERSITY MEDICAL CENTER OF : | |
| SOUTHERN NEVADA : | |
| Defendant, : | |
| : | |

This Order memorializes the oral rulings made at the informal E-Discovery Special Master hearing held on March 10, 2014.

The court has been conducting at least monthly status, case management and dispute resolution conferences in this case since June 25, 2013. Counsel entered into a stipulated Electronically Stored Information Protocol on March 18, 2013 (Stipulation Dkt # 77), which the court approved in an Order (Dkt #79) entered March 20, 2013. Although the stipulation was drafted and proposed by former counsel for Defendant UMC, UMC has repeatedly claimed that it has not been able to comply with its terms, and that the terms of the protocol and order are too onerous. As a result, the parties have had multiple, prolonged ESI disputes. UMC has yet to produce responsive ESI discovery in accordance with the stipulated ESI protocol its counsel proposed. After multiple hearings and orders to correct the problems the court finally indicated at a hearing on January 21, 2014 that if UMC had not resolved its ESI collection and production problems by the following hearing the court would appoint a Special Master. See Minutes, (Dkt # 143).

At the February 11, 2014 status and dispute resolution conference the court found that UMC had yet to comply its ESI discovery obligations and indicated that a Special Master would be appointed. The court gave counsel two weeks to meet and confer in an effort to agree on a mutually acceptable candidate to serve as Special Master. The parties submitted two names and the court selected Daniel Garrie. See Order (Dkt # 149). The parties having had notice and an opportunity to be heard, the Court now APPOINTS as Special Master Daniel Garrie 6506 3rd Ave, Suite C, Seattle WA 98117.

This appointment is made pursuant to Fed. R. Civ. P. 53 and the inherent authority of the Court. As Rule 53 requires, the Court sets out below the duties and terms of the Special Master and reasons for appointment, and ORDERS the Special Master to "proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2).

The Special Master is hereby directed to proceed with all reasonable diligence to perform the duties set forth herein, as well as any additional duties which the Court in its discretion may provide by further order.

## SPECIAL MASTER'S DUTIES

1. The Special Master is directed to resolve the parties' multiple ESI discovery disputes discussed in the Joint Status Report (Dkt. #148).

2. The Special Master shall undertake an investigation that is limited to the custodians identified by the parties in prior proceedings. In performing this investigation, the Special Master will be allowed to engage and direct additional resources as he may reasonably deem necessary.

The investigation will generate a report that the Special Master will file with the Court. The report will address the scope of the collection and the processes used to perform the collection. It will also include a detailed chain-of-custody for all evidence items collected to date by Defendants. It will also provide the following information: (i) a detailed description of the computer hardware (e.g., laptop, tablets, desktops), systems, networks, applications, and software used, owned, or controlled by University Medical Center of Southern Nevada ("UMC") from July 1, 2010 to the January 1, 2013; (ii) an accounting of all electronic mail applications, personal and office applications, and messaging applications, and how they were used by the identified custodians; (iii) a list of computers or devices, computer networks, or other hardware that may have been used to generate, receive, or store any data relevant to the subject matter of this litigation; (iv) a detailed description of all backups performed on computer systems and the identity of any backups currently in existence, including their physical locations, their custodians, their dates of creation, contents, and media types. The report will also identify any

backup media and data that has been erased, copied over, destroyed, or otherwise altered since the commencement of this litigation.

3. The Special Master shall issue specific findings of fact concerning whether UMC withheld, deleted, destroyed or permitted to be destroyed, information, documents and electronically store information ("ESI") that it was legally obligated to maintain in connection with this lawsuit, and whether any such information, documents or ESI that formerly existed either in usable or reasonably retrievable form was withheld, deleted or overwritten by UMC.  Should the Special Master determine that UMC did not retain and safeguard responsive documents, information or ESI in usable or reasonably retrievable form, then the Special Master shall undertake a further investigation to determine whether such documents, information or ESI are responsive and can be recovered or reconstituted, and recover such responsive ESI.

4. The Special Master shall examine the adequacy of UMC's efforts to preserve and retain information, documents and ESI related to the claims at issue in this lawsuit, including but not limited to the adequacy of UMC's document retention policies and procedures, the existence of any directives to UMC employees to keep and maintain documents, including ESI, and/or not to destroy documents including ESI (i.e., litigation hold notices or orders), and any other affirmative preservation efforts made by UMC (collectively "UMC's retention practices"). The Special Master shall make specific findings concerning, among other things: a timeline detailing UMC's retention practices; a determination as to the adequacy of UMC's retention practices and the litigation hold notice or order; a finding as to whether the scope of UMC preservation efforts were reasonable and in good faith; and the extent to which UMC or its counsel audited document and data retention compliance, or otherwise took affirmative steps to ensure all relevant evidence was preserved.

5. The Special Master shall examine whether UMC's actions in defending this case contributed in any way to the alleged failure to maintain relevant evidence, including but not limited to an examination of Defendant's pre-litigation

communications about the scope of their claims, and the date that Defendant first became aware of potential document preservation issues.

6. The Special Master shall examine whether UMC's current preservation efforts are reasonable and comply with UMC on-going preservation obligations.

## REPORTS AND RECOMMENDATIONS

During the course of the Special Master investigation and review of the evidence and arguments of the parties, the Special Master shall prepare and file on the docket, a weekly status update. The Special Master also shall file a Report and Recommendation containing findings of fact and conclusions of law concerning the disposition of the multiple ESI discovery disputes discussed in the Joint Status Report (Dkt. #148).

The parties will be provided twenty (14) days from the filing of the Report and Recommendation in which to file objections to the Report. The Special Master's findings of fact and conclusions of law will be reviewed *de novo* by the Court.

## SPECIAL MASTER AUTHORITY

The Special Master shall have the authority to regulate the proceedings necessary to perform the assigned duties, and to take all appropriate measures to perform fairly and efficiently the assigned duties. The Special Master may hold hearings, issue subpoenas to third-parties found to possess relevant information and/or responsive ESI, and may impose any non-contempt sanction provided by Rule 37 or 45 against any party by written order, and may recommend to the Court contempt sanctions against a party and sanctions against a nonparty.

## SPECIAL MASTER COMMUNICATION WITH COURT AND PARTIES

At an informal hearing conducted in chambers with counsel for the parties, their representative and consultants On March 10, 2014 the court inquired whether counsel would prefer that all communications with the Special Master be in the presence of both sides and on the record, recorded by stenographic or other means.  Both sides agreed that it would be more efficient and cost effective to allow informal ex parte communications.  The parties having consented, the Special Master shall be empowered to communicate on an *ex parte* basis with a party or the Court as and to the extent the Special Master determines necessary to maintain the confidentiality of trade secret or proprietary information, if any, concerning the operations of

UMC systems. The Special Master may communicate with the Court *ex parte* on all matters as to which the Special Master has been empowered to act.

## TIME LIMITS

The Special Master shall prepare and file his Report and Recommendation with the Court within ninety (90) days of the date of this Order, unless he or a party can show to the Court reasonable cause for requiring additional time.

## COMPENSATION

Defendant shall have until **March 28, 2014** to deposit $25,000 with the Clerk of the Court who shall maintain a Master's trust account. The $25,000.00 shall be retained in the Master's trust account pending authorized disbursement necessitated by fees and expenses incurred by the Master appointed herein.

The Master shall submit statements to the Court, with copies to the parties, detailing the work done, the hours spent, routine costs incurred, and other expenses, including outside consultants as may be required. The Master shall also submit a proposed order directing disbursement by the Clerk of Court. The Defendant shall be responsible for fees, costs and expenses incurred by the Master within the scope of this appointment.

In the event that the sums in the Master's trust account should become inadequate to cover the anticipated fees and expenses of the Master, the Master may request the Court to order the deposit of additional sums by the parties. The Defendant shall have 14 days from the order, to deposit the additional sums into the Master's trust account.

The Court sets the rate of the Master's compensation at $385 per hour. The Master shall also be reimbursed for reasonable expenses including amounts incurred in employing other persons to provide clerical, secretarial and stenographic assistance. Upon final termination of the case, the Court shall enter an Order charging all costs and expenses of the Master.

                          **SO ORDERED:**

                          Peggy A. Leen
                          United States Magistrate Judge

Dated this 14th day of March, 2014.