**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL SMALL, et al.,,<br>    *Plaintiff*,<br>v.<br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA,<br>    *Defendants.* | NO.  2:13-cv-00298-APG-PAL<br><br>**SPECIAL MASTER DANIEL B. GARRIE E-DISCOVERY SUMMARY AND ORDER** |

**BACKGROUND AND PRIOR PROCEEDINGS**

The Special Master was appointed on March 3, 2014. (Dkt. No. 149.) On March 10, 2014, the parties, counsel for all parties, and ESI consultants for all parties, met with Special Master Daniel Garrie and United States Magistrate Judge Peggy Leen in chambers. (Dkt. No. 151.) On March 18, 2014, Special Master Garrie memorialized his directives to the parties in a written order. (Dkt. No. 154.)

The Special Master conducted multiple hearings on the following dates: April 4, 2014; April 7, 2014; April 10, 2014; April 15, 2014; April 27, 2014; May 1, 2014;  and May 6, 2014 with counsel, the parties' representatives, and consultants.  Those hearing concerned UMC's ESI collection and production issues, UMC's efforts to preserve discoverable materials pursuant to the Plaintiffs' litigation hold/preservation letters, UMC's search of the ESI collected, UMC's preservation efforts with mobile devices, and other issues regarding UMC collection of ESI in the DOL hearings as it relates to this litigation.

IT IS HEREBY FURTHER ORDERED THAT Plaintiffs and UMC will have done or do the following:

**Plaintiffs.**

1. Plaintiffs will provide any and all exhibits intended to be used at any future hearing at least 48-hours in advance to defendant and the Special Master.
2. Plaintiffs are to submit a letter to the Special Master identifying any and all negative

   issues relating to the UMC's production, with examples as appropriate, on or before June 4, 2014.

3. Plaintiffs will file with the Court, by May 25, 2014, the amended ESI Protocol.

**Defendants**.

1. UMC is to provide the Special Master with a letter as to dates and times the following repositories were collected, searched, and produced: network file shares, intranet, and any other systems that might contain relevant and/or responsive data.

2. UMC is to provide the Special Master with a spreadsheet (".xlsx") that identifies for the 26 custodians all computers, devices, and other storage repositories during the relevant time period. See 4/7/2014 Tr. 111:5-25 (discussing spreadsheet in some detail). The spreadsheet is to contain the following column values in the following order:

| Full Name | Device Type | Device Serial No. | Date Collected | Date range device used | OS of Device |
|---|---|---|---|---|---|
| David Yu | iPhone4s | 12345689000 | 01/22/2014 | 10/01/12 to 05/01/13 | Apple |

3. UMC is to provide the Special Master with a letter that lists the different UMC "mailing lists" used during the relevant time period by any of the 26 custodians to communicate information relating to this dispute. See 4/7/2014 Tr. 168:20-25 (Discussing UMC mailing lists). UMC is to also identify the full name of the people and their email addresses who were authorized to send to these "mailing lists" information relating to this dispute. See 4/7/2014 Tr. 169:1-7.

4. UMC is to inform the Special Master if any of the audio recordings of union grievance hearings are responsive to Plaintiff's discovery requests. See 4/7/2014 Tr. 206:8-11.

5. UMC is to provide to the Special Master the following on or before June 03, 2014, unless noted otherwise:

   - Declaration of former counsel as to preservation notice and collection on or before May 22, 2014. See 05/06/2014 Tr. 7: 15-25; 8:1-3; 9:2-4.

   - Declaration from prior vendor on collection process that was used, the author of that process, and interaction with prior counsel.

   - UMC is to produce bates stamp numbers for Excel spreadsheets containing data for

DOL referenced by Panzieri.  See 05/06/2014 Tr. 28: 12-15.

- A letter to the Special Master that defines acuity reports and GRASP database, and identifies if either of these two data repositories contain data responsive to these proceedings.
- An updated file share spreadsheet that details the network file share repositories that were not collected until April of 2014, and were identified as potential repositories with responsive information.

6. UMC is to provide to the Special Master a letter that details UMC's litigation hold protocol process for each type of litigation. UMC is to also clarify whether UMC has existing contracts with vendors or uses a vendor "master contract. See 05/06/2014 Tr. 249:17-20.

7. UMC is to provide to the Special Master, on or before May 30, 2014, an updated declaration that clarifies Mr. Doug Spring's testimony as to tracking "Clocking In and Out" through custodians' emails.

8. UMC is to provide a letter to the Special Master, on or before May 27, 2014, that establishes a timeline UMC can meet to complete the index of hard copy documents that Plaintiffs will inspect, and an estimate as to the number of documents and page count in the index.

9. UMC is to provide an Affidavit to the Special Master, on or before May 23, 2014, on Mr. Brannman's role in preservation procedures and efforts surrounding this case, including: (i) whether Brannman was given notice of July 27th, 2012 filing of the lawsuit; (ii) whether Brannman received and viewed the August 6th, 2012 preservation letter; (iii) whether Brannman received and viewed the November 6th, 2012 preservation letter; (iv) what is Brannman's best recollection of UMC preservation policies for lawsuits like the current case; (v) what was Brannman's role in preservation procedures and efforts surrounding this case; (vi) who was the person or persons who reported to Brannman directly or indirectly and were responsible for executing the preservation effort in this case; (vii) what to the best of Brannman's knowledge were the retention policies

followed in this case; and (viii) whether Brannman made any relevancy determinations regarding document collection and preservation in this dispute. See 05/06/2014 Tr. 44:25; 45:1-11; 46:13-17; 70:3-16 (clarifying substance of Brannman declaration to be provided to the Special Master).

10. UMC is to complete relevancy determinations on or before May 23, 2014, for the following repositories that were collected in April 2014: Network file shares, Web server, and Outlook public folders.

11. UMC is to provide an affidavit to the Special Master from Dean Schaibley that includes the following information: (i) who directed collection, timeline followed; what has been collected; (ii) error logs; (iii) date and details of the initial data that was transferred to UMC ESI vendor for analysis; (iv) details of how data was collected; (v) explanation of all the error logs posts that were provided to the Special Master; (vi) details as to the interaction with prior counsel around the verification of correct custodians; (vii) any and all reports, documents, and spreadsheets submitted or provided in the Special Master hearings (05/06/2014 Tr. 196:19-25); (viii) the history and details around the use of ActiveSync at UMC (05/06/2014 Tr. 155:22-25); (ix) clarifies what data is contained on the TS-1 Server; (x) states whether Leah Conedy's personal mobile device was ever configured to have access to UMC information (05/06/2014 Tr. 141:23-25); and (xi) states the number of tiff images in each network file path (05/06/2014 Tr. 282:15-25).

12. UMC ESI expert, Mr. Joseph Edmondson, is to provide an updated declaration to the Special Master, on or before May 23, 2014, that (i) contains an annotated version of the e-discovery process; (ii) further clarifies the actual data received and analyzed on or before March 10, 2014 (04/15/2014 Tr. 30:2-10); (iii) provides a complete list of preservation/litigation hold notices transmitted internally via email (05/06/2014 Tr. 62:8-13); and (iv) provides an exhaustive list of all the e-discovery issues in a clear and detailed written form. See 05/06/2014 Tr. 287:23-25.

13. UMC is to provide a letter to the Special Master, on or before June 2, 2014, that (i)

identifies the individual at UMC who is responsible for setting and managing UMC record retention policies during the time period in question and currently; (ii) identifies the prior mail filter application to McAfee implementation at UMC in June of 2012 and the individual that was responsible for the administration of this system; (iii) clarifies how the UMC assistant controller (Vanke) was involved in the excel conversion action relating to the SAP/Kronos payroll system data; (iv) identifies the third-party who is responsible for managing anonymous complaints from employees and whether this system contains responsive information relating to the substance of these proceedings; (v) identifies the name, title, and contact details of the individual(s) in UMC IT department who implement the record/data retention schedules for emails, Blackberry communications, and SAP/Kronos systems; (vi) clarifies UMC's past claims it spent $100,000 on ESI vendors (05/06/2014 Tr. 113:21-23); (vii) verifies that the folder "nursing administration" is collected from the network file shares (04/10/2014 Tr. 14:16-22); and (viii) details the organization charts for the UMC Information Technology Department. Human Resources, Risk, Finance, and Payroll (including applicable personal assistants) for the time period in question.

14. UMC is to provide a declaration or affidavit to the Special Master, on or before May 30, 2014, from the original e-discovery provider that addresses the following: (i) how they failed to properly collect the ESI that UMC initially collected; (ii) why they were unable to collect in a forensically sound manner the ESI gathered by UMC either in April and August.

15. UMC Counsel is to provide a two page letter to Special Master Garrie, on or before June 03, 2014, that explains how UMC's Security individual, UMC's Counsel, UMC's current forensic expert, and UMC's former forensic expert did not realize the ESI collection being searched was not the entire ESI repository collected by UMC. In addition, UMC ESI expert is to provide an affidavit to the Special Master, on or before June 06, 2014, which identifies each and every file valid and deleted that was collected by UMC and not

      included in UMC's first, second, or third ESI production.

16. To the extent another due date is not specifically provided for in the tasks set forth above, the due date for that task shall be June 10, 2014.

## HEARING DATES

The following dates for hearings are as follows: May 20, June 3, and June 16. All hearings will be held at the Las Vegas court house or telephonically with a court reporter present. The Special Master will coordinate with the court to confirm space is available. The Special Master Orders the parties to be prepared and their ESI and UMC IT experts to be available in-person.

**SO ORDERED:**

*/s/ Daniel Garrie*

Daniel Garrie, Esq.
Electronic Discovery Special Master

DATED this 18th day of May, 2014.