**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL SMALL, et al.,<br><br>                    *Plaintiff*,<br>v.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA,<br><br>                    *Defendants.* | NO. 2:13-cv-00298-APG-PAL<br><br>**SPECIAL MASTER DANIEL B. GARRIE E-DISCOVERY SUMMARY AND ORDER** |

### BACKGROUND AND PRIOR PROCEEDINGS

The Special Master was appointed on March 3, 2014. (Dkt. No. 149.) On March 10, 2014, the parties, counsel for all parties, and ESI consultants for all parties, met with Special Master Daniel Garrie and United States Magistrate Judge Peggy Leen in chambers. (Dkt. No. 151.) On March 18, 2014, Special Master Garrie memorialized his directives to the parties in a written order. (Dkt. No. 154.)

The Special Master conducted multiple hearings on the following dates: April 4, 2014; April 7, 2014; April 10, 2014; April 15, 2014; April 27, 2014; May 1, 2014; May 6, 2014; May 20, 2014; June 3, 2014; and June 16, 2014 with counsel, the parties' representatives, and consultants. Those hearings concerned UMC's ESI collection and production issues; UMC's efforts to preserve discoverable materials pursuant to the Plaintiff's litigation hold/preservation letters; UMC's search of ESI collected, UMC's preservation efforts with mobile devices; and other issues regarding UMC collection of ESI in the DOL hearings as it relates to this litigation.

IT IS HEREBY ORDERED THAT Plaintiffs and UMC will have done or do the following:

### PLAINTIFFS

1. By June 26, 2014, Plaintiffs are to provide any additional questions they would like Mr. Williams to address in his declaration.

2. Plaintiffs are to provide a list of the OCR search terms by June 18, 2014. If any of the 30 search terms generate more than 15,000 unique documents, not hits, Plaintiffs must do one of the following actions:

   - Suggest five additional search terms to refine the results of that specific search term;
   - Propose a new search term, with the caveat that they are allowed to elect this option for a total of five of the 30 search terms.

### DEFENDANTS

1. By July 3, 2014, UMC is to submit a letter about the UMC system GRASP that covers the following: what the system performs at UMC; how the system is used at UMC; why the system was not identified earlier in the proceedings; what sort of time keeping functions GRASP is able to perform. In addition, UMC is to provide the Plaintiffs any training materials used for GRASP and the manuals.

2. By June 27, 2014, Counsel for UMC is to verify whether any of the 613 opt-in plaintiffs used the Clarity system for any project and submit a letter to the Special Master with the results. If any of the opt-in plaintiffs are found to have used Clarity, then UMC is to produce the relevant and responsive data on or before July 1, 2014. Counsel for UMC is also to make UMC employee Mr. Williams available to Plaintiffs as reasonably necessary to provide additional information relating to the configuration of the Clarity system.

3. By June 30, 2014, UMC Counsel is to submit a letter to the Special Master that explains why Clarity was not identified in any of the earlier hearings before the Special Master or Magistrate Judge Leen.

4. By July 1, 2014, UMC is to submit to the Special Master and the Plaintiffs a document that identifies any individuals that received reports, emails, or communications with data captured by Clarity, the number of times these individuals received such data, and the title and contact details of these individuals.

5. By July 1, 2014, UMC is to have searched all of the projects stored in Clarity to determine if any additional time keeping systems were deployed at UMC using the terms

"time" and "keeping" and the names of these three systems and submit a letter with the results to the Special Master.

6. By July 1, 2014, Counsel for UMC is to submit a declaration from Mr. Williams, the individual identified by UMC at the June 16, 2014 hearing as System Administrator of Clarity, that covers the following: (i) describe in technical terms how UMC employees use Clarity to track their time and include screen shots; (ii) state if there is a data entry point to input meal breaks in Clarity; (iii) state whether data inputted by the employees was preserved, deleted, or purged; (iv) clarify the timeline around how and when UMC used Clarity; (v) establish who at UMC decided to take Clarity off-line and when did UMC take Clarity offline.

7. By June 30, 2014, Counsel for UMC is to submit a letter to the Special Master that states the efforts taken by Mr. Ghosal, a UMC employee, to identify applications on the Intranet that might contain responsive data and the results of this effort.

8. By July 1, 2014 UMC is to submit a document that describes the results of its efforts to search all evidence items in their possession, custody and control for the approximately 8,000-plus deleted and modified items that were identified in the "December-April Deleted Q-drive analysis". The documents should include the file name, file path, and any other fields that can be easily generated by the tools being used by UMC ESI Liaison.

9. As to the three additional time keeping systems identified by UMC at the hearing on June 16, 2014, UMC is to provide a letter on or before July 1, 2014 that explains why UMC failed to identify these systems prior the hearing on June 16, 2014.

10. By July 1, 2014, UMC is to have searched CrimeStar Records Management System, Version Transport Tracking, and Bedtracking Component for any of the opt-in plaintiffs and set-forth in detail the manner in which UMC performed the search of these timekeeping systems. For any opt-in plaintiffs identified, UMC is to do the following on or before July 1, 2014:

- o   Provide Plaintiffs the name and the manual for the systems;
- o   Provide a detailed description of how UMC used the time keeping system; the individuals that managed the system; and the UMC system administrator;
- o   Provide a relevant timeline for the systems in existence at UMC;
- o   Provide a detailed report of the data the time keeping system captured for the relevant custodians. If UMC is unable to provide this data, then UMC is to produce the entire system to the Plaintiffs and make the UMC IT owners available to Plaintiffs as necessary.

In addition, UMC is to submit a declaration from Ms. Panzeri that explains why she did not previously mention the three additional timekeeping systems in the hearings or custodial interview, and identify if she is aware of any other UMC executives who knew of these timekeeping systems.

## BOTH PARTIES

Parties are to provide findings of fact and conclusions of law by July 11, 2014. The page limit is 100 pages.  See 06/16/2014 Tr. 217:20-25; 218:1-10; 219:12.

## ADDITIONAL HEARING DATES

The parties have agreed to the following two one-hour telephonic hearings with a court reporter present on the following dates: June 26, 2014 at 4 p.m.; June 27, 2014 at 10 a.m.

## SO ORDERED:

Daniel Garrie, Esq.
Electronic Discovery Special Master

DATED this 24th day of June, 2014