**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL SMALL, et al.,<br>        *Plaintiff,*<br>v.<br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA,<br>        *Defendants.* | NO.  2:13-cv-00298-APG-PAL<br>**SPECIAL MASTER DANIEL B. GARRIE E-DISCOVERY SUMMARY AND ORDER** |

## BACKGROUND AND PRIOR PROCEEDINGS

The Special Master was appointed on March 3, 2014. (Dkt. No. 149.) On March 10, 2014, the parties, counsel for all parties, and gESI consultants for all parties, met with Special Master Daniel Garrie and United States Magistrate Judge Peggy Leen in chambers. (Dkt. No. 151.) On March 18, 2014, Special Master Garrie memorialized his directives to the parties in a written order. (Dkt. No. 154.)

The Special Master conducted multiple hearings on the following dates: April 4, 2014; April 7, 2014; April 10, 2014; April 15, 2014; April 27, 2014; May 1, 2014; May 6, 2014; May 20, 2014; June 3, 2014; June 16, 2014; and June 26, 2014 with counsel, the parties' representatives, and consultants. Those hearings concerned UMC's ESI collection and production issues; UMC's efforts to preserve discoverable materials pursuant to the Plaintiff's litigation hold/preservation letters; UMC's search of ESI collected, UMC's preservation efforts with mobile devices; and other issues regarding UMC collection of ESI in the DOL hearings as it relates to this litigation.

IT IS HEREBY ORDERED THAT UMC will have done or do the following:

## DEFENDANTS

1. By July 15, 2014, UMC is to have completely reviewed and produced the all non-TIF or PDF documents from the entire Q-drive. On July 7, 2014, UMC is to inform the Special

Master of the volume of Q-drive that remains to be reviewed and the July 15, 2014 deadline may be amended accordingly.

2. By July 7, 2014, UMC is to provide the Special Master with a timeline that sets out the production schedule for the Q-drive data. All search, review, and production of this data is to follow the existing protocol defined in these proceedings and the ESI Protocol followed for the initial seven custodians of the Q-Drive.

3. By July 7, 2014, Counsel for UMC is to have reviewed and delivered to Plaintiff's counsel the PDFs from the Q-drive.

4. By July 3, 2014, UMC is to present at the hearing at 16:00 P.M. how they will search, review, and produce to Plaintiffs data, relating to opt-in plaintiffs, stored in the three timekeeping systems. UMC is also to state how they are preserving the data stored in these timekeeping systems.

5. Counsel for UMC is to provide to the Special Master declarations from Mr. Williams, Mr. Rindel, Mr. Gurrola, Mr. Spring, Mr. Espinoza and Ms. Panzeri responding to the questions submitted by Plaintiffs. *See* attached email in Appendix A. The declarations are to be submitted to the Special Master by July 7, 2014 at 17:00 P.M. PST for all individuals except Ms. Panzeri whose declaration is to be submitted by July 8, 2014 at 17:00 P.M. PST.

## ADDITIONAL HEARING DATES

There will be an additional hearing on July 3, 2014 at 16:00 P.M. regarding the process for producing TIFFs and JPEGs.

### SO ORDERED:

Daniel Garrie, Esq.
Electronic Discovery Special Master

DATED this 3rd day of July, 2014.

# Exhibit A

**From:** Daniel Garrie [mailto:daniel@lawandforensics.com]
**Sent:** Monday, June 30, 2014 2:23 PM
**To:** 'Witty, Cayla'; 'Jon Tostrud'
**Cc:** 'Freeman, Robert'; 'Anthony Carter'; 'David O'Mara, Esq.'; 'Foley, Margaret'; 'Marc L. Godino, Esq.'; 'Bruce Pixley'; 'Doug Forrest'; 'Kara Wolke'; mmann@lawandforensics.com
**Subject:** RE: UMC -- Proposed Questions Relating to Recently Disclosed Timekeeping Systems

Counsel,

I have considered Plaintiffs' proposed list of questions, and Defendant UMC's objections to same. My relief is as follows: UMC did not disclose any of these three time keeping systems during these proceedings, despite having been asked on multiple times and given multiple opportunities. Based on this, and the desire to conclude these proceedings in a timely manner, I order UMC to (1) select from the following options below and (2) inform the Special Master which option they will select on or before 12 p.m. PST on July 1, 2014:

1. UMC can submit/amend declarations for Mr. Williams, Mr. Rendall, Ms. Panzeri, and Mr. Gurrola. The declarations are to answer the items listed below and any questions set-forth in my earlier Order. The declarations are to be submitted on or before July 7, 2014 at 5 p.m. PST, with Ms. Panzeri on or before July 8, 2014 at 5 p.m. PST.
2. UMC is to make Mr. Williams, Mr. Rendall, and Mr. Gurrola available for hearings on July 7, 2014.

Questions to be answered by Mr. Williams, Mr. Rendall, and Mr. Gurrola pursuant to Option 1. The time period to be used in responding is from the start of the opt-in period to present.


**Mr. Williams and Clarity**
- Mr. Williams is to amend his declaration to include the following:
    - All communications and documents referenced in Mr. Williams declaration, including: the July, 2013 email referenced at Para. 2 of your declaration; email from M. Oliveri stating they would no longer be using the Clarity system; email from management regarding the shutdown of the Clarity system; email from UMC Human Resources informing Mr. Williams about this lawsuit.
    - All communications exchanged with UMC management about shutting down the Clarity system. If such communications are privileged, UMC is to create a privilege log and submit these communications *in camera* to the Special Master.
    - Complete list of opt-ins who utilized the Clarity system as referenced at Para 14 of Mr. Williams declaration.
    - Additional clarification as to his use of the word "instruction" and any communications or documents sent or received regarding this instruction. (*See* Para. 3)
    - Clarification if the four other Windows system administrators administered the Clarity system during the time period in question. (*See* Par. 5) For any of the individual Mr. Williams identifies as being administrators of Clarity during that time period, Mr. Williams is to provide to the best of his knowledge the individuals full name, title, manager, and any other relevant details.
    - Detailed timeline that describes to the best of Mr. Williams knowledge how the Clarity system was used, as it relates to timekeeping, since July 2008. For **illustrative** purposes **only** the following is offered:

| | |
|---|---|
| October 20xx | Electronic Health Records project was rolled out in 200x with timekeeping functionality enabled and Mr. Oliveri was granted administrative access to this Clarity project. See Exhibit D |
| April 20xx | Transmitted communication with timekeeping records to Last Name in HR department. |

- o Describe any instructions or reminders Mr. Williams received or transmitted to UMC staff relative to Clarity (e.g., Clarity training manual, Clarity quick tips, Clarity email requesting user input time into Clarity) since July 2008 and attach these communications or documents and specify if any of these materials were provided to the opt-in plaintiffs.
- o All reports referenced in Para. 9 of Mr. Williams declaration and provide sufficient detail on how the reports were generated so that they can be replicated.
- o Clarify with more detail, including technical specifications, as to Mr. Williams statement "problems running reports". (*See* Para. 9)
- o State what technical steps Mr. Williams took to verify "no data was ever completely removed or deleted from the Clarity system". (*See* Para. 11 of Mr. Williams declaration).
- o Description of the technical interplay, if any, between Clarity, Kronos and SAP.
- o Answers to the following questions: Did UMC HR department receive timekeeping data from Clarity?; If so, how was the data transmitted?; Did UMC management team receive timekeeping data from Clarity? If yes, who? When was this provided? How was it provided? What type of data were they provided?; Did Mr. Williams inform UMC IT or HR team about Clarity and the timekeeping functionality? If so, who did Mr. Williams inform? When did Mr. Williams inform them?

**Mr. Williams – Generally**
- Mr. Williams is to amend his declaration to provide a description and timeline, if appropriate, that sets forth Mr. Williams effort in "the preservation efforts [that] were later expanded to workstations and other data repositories by mid-April, 2014." (*See* Para. 3). Mr. Williams is to also provide additional details as to his role, with appropriate technical details, in UMC SMS messages preservation and the Blackberry server and Mr. Williams is to attach any communications that he had with UMC management around this effort. (*See* Para. 3)

**Mr. Williams -- Crimestar Timekeeping System**
- Mr. Williams is to amend his declaration to include the following:
  - o Complete description of Mr. Williams technical understanding of the Crimestar Records Management System, including: date of installation, purpose of the system, employee access, retention/deletion settings and protocols, timekeeping functions; and a description of the interplay, if any, between Crimestar, Kronos and SAP.
  - o Identify the technology, human resource, and business owners of the Crimestar Timekeeping system.
  - o Verify that no data was deleted from Crimestar during the time period.
  - o Data retention policies for Crimestar.
  - o Any communication with Ruben Gurrola, or any other UMC employee, relating to Crimestar as it relates to the *Small v. UMC* meal break litigation.

**Mr. Rendall – TeleTracking**
- Identify the IT and business owner of the TeleTracking system.

- Provide a comprehensive and thorough description of your understanding of the TeleTracking system, including date of installation, purpose of the system, employee access, retention/deletion settings and protocols, timekeeping functions and a description of the interplay, if any, between TeleTracking, Kronos and SAP
- Describe any communication you have with Human Resources, including John Espinoza and Doug Spring, as well as the Payroll Department, including Jackie Panzeri, or any other UMC employee relating to employee timekeeping, meal breaks and/or the *Small v. UMC* matter.
- Verify that no data was deleted from TeleTracking during the time period.
- Data retention policies for the TeleTracking system.

**Mr. Gurrola – Crimestar**
- Provide a comprehensive and thorough description of your understanding of the Crimestar Records Management System, including date of installation, purpose of the system, employee access, retention/deletion settings and protocols, timekeeping functions and a description of the interplay, if any, between Crimestar, Kronos and SAP.
- Describe any communication with David Williams, or any other UMC employee, relating to Crimestar and/or the *Small v. UMC* meal break litigation.
- Describe any communication you have with Human Resources, including John Espinoza and Doug Spring, as well as the Payroll Department, including Jackie Panzeri, relating to employee timekeeping, meal breaks and/or the *Small v. UMC* matter.

**Ms. Panzeri – Crimestar, Clarity, and TeleTracking Systems**
- Describe all communications with David Williams, John Rendall, Ruben Gurrola, John Espinoza, Doug Spring and/or Ernie McKinley, or any other UMC employee, regarding Clarity, TeleTracking, and Crimestar as it relates to the *Small v. UMC* meal break litigation.


Daniel Garrie