**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL SMALL, et al., <br>                      *Plaintiff*, <br> v. <br> UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, <br>                     *Defendants.* | NO.  2:13-cv-00298-APG-PAL <br><br> **SPECIAL MASTER DANIEL B. GARRIE E-DISCOVERY SUMMARY AND ORDER** |

**BACKGROUND AND PRIOR PROCEEDINGS**

The Special Master was appointed on March 3, 2014. (Dkt. No. 149.) On March 10, 2014, the parties, counsel for all parties, and ESI consultants for all parties, met with Special Master Daniel Garrie and United States Magistrate Judge Peggy Leen in chambers. (Dkt. No. 151.) On March 18, 2014, Special Master Garrie memorialized his directives to the parties in a written order. (Dkt. No. 154.)

The Special Master conducted multiple hearings on the following dates: April 4, 2014; April 7, 2014; April 10, 2014; April 15, 2014; April 27, 2014; May 1, 2014; May 6, 2014; May 20, 2014; June 3, 2014; June 16, 2014; June 26, 2014; and July 3, 2014 with counsel, the parties' representatives, and consultants. Those hearings concerned UMC's ESI collection and production issues; UMC's efforts to preserve discoverable materials pursuant to the Plaintiff's litigation hold/preservation letters; UMC's search of ESI collected, UMC's preservation efforts with mobile devices; and other issues regarding UMC collection of ESI in the DOL hearings as it relates to this litigation.

IT IS HEREBY ORDERED THAT Plaintiffs and UMC will have done or do the following:

**PLAINTIFFS**

1. By July 9, 2014 at 09:00 A.M., Counsel for Plaintiffs is to circulate to all parties a spreadsheet identifying the folders to include in the Q-drive search.

2. By July 11, 2014, Counsel for Plaintiffs is to circulate to all parties any issues they may have with the declarations provided by UMC verifying the retention schedules for the identified time tracking systems and the Special Master may schedule an additional hearing accordingly.

3. By July 10, 2014 at 17:00 P.M., Counsel for Plaintiffs is to review and determine the sufficiency of UMC's reports for CrimeStar, TeleTracking and Clarity and inform the Special Master and UMC accordingly.

## DEFENDANTS

1. By July 16, 2014, UMC is to have completely produced all the TIF images for the seven high priority custodians.

2. By July 10, 2014 at 17:00 P.M., Counsel for UMC is to circulate a letter or email stating any objections to the Q-drive files identified by Plaintiffs to be searched as well as the timeline for producing the files. The protocol for searching the agreed-to Q-drive files is as follows: (i) UMC ESI Liaison is to provide the files to the selected third party vendor (Scarab) using Law to OCR all TIF and other image files for search and review; (ii) UMC ESI Liaison is to run the agreed-to list of 30 search terms against the ODR'd files within EnCase as soon as he receives the files from the vendor; (iii) UMC will review the responsive files immediately following UMC ESI Liaison's search; (iv) all non-privileged files responsive to the search terms will be produced to Plaintiffs pursuant to the Second Amended ESI protocol Order.

3. By July 10, 2014, Counsel for UMC is to provide declarations from the appropriate UMC individuals that verify the following information concerning CrimeStar, TeleTracking, Sodexo, Grasp, and Clarity: (i) retention schedules for each system; (ii) whether any data has been deleted or purged; (iii) how the verification was done; (iv) whether data migration occurred; (v) whether the data migration was brought in-house; (vi) whether any system updates resulted in data loss; (vii) whether data loss occurred as a result of the system being shut down at any point; (viii) details on how each system was searched.

4. If no opt-in plaintiffs are identified for any of the time tracking systems, the individual who performed the search is to submit a declaration stating how the search was performed on or before July 10, 2014.

5. By July 8, 2014 at 17:00 P.M., Counsel for UMC is to provide templates for every variation of every possible report that can be run on CrimeStar, TeleTracking and Clarity. Counsel for UMC is to indicate precisely how far back the data for each of these systems go. Counsel for UMC is also to contact a Grasp expert to determine what kind of report can be run on that system. If it is not possible for UMC to provide sample reports for all of the systems by July 8, 2014, Counsel for UMC is to state this in a letter and indicate when such data can be made available.

6. By July 8, 2014, Counsel for UMC is to supplement their June 30, 2014 letter concerning the intranet form search with the following information: (i) whether it is possible for someone to delete the policy of the Siemens database; (ii) if a copy is stored when someone deletes something from the Siemens database; (iii) when the database went into effect; (iv) what the preservation policies are for the database; (v) how and when the database was collected.

7. By July 9, 2014 at 11:00 A.M., UMC ESI Liaison is to supplement the existing Q-drive deleted file analysis such that it identifies any duplicate files that existed in the December backup of the Q-drive and did not exist in the April Q-drive.

**BOTH PARTIES**

Counsel for Plaintiffs and Counsel for UMC are to raise with Judge Leen the issue concerning the admissibility of the Special Master hearings beyond the scope of the ESI Special Master proceedings.

**SO ORDERED:**

Daniel Garrie, Esq.
Electronic Discovery Special Master

DATED this 8th day of July, 2014.