## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL SMALL, et al.,<br><br>                    *Plaintiff,*<br><br>v.<br><br>UNIVERSITY MEDICAL CENTER OF<br>SOUTHERN NEVADA,<br><br>                 *Defendants.* | NO.  2:13-cv-00298-APG-PAL<br><br>**SPECIAL MASTER DANIEL B.<br>GARRIE E-DISCOVERY SUMMARY<br>AND ORDER** |

## BACKGROUND AND PRIOR PROCEEDINGS

The Special Master was appointed on March 3, 2014. (Dkt. No. 149.) On March 10, 2014, the parties, counsel for all parties, and ESI consultants for all parties, met with Special Master Daniel Garrie and United States Magistrate Judge Peggy Leen in chambers. (Dkt. No. 151.) On March 18, 2014, Special Master Garrie memorialized his directives to the parties in a written order. (Dkt. No. 154.)

The Special Master conducted multiple hearings on the following dates: April 4, 2014; April 7, 2014; April 10, 2014; April 15, 2014; April 27, 2014; May 1, 2014; May 6, 2014; May 20, 2014; June 3, 2014; June 16, 2014; June 26, 2014; July 3, 2014; July 19, 2014; and July 25, 2014 with counsel, the parties' representatives, and consultants.

At the July 3, 2014 hearing, Special Master Garrie ordered that by July 10, 2014, UMC provide declarations from the appropriate individuals verifying a number of technical details related to timekeeping systems (Clarity, CrimeStar, TeleTracking, and GRASP). See Ex. A (7/11/2014 Order), at ¶3. On July 9, 2014, the day before these declarations were due, the one person at UMC who possesses this information, Mr. Mendoza, left for a three-week vacation. UMC failed to inform Counsel that Mr. Mendoza was the sole individual with expertise around the timekeeping systems vital to concluding these proceedings. See Ex. B (7/10/2014 Witty email "RE: UMC -- Tomorrow's call re: newly disclosed timekeeping systems").

Mr. Mendoza's absence delayed UMC's ability to produce critical information regarding the preservation, operation, and collection of the data stored in these timekeeping systems. As

Mr. Mendoza returns on July 31, 2014, Special Master Garrie has delayed the submissions of Supplemental Briefings to August 6, 2014 and the filing of the Special Master's report to the week of August 11, 2014.

IT IS HEREBY ORDERED THAT Plaintiffs and Defendant will have done or do the following:

**DEFENDANT**

1. On or before August 1, 2014, UMC is to provide the litigation hold letters it issued for the Clarity, GRASP, TeleTracking and CrimeStar systems. UMC is also to provide a declaration from the appropriate individual clarifying the structure and retention of the Siemen's database, including how it was verified and specifically what steps were taken to verify that it retains past versions of all policies and other responsive data. Mr. Edmondson is to provide a supplemental declaration that describes how the process he used to search the Siemen's database discovers records that contain responsive search terms. In addition, Mr. Schaibley is to provide his amended declaration addressing the issues identified by Special Master Garrie during the July 25, 2014 hearing. See 7/25/2014 Tr. 125:19-137:20. Mr. Mendoza is to provide a declaration that answers the following questions for each of the previously undisclosed timekeeping systems, Clarity, CrimeStar, TeleTracking, and GRASP:

   - What is the retention schedule for each of the timekeeping systems?
   - How far back does the data go for each of these timekeeping systems?
   - Can users delete data from any of the timekeeping systems? And, if so, which systems? Who is able to delete data from the systems? Once deleted, is the data gone permanently?
   - Did Sodexo, its employees, or anyone else from UMC, or another third-party, delete data at any time from any of the timekeeping systems? Has data within them been moved, altered, lost, purged or destroyed in any way? If the answer is yes, include a description of what occurred and when.

- Did UMC at any point during the time period at issue migrate or upgrade the timekeeping systems? If yes, please include a statement that details when UMC performed the migration and what data they migrated and how it was migrated.

- How does the data entered by the users in each of the systems differ from data captured in Kronos? Please provide a statement for each system where the data differs that identifies the additional data that is captured in the timekeeping system that is not captured in Kronos.

- Is information on the duration of meal breaks available in the CrimeStar system? If this data is not available, what relevant data is captured by the system?

- For all the timekeeping systems, how long is the data kept that is entered by the users? Include the data retention policies for each of these systems. UMC is to also verify that the systems comply with the data retention policies and affirm this to Special Master Garrie.

- What does "[number] timesheets used and printed" mean within the Verification Report attached to Counsel Witty's 7/9/2014 email, "Small v. UMC: declaration of David Williams"? See Ex. C (7/9/2014 Witty email "Small v. UMC: declaration of David Williams").

- What do the terms "Present" and "result" mean as those terms are used in Clarity user entries that were provided as sample data values by UMC? Include a statement that clarifies all the reports that Clarity can generate and UMC abilities to generate these reports.

- UMC is to provide a glossary to explain the field and column heading values for each type of report it submits for each of the timekeeping systems.

2. On or before August 4, 2014, UMC is to provide samples of all reports that can include lunch break data and materials showing what lunch break data is available through

CrimeStar's RMS Report Creator Feature or through queries.[1] UMC is likewise to provide examples of all reports that can include lunch break data and the documentation for the TeleTracking Reports Module.[2]

3. On or before August 4, 2014, UMC is to have completed TIF production from the Q-drive.

4. On or before August 5, 2014, UMC is to produce responsive ESI from the third-party neutral complaint system operated by Global Compliance. UMC is to submit a statement affirming that all of the data has been preserved for the time period at issue.

5. On or before August 6, 2014, UMC is to provide further clarification as to the technical details of the three-cycle backup procedure for the timekeeping systems,[3] specifically:

   • Whether data is stored for more than 28 days? And, if so, under what circumstances?

   UMC is also to state the last backup they have of each of the timekeeping systems.

6. UMC is to provide custodian of records declarations within 72 hours of each document production going forward.

## BOTH PARTIES

1. The due date for both parties' Supplemental Briefings is extended to August 6, 2014. The Special Master will file his Report and Recommendation during the week of August 11, 2014.

---

[1] Counsel Witty, also in her 7/9/2014 email, states that the sample report "was being provided as an example of the data available within CrimeStar." The Crimestar *Computer Aided Dispatch System Operations Manual* ("CAD Manual") states "Remember all Closed CAD event records are transferred into the RMS CFS where they can be searched or reported in a variety of ways." CAD Manual, p. 84. The Crimestar *System Administration and User Manual* ("SAU Manual") states that the "large number of reports available makes it impossible to describe each report in detail in this manual." SAU Manual, p. 7-2. It also states that if "your normal query needs extend beyond the capabilities of Crimestar's Standard Query Features the following additional tools are suggested: • Use Crimestar's RMS Report Creator Feature (which is part of the Crimestar package).... Query results can be displayed or saved in many formats including reports, text, mail-merge files, spreadsheets, databases, and tabular on-screen views." SAU Manual, p. 6-26.

[2] As was the case with CrimeStar, Counsel Witty's cover email dated 7/8/2014, with the subject "Small v. UMC: Sample Report showing break times from TeleTracking System", states that an attached report is "is being provided only as an example of the data available within the Teletracking system." See Ex. D (7/8/2014 Witty email).

[3] Counsel Witty's 7/29/2014 email "RE: Small v. UMC Updates" provided some additional information, but left some questions unanswered. See Ex. E (Witty's 7/29/2014 email "RE: Small v. UMC Updates).

## ADDITIONAL HEARINGS

A one-hour hearing is tentatively scheduled for August 4, 2014 at 14:00 PST to discuss any technical issues that may arise or require further clarification from the supplemental declarations of Mr. Mendoza, Mr. Schaibley, and Mr. Edmondson.

### SO ORDERED:

Daniel Garrie, Esq.
Electronic Discovery Special Master

DATED this 30th day of July, 2014.

# Exhibit A

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DANIEL SMALL, et al.,

             *Plaintiff,*

v.

UNIVERSITY MEDICAL CENTER OF
SOUTHERN NEVADA,

             *Defendants.*

NO.  2:13-cv-00298-APG-PAL

**SPECIAL MASTER DANIEL B.
GARRIE E-DISCOVERY SUMMARY
AND ORDER**

## BACKGROUND AND PRIOR PROCEEDINGS

The Special Master was appointed on March 3, 2014. (Dkt. No. 149.) On March 10, 2014, the parties, counsel for all parties, and ESI consultants for all parties, met with Special Master Daniel Garrie and United States Magistrate Judge Peggy Leen in chambers. (Dkt. No. 151.) On March 18, 2014, Special Master Garrie memorialized his directives to the parties in a written order. (Dkt. No. 154.)

The Special Master conducted multiple hearings on the following dates: April 4, 2014; April 7, 2014; April 10, 2014; April 15, 2014; April 27, 2014; May 1, 2014; May 6, 2014; May 20, 2014; June 3, 2014; June 16, 2014; June 26, 2014; and July 3, 2014 with counsel, the parties' representatives, and consultants. Those hearings concerned UMC's ESI collection and production issues; UMC's efforts to preserve discoverable materials pursuant to the Plaintiff's litigation hold/preservation letters; UMC's search of ESI collected, UMC's preservation efforts with mobile devices; and other issues regarding UMC collection of ESI in the DOL hearings as it relates to this litigation.

IT IS HEREBY ORDERED THAT Plaintiffs and UMC will have done or do the following:

### PLAINTIFFS

1.  By July 9, 2014 at 09:00 A.M., Counsel for Plaintiffs is to circulate to all parties a spreadsheet identifying the folders to include in the Q-drive search.

2. By July 11, 2014, Counsel for Plaintiffs is to circulate to all parties any issues they may have with the declarations provided by UMC verifying the retention schedules for the identified time tracking systems and the Special Master may schedule an additional hearing accordingly.

3. By July 10, 2014 at 17:00 P.M., Counsel for Plaintiffs is to review and determine the sufficiency of UMC's reports for CrimeStar, TeleTracking and Clarity and inform the Special Master and UMC accordingly.

### DEFENDANTS

1. By July 16, 2014, UMC is to have completely produced all the TIF images for the seven high priority custodians.

2. By July 10, 2014 at 17:00 P.M., Counsel for UMC is to circulate a letter or email stating any objections to the Q-drive files identified by Plaintiffs to be searched as well as the timeline for producing the files. The protocol for searching the agreed-to Q-drive files is as follows: (i) UMC ESI Liaison is to provide the files to the selected third party vendor (Scarab) using Law to OCR all TIF and other image files for search and review; (ii) UMC ESI Liaison is to run the agreed-to list of 30 search terms against the ODR'd files within EnCase as soon as he receives the files from the vendor; (iii) UMC will review the responsive files immediately following UMC ESI Liaison's search; (iv) all non-privileged files responsive to the search terms will be produced to Plaintiffs pursuant to the Second Amended ESI protocol Order.

3. By July 10, 2014, Counsel for UMC is to provide declarations from the appropriate UMC individuals that verify the following information concerning CrimeStar, TeleTracking, Sodexo, Grasp, and Clarity: (i) retention schedules for each system; (ii) whether any data has been deleted or purged; (iii) how the verification was done; (iv) whether data migration occurred; (v) whether the data migration was brought in-house; (vi) whether any system updates resulted in data loss; (vii) whether data loss occurred as a result of the system being shut down at any point; (viii) details on how each system was searched.

4. If no opt-in plaintiffs are identified for any of the time tracking systems, the individual who performed the search is to submit a declaration stating how the search was performed on or before July 10, 2014.

5. By July 8, 2014 at 17:00 P.M., Counsel for UMC is to provide templates for every variation of every possible report that can be run on CrimeStar, TeleTracking and Clarity. Counsel for UMC is to indicate precisely how far back the data for each of these systems go. Counsel for UMC is also to contact a Grasp expert to determine what kind of report can be run on that system. If it is not possible for UMC to provide sample reports for all of the systems by July 8, 2014, Counsel for UMC is to state this in a letter and indicate when such data can be made available.

6. By July 8, 2014, Counsel for UMC is to supplement their June 30, 2014 letter concerning the intranet form search with the following information: (i) whether it is possible for someone to delete the policy of the Siemens database; (ii) if a copy is stored when someone deletes something from the Siemens database; (iii) when the database went into effect; (iv) what the preservation policies are for the database; (v) how and when the database was collected.

7. By July 9, 2014 at 11:00 A.M., UMC ESI Liaison is to supplement the existing Q-drive deleted file analysis such that it identifies any duplicate files that existed in the December backup of the Q-drive and did not exist in the April Q-drive.

## BOTH PARTIES

Counsel for Plaintiffs and Counsel for UMC are to raise with Judge Leen the issue concerning the admissibility of the Special Master hearings beyond the scope of the ESI Special Master proceedings.

**SO ORDERED:**

Daniel Garrie, Esq.
Electronic Discovery Special Master

DATED this 8th day of July, 2014.

# Exhibit B

**Michael Mann**

| | |
|---|---|
| **From:** | Witty, Cayla <Cayla.Witty@lewisbrisbois.com> |
| **Sent:** | Thursday, July 10, 2014 12:57 PM |
| **To:** | 'Jon Tostrud'; Focused Solution; Freeman, Robert; Anthony Carter; David O'Mara, Esq.; Foley, Margaret; Marc L. Godino, Esq.; Bruce Pixley (bruce@pixleyforensics.com); Doug Forrest; Kara Wolke; mmann@lawandforensics.com; Thayer, Lisa; Freeman, Kristen |
| **Subject:** | RE: UMC -- Tomorrow's call re: newly disclosed timekeeping systems |

Special Master Garrie,

As we discussed during yesterday's phone conference between counsel and the Special Master, UMC was going to prepare declarations of the technical staff with expertise to generate the reports. However, counsel found out yesterday evening that the individual with whom the reports were prepared (Mr. Carmelito Mendoza) just left the country on a three week vacation. WE are working to identify if there is another individual that can assist, but we ask that we postpone the phone call until Monday to allow UMC to gather any information that might assist and to confirm with the technical staff at UMC.

Thank you for your patience.

Cayla*



**Cayla Witty**
**Attorney**
Cayla.Witty@lewisbrisbois.com
**6385 South Rainbow Blvd., Suite 600**
**Las Vegas, NV 89118**

**T: 702.693.4387  F: 702.893.3789**



**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Jon Tostrud [mailto:jtostrud@tostrudlaw.com]
**Sent:** Thursday, July 10, 2014 9:54 AM
**To:** Witty, Cayla; Focused Solution; Freeman, Robert; Anthony Carter; David O'Mara, Esq.; Foley, Margaret; Marc L. Godino, Esq.; Bruce Pixley (bruce@pixleyforensics.com); Doug Forrest; Kara Wolke
**Cc:** Jon Tostrud
**Subject:** UMC -- Tomorrow's call re: newly disclosed timekeeping systems

Have we established a time for tomorrow's call regarding TeleTracking, Crimestar, Clarity and GRASP?

Counsel Witty -- if there are written materials that UMC's technical experts rely on to operate, understand or evaluate any of the timekeeping systems, please forward those today so that Plaintiffs have time to prepare for tomorrow's call.

Regards,
Jon

--
Jon A. Tostrud, Esq.
TOSTRUD LAW GROUP, P.C.
1925 Century Park East
Suite 2125
Los Angeles, CA 90067

Ph: 310-278-2600
Fax: 310-278-2640
jtostrud@tostrudlaw.com

Notice: This communication may contain material that is confidential, privileged and/or attorney work product or exempt from disclosure under applicable law. It is for the sole use of the intended recipient.  If you have received this in error, or are not the named recipient, please immediately notify the sender and delete this from your computer and all copies thereof.  Also, this message does not create an attorney-client relationship; does not constitute legal advice and should not be relied upon for any purpose without named recipient's hard copy signed verification by sender. We do not accept service of process via e-mail. Nothing herein is or is intended to be an electronic signature under any law.

# Exhibit C

**Michael Mann**

| | |
|---|---|
| **From:** | Witty, Cayla <Cayla.Witty@lewisbrisbois.com> |
| **Sent:** | Wednesday, July 09, 2014 12:11 PM |
| **To:** | 'Jon Tostrud' |
| **Cc:** | daniel@lawandforensics.com; mmann@lawandforensics.com; Marc L. Godino, Esq.(mgodino@glancylaw.com); Anthony Carter(acarter@tostrudlaw.com); Kara Wolke(kwolke@glancylaw.com); Rayo Antonio(RAntonio@glancylaw.com); david@omaralaw.net; Bruce Pixley (bruce@pixleyforensics.com) (bruce@pixleyforensics.com); Doug Forrest(dforrest@ilsteam.com); Freeman, Robert; Foley, Margaret; Thayer, Lisa; Freeman, Kristen |
| **Subject:** | Small v. UMC: declaration of Dave Williams |
| **Attachments:** | Declaration of David Williams V2.pdf; Exh. C. Verification Report.xlsx |

Counsel Tostrud:

Thank you for your patience. We are still waiting on a couple of final signatures. Please find attached the revised declaration of David Williams. I am also attaching a related exhibit in native format. My assistant will be shortly forwarding the remaining exhibits.

Yours,
Cayla*

---

**From:** Jon Tostrud [mailto:jtostrud@tostrudlaw.com]
**Sent:** Wednesday, July 09, 2014 6:52 AM
**To:** Witty, Cayla
**Cc:** daniel@lawandforensics.com; mmann@lawandforensics.com; Marc L. Godino, Esq.(mgodino@glancylaw.com); Anthony Carter(acarter@tostrudlaw.com); Kara Wolke(kwolke@glancylaw.com); Rayo Antonio(RAntonio@glancylaw.com); david@omaralaw.net; Bruce Pixley (bruce@pixleyforensics.com)(bruce@pixleyforensics.com); Doug Forrest(dforrest@ilsteam.com); Freeman, Robert; Foley, Margaret; Thayer, Lisa; Freeman, Kristen; Jon Tostrud
**Subject:** Re: Small v. UMC: declaration of Jackie Panzeri

Counsel Witty:

Did you forward the Rendall, Gurrola and Williams declarations?

Sincerely,
Jon

Sent from my iPhone

On Jul 8, 2014, at 5:47 PM, "Witty, Cayla" <Cayla.Witty@lewisbrisbois.com> wrote:

> Please see the Declaration of Jackie Panzeri in accordance with the Special Master's July 3, 2014 Order, Dkt. No. 176. The Declarations of John Rendall, Ruben Gurrola, and Dave Williams will follow shortly.
>
> Yours,
>
> Cayla*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS

**Cayla Witty**
**Attorney**
Cayla.Witty@lewisbrisbois.com

**6385 South Rainbow Blvd., Suite 600**
**Las Vegas, NV 89118**

**T: 702.693.4387  F: 702.893.3789**

LewisBrisbois.com 

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

<Decl JP 7 8 14.pdf>

# Exhibit D

## Michael Mann

| | |
|---|---|
| **From:** | Witty, Cayla <Cayla.Witty@lewisbrisbois.com> |
| **Sent:** | Tuesday, July 08, 2014 7:44 PM |
| **To:** | daniel@lawandforensics.com; mmann@lawandforensics.com; 'Jon Tostrud' (jtostrud@tostrudlaw.com); Marc L. Godino, Esq. (mgodino@glancylaw.com); Anthony Carter (acarter@tostrudlaw.com); Kara Wolke (kwolke@glancylaw.com); Rayo Antonio (RAntonio@glancylaw.com); david@omaralaw.net; Bruce Pixley (bruce@pixleyforensics.com) (bruce@pixleyforensics.com); Doug Forrest (dforrest@ilsteam.com) |
| **Cc:** | Freeman, Robert; Foley, Margaret; Freeman, Kristen; Thayer, Lisa |
| **Subject:** | Small v. UMC: Sample Report showing break times from TeleTracking System |
| **Attachments:** | Teletracking.pdf |

All:

Please find attached an employee audit run in TeleTracking. Please treat this document as confidential, as the report does not relate to an opt-in plaintiff and is being provided only as an example of the data available within the Teletracking system.

This is a single day audit report for a single employee. This would be the report that would show each employee's break times. The **event date column** specifies the date and time the activity was activated. The **status** will be 'Break/ Lunch' for all breaks and lunches.  The **event type** will specify whether it's a break (along with type of break) or if it's an actual meal time break (lunch).  Duration will specify the amount of time the activity took place.

Please let me know if you have any further questions.

Cayla*



**Cayla Witty**
Attorney
Cayla.Witty@lewisbrisbois.com

**6385 South Rainbow Blvd., Suite 600**
**Las Vegas, NV 89118**

**T: 702.693.4387  F: 702.893.3789**

  

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

# Exhibit E

## Michael Mann

| | |
|---|---|
| **From:** | Witty, Cayla <Cayla.Witty@lewisbrisbois.com> |
| **Sent:** | Tuesday, July 29, 2014 12:50 PM |
| **To:** | daniel@lawandforensics.com; mmann@lawandforensics.com; 'Sid Rao, Special Counsel' (sidrao@lawandforensics.com); 'Jon Tostrud' (jtostrud@tostrudlaw.com); Marc L. Godino, Esq. (mgodino@glancylaw.com); Anthony Carter (acarter@tostrudlaw.com); Kara Wolke (kwolke@glancylaw.com); Rayo Antonio (RAntonio@glancylaw.com); Bruce Pixley (bruce@pixleyforensics.com) (bruce@pixleyforensics.com); Doug Forrest (dforrest@ilsteam.com) |
| **Cc:** | Freeman, Robert; Foley, Margaret; Freeman, Kristen; Thayer, Lisa |
| **Subject:** | RE: Small v. UMC: Updates |

Special Master Garrie,

Mr. Lattin has provided this more-full description of the three-cycle back-up system for the identified database servers: Once a day the backups for the 3 servers are kicked off automatically (normally around 7pm depending on how busy CommVault is), CommVault reaches out to the server and begins a scan of the filesystem for any changes. Once the scan is complete CommVault compares the list generated to the previous one and begins transferring all the changed files to the backup servers . . . an incremental backup. Incremental backups are captured Sunday through Thursday, on Friday we also capture an incremental backup but an additional scan is run to get a current system state. The Friday backup, previous weeks backups and scan are then used to build a synthetic full backup. This method of creating a full backup takes a large load off the server.
Once the backups are captured by CommVault they are managed by storage policies, . . . the 3 database backup servers were set to the 30_DC02 policy. That policy basically defined that the data would be kept for a minimum of 28 days or 3 cycles, once those 2 criteria are met the data is overwritten. For clarification CommVault defines a cycle as a full backup to a full backup.

Please let UMC know if you have further technical questions.

Thank you.
Cayla*

---

**From:** Witty, Cayla
**Sent:** Monday, July 28, 2014 1:47 PM
**To:** daniel@lawandforensics.com; mmann@lawandforensics.com; 'Sid Rao, Special Counsel' (sidrao@lawandforensics.com); 'Jon Tostrud' (jtostrud@tostrudlaw.com); Marc L. Godino, Esq. (mgodino@glancylaw.com); Anthony Carter (acarter@tostrudlaw.com); Kara Wolke (kwolke@glancylaw.com); Rayo Antonio (RAntonio@glancylaw.com); Bruce Pixley (bruce@pixleyforensics.com) (bruce@pixleyforensics.com); Doug Forrest (dforrest@ilsteam.com)
**Cc:** Freeman, Robert; Foley, Margaret; Freeman, Kristen; Thayer, Lisa
**Subject:** Small v. UMC: Updates

All:

1) Please find attached the Q Drive Comparison Report, in full compliance with the agreed-to protocol. Mr. Edmondson clarified directly with Mr. Pixley what EnCase ID was requested for the Analysis Report on tab 3, has added this information, and supplemented the description on the key tab. Mr. Edmondson sent the report directly to Mr. Pixley and I apologize for the delay in getting it to the entire group. No further issues were identified that deviated from the protocol.

2) Litigation holds were instituted for Clarity and GRASP systems on June 5, 2014. Litigation holds were instituted for Teletracking (Bed and Service sub-systems) and CrimeStar on June 14, 2014.

3) Mr. Lattin clarified that the Clarity, Teletracking, and Crimestar databases are on a standard three-cycle back-up policy, which means that the back-ups are kept for a minimum of 28 days.

4) Mr. Mendoza is actually returning to work on July 31. Counsel will be meeting with him immediately, and his declaration will be provided by EOD August 1, 2014.

5) Counsel for UMC was only able to speak with Global Compliance for a short period of time this morning. Counsel for UMC would request that we discuss the specific information sought from Global Compliance at the impending hearing. And we anticipate that UMC will be able to provide the Global Compliance information within two weeks.

Hopefully, this shortens the hearing a small amount.

Thank you.
Cayla

**Cayla Witty**
**Attorney**
Cayla.Witty@lewisbrisbois.com

**6385 South Rainbow Blvd., Suite 600**
**Las Vegas, NV 89118**

**T: 702.693.4387  F: 702.893.3789**



**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.