# EXHIBIT G

Special Master's Hearing  -  April 22, 2014
*** Volume III***

Page 1

```
 1                UNITED STATES DISTRICT COURT

 2                     DISTRICT OF NEVADA

 3

 4

 5   DANIEL SMALL, CAROLYN SMALL,   )
     WILLIAM CURTIN, DAVID COHEN,   )
 6   LANETTE LAWRENCE, and LOUISE   )
     COLLARD, Individually, and on  )
 7   Behalf of All Other Persons    )
     Similarly Situated,            )  Case No.
 8                                  )
              Plaintiff,            )  2:13-cv-0298-APG-PAL
 9                                  )
     vs.                            )
10                                  )
     UNIVERSITY MEDICAL CENTER OF   )
11   SOUTHERN NEVADA,               )
                                    )
12            Defendant.            )
     _____)
13

14     REPORTER'S TRANSCRIPT OF SPECIAL MASTER'S HEARING

15                        VOLUME III

16    BEFORE SPECIAL MASTER PRESIDING, DANIEL GARRIE, ESQ.

17            Taken on Tuesday, April 22, 2014

18                     At 11:01 a.m.

19         At 333 South Las Vegas Boulevard

20                    Courtroom 7C

21                  Las Vegas, Nevada

22

23

24

25   REPORTED BY:  Janet C. Trimmer, CRR, CCR No. 864
```

CERTIFIED COPY

Special Master's Hearing  -  April 22, 2014
\*\*\* Volume III\*\*\*

Page 2

```
 1    APPEARANCES:

 2
      For the Plaintiffs:
 3
              JON A. TOSTRUD, ESQ.
 4            Tostrud Law Group
              1925 Century Park East, Suite 2125
 5            Los Angeles, California 90067
              (310) 278-2600
 6            jtostrud@tostrudlaw.com

 7            MARC L. GODINO, ESQ.
              LIONEL GLANCY, ESQ.
 8            KARA WOLKE, ESQ.
              Glancy Binkow & Goldberg, LLP
 9            1925 Century Park East
              Suite 2100
10            Los Angeles, California 90067
              (310) 201-9105
11            mgodino@glancylaw.com

12
      For the Defendant University Medical Center of
13    Southern Nevada:

14            CAYLA J. WITTY, ESQ.
              MARGARET G. FOLEY, ESQ.
15            Lewis Brisbois Bisgaard & Smith, LLP
              6385 South Rainbow Boulevard
16            Suite 600
              Las Vegas, Nevada 89118
17            (702) 893-3383
              cayla.witty@lewisbrisbois.com
18

19    Also Present:

20            DOUGLAS FORREST, ESQ.
              BRUCE PIXLEY
21            DEAN SCHAIBLEY
              LARRY BARNARD
22            ERNIE McKINLEY
              JOHN ESPINOZA
23

24

25
```

```
 1    gave it to your admin, who then took it to the PBX
 2    people, who wiped the phone, who gave it back to you,
 3    and you didn't figure out, according to what you just
 4    testified, that the phone had been wiped?
 5         A.   Correct.
 6         Q.   All right.  As far as you knew, it was the
 7    exact same phone?
 8         A.   Correct.
 9         Q.   Okay.  Did you instruct your administrative
10    assistant that the phone was to be preserved?
11         A.   No.
12         Q.   Did the lawyers tell you that you were under
13    an obligation to preserve your mobile device?
14         A.   I believe we had that conversation at some
15    point.  I don't recall --
16         Q.   That's a yes-or-no question.  I don't need a
17    "can't recall."  It's either yes or no or don't say
18    anything.  And you can talk to your lawyers and then
19    give me an answer, but I don't want any more "I can't
20    remember."
21         A.   I'm sorry.
22              MS. FOLEY:  Is it fair for him to answer "I
23    think so" because --
24    BY THE SPECIAL MASTER:
25         Q.   You can say "I think so," and then you can
```

Special Master's Hearing  -  April 22, 2014
*** Volume III***

Page 83

```
 1    talk with your lawyers and give me an answer.
 2       A.   I think so.
 3       Q.   Please discuss with counsel so I can get a
 4    yes-or-no answer.
 5       A.   Now?
 6       Q.   Now.
 7               (There was a conference between the
 8            witness and counsel.)
 9            THE WITNESS:  Apparently they -- we had the
10    communication November of 2013 to ensure that nothing
11    got wiped from that phone.
12    BY THE SPECIAL MASTER:
13       Q.   Apparently you received a communication in
14    November of 2013 from lawyers saying do not wipe
15    anything; correct?
16       A.   I don't -- I do not recall a --
17            THE SPECIAL MASTER:  Do you have the e-mail?
18            MS. WITTY:  We do.  I believe that's on your
19    desk.
20            THE SPECIAL MASTER:  I need it.
21       Q.   I'm going to make this very simple for you.
22    You are going to submit to me an affidavit.  You are
23    going to review every litigation hold notice you
24    received from your lawyers for as long as you have
25    been at UMC as it relates to this litigation, and you
```

```
 1   are going to answer the very explicit questions I'm
 2   giving you in excruciating detail.
 3          But I don't need to see "I do not know,"
 4   because I know ones and zeros do not lie.  I know that
 5   you either got an e-mail or you did not, either you
 6   read the e-mail or you did not, either you understood
 7   what the e-mail said in English or you did not, either
 8   you told somebody to preserve it or you did not.
 9          Are we crystal-clear here?
10     A.   Yes, sir.
11     Q.   Okay.  I'm ordering you to go through every
12   single litigation hold notice that you have received
13   from counsel or prior counsel.  And then I want you to
14   think really hard about your mobile devices, because
15   ones and zeros do not lie.  I don't need you to
16   testify to technical information.
17          What I do need you to testify to is the truth
18   and as to what you remember.  If you don't remember
19   receiving an e-mail or telling people that you
20   shouldn't destroy your mobile device, that's fine.  If
21   you need to go back and look and refresh your
22   recollection and provide that, but in your affidavit I
23   want the answer.
24     A.   Yes, sir.
25     Q.   Okay?
```

```
 1   regarding preservation.  This is not regarding
 2   anything but the merits.
 3          MR. TOSTRUD:  So the interviews have not been
 4   produced to Plaintiffs.  It's clear --
 5          MS. WITTY:  They are DOL documents.  They are
 6   not UMC.
 7          MR. TOSTRUD:  If I can just get my --
 8          THE SPECIAL MASTER:  Wait a second.  I need
 9   to get --
10          Who -- does UMC have a copy of the
11   interviews?
12          THE WITNESS:  No.
13          THE SPECIAL MASTER:  But did you create the
14   interviews?
15          THE WITNESS:  No.
16   BY MR. TOSTRUD:
17      Q.  How was UMC aware of the interviews?
18      A.  Because Ms. Ybelka -- or Ms. Hernandez
19   indicated that she was interviewing during that period
20   of time.  She didn't tell us who she talked to.  She
21   didn't tell us anything with regard to her interviews.
22      Q.  Are you aware of how she came into possession
23   of your employees' names and contact information?
24      A.  She asked earlier for a list of names from
25   that department.
```

```
 1      Q.  Where can I find that list?
 2          THE SPECIAL MASTER:  I assume that's been
 3   produced?
 4          THE WITNESS:  I thought it had been.  But if
 5   not, it could be produced.
 6          THE SPECIAL MASTER:  Was it withheld, Counsel
 7   for UMC, in any --
 8          MS. WITTY:  It has not been produced at this
 9   time.
10          THE SPECIAL MASTER:  Would these be employees
11   that she spoke to -- now, I -- again, the merits, I'm
12   not so interested; but would these employees have
13   relevant -- be potential relevant sources of
14   information?  No, you wouldn't know.
15          Counsel for -- Ms. Witty?
16          MS. WITTY:  From UMC's standpoint, they would
17   not be repositories for UMC knowledge, no.
18          THE SPECIAL MASTER:  So you --
19          MR. TOSTRUD:  With respect to our case, I
20   just want to clarify that question, because we --
21          MS. WITTY:  It would not be binding
22   information.  What information they might have through
23   e-mail or other functions, we can discuss, but their
24   testimony would not be UMC's testimony.
25          THE SPECIAL MASTER:  You don't have a -- let
```

Special Master's Hearing - April 22, 2014
*** Volume III***

Page 227

```
 1              MS. WOLKE:  Okay.
 2              THE SPECIAL MASTER:  Well, I'm assuming that
 3   you are not going to want everything off the index.
 4   So you are going to sample from the index first.
 5              MR. TOSTRUD:  I see.
 6              MS. WOLKE:  Okay.
 7              THE SPECIAL MASTER:  Incorrect terminology.
 8   I apologize.
 9              They are going to send you a very specific
10   list of documents from the index, in their entirety
11   are to be put into a separate room, for then Counsel
12   for Plaintiffs to go in at their leisure, in a room
13   that is not a sweatshop, that has air conditioning,
14   that doesn't need windows, is accessible from at least
15   9:00 to 5:00 and is made -- and if security or
16   whatever is required, they make it accessible and
17   available.
18              They will go to the office.  They will --
19   whatever you guys do with your documents, identify,
20   "This is something we want," this group.
21              You will then -- Counsel for UMC will then
22   take the entire whatever it exists as, following the
23   ESI protocol, produce them all.
24              Do you want them in paper form or would you
25   like them electronically?
```

```
 1
 2
 3
 4            I, the undersigned, an RPR, CRR, and
 5   Certified Shorthand Reporter of the States of Nevada
 6   and California, do hereby certify:
 7            That the foregoing proceedings were taken
 8   before me at the time and place herein set forth; that
 9   a record of the proceedings was made by me using
10   machine shorthand which was thereafter transcribed
11   under my direction; that the foregoing transcript is a
12   true record of the proceedings held.
13            I further certify I am neither financially
14   interested in the action nor a relative or employee
15   of any attorney or party to this action.
16            IN WITNESS WHEREOF, I have this date
17   subscribed my name.
18   Dated: April 29, 2014
19
20
21                                  _____
22                                  JANET C. TRIMMER
                                    CCR No. 864
23
24
25
```