# EXHIBIT H

**U.S. Department of Labor**     Wage and Hour Division
Western Regional Office
90 7th Street, Rm. 13-100
San Francisco, CA 94103



April 10, 2014

Jon A. Tostrud
Tostrud Law Group, PC
1925 Century Park East, Suite 2125
Los Angeles, Ca. 90067

Re:   Freedom of Information Act Request #739430, University Medical Center

Dear Mr. Tostrud,

This letter is in response to your request for information (tracking number 739430, dated January 16, 2014, made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Specifically, you asked for:

- All records and documents relating to any investigation of University Medical Center of Southern Nevada ("UMC") to determine whether UMC was in compliance with federal and Nevada state wage and hour requirements relating to employee meal periods.
- All records and documents relating to complaints and/or claims made by employees of UMC regarding compensation for employees' missed meal periods.
- All documents, letters, and correspondence between the Department of Labor ("DOL") and UMC, including but not limited to, the following subjects:
    - DOL investigation decisions
    - UMC back wages payments to UMC employees for missed meal periods
    - Audit Status
    - UMC's response to any and all back wage settlement agreement terms
    - UMC employee complaints regarding missed meal periods
- All records and documents relating to directives or letters to or from UMC regarding UMC's compliance with federal and Nevada state wage and hour requirements relating to employee meal periods.
- All records and documents relating to communication and/or negotiations regarding settlement of claims related to UMC employee meal periods.

Per our conversation on Tuesday April 8th and Wednesday, April 9th, you agreed to amend your scope and accept: Compliance Action Report, Case Narrative, and Interview statements for employees who have opted into the class action suit whom which you represent.

1

Today, you have been provided a redacted copy of the Compliance Action Report, Case Narrative and Employee Interview statements. Please note that we have withheld or redacted certain information where appropriate.

- Pursuant to Exemption 7(E), 5 U.S.C. § 552(b)(7), certain law enforcement techniques and procedures for law enforcement investigations or prosecutions are protected. In addition to redactions contained in the case file, we have withheld 26 pages containing law enforcement techniques and procedures.

- Pursuant to Exemption 7(C), 5 U.S.C § 552(b)(7)(C), for privacy reasons, we withheld personal contact information and certain identifying information, including names, social security numbers, birth dates, addresses, etc.

- Pursuant to Exemption 4, 5 U.S.C. § 552(b)(4), all non-public employer records were withheld and any composite financial information about the employer has been redacted.

Due to the delay in responding to your request, you have not been assessed with a processing fee pursuant to the Department of Labor's FOIA regulations located at 29 C.F.R. §70.38 *et seq.*,.

As provided in 5 U.S.C. § 552 (a)(6)(A)(i) and 29 C.F.R. § 70.22, you have the right to file an appeal with the Office of the Solicitor, Department of Labor, within 90 days of your receipt of this letter. The appeal must state, in writing, the grounds for the appeal, including any supporting statement or arguments. To expedite the processing of the appeal, clearly indicate "FOIA Appeal" on the appeal and the envelope. This information should be mailed to the Office of the Solicitor, U.S. Department of Labor, Room N-2428, 200 Constitution Avenue, N.W., Washington, D.C. 20210; or, if you wish, you may submit your appeal by e-mail to foiaappeal@dol.gov.

Sincerely,

*[signature]*

for Adriana V. Iglesias
Deputy Director of Operations, Western Region
Wage and Hour Division

2

# WHISARD Compliance Action Report

## U.S. Department of Labor
### Wage and Hour Division

| | | | |
|---|---|---|---|
| Case ID: | 1631191 | Originating District: | Las Vegas District Office |
| Local Filing Number: | 2011-280-00513 | Investigating District: | Las Vegas District Office |
| WHMIS Case Number: | | Lead Investigator: | Ex. 7 (c) |
| Registration Date: | 09/19/2011 | | |
| Assignment Date: | 01/17/2012 | | |

## Employer Information

| | | | |
|---|---|---|---|
| Trade Name: | University Medical Center | Legal Name: | University Medical Center of Southern |
| Address: | 1800 W. Charleston Blvd | EIN: | 88-6000028 |
| | | County: | Clark |
| | | NAICS Code: | 622110 |
| | Las Vegas, NV 89102 | No. Of Employees: | 3827 |

## Investigation Information

| | | | | |
|---|---|---|---|---|
| Period Investigated From: | 04/01/2010 | | BNPI: | |
| To: | 03/30/2012 | | Reinvestigation: | ☐ |
| Investigation Type: | Ex. 7 (e) | | Recurring Violation: | ☐ |
| Investigation Tool: | Full Investigation | | Future Compliance Agreed: | ☑ |
| Compliance Status: | Agree to Comply | | Involved in AG: | ☐ |

## Recommended Action:

| | | | | |
|---|---|---|---|---|
| BWFS: | ☐ | | RO/NO Review: | ☐ |
| CMP: | ☐ | | Follow Up Investigation: | ☐ |
| Litigation: | ☐ | | Other Action: | ☐ |
| Civil Action: | ☐ | | Denial of Future Certificate: | ☐ |
| Criminal Action: | ☐ | | BW Payment Deadline: | |
| Submit For Opinion: | ☐ | | Trailer forms attached: | ☐ |

### CL

| Violation / Compliance Status | Violations | EEs ATP | BWs Computed | BWs Agreed | LDs Computed | LDs Agreed | CMPs* |
|---|---|---|---|---|---|---|---|
| No Violation found for this act / Compliance (no violations found) | | | | | $0.00 | $0.00 | |

| | |
|---|---|
| Date: 01/28/2014 3:51:52 PM | Case ID: 1631191    Page 1 |

SMALL000003

## WHISARD Compliance Action Report

### FLSA

| Violation / Compliance Status | Violations | EEs ATP | BWs Computed | BWs Agreed | LDs Computed | LDs Agreed | CMPs* |
|---|---|---|---|---|---|---|---|
| Failure to keep accurate records / Agree to Comply | 1 | 0 | $0.00 | $0.00 | $0.00 | $0.00 | |
| FLSA Totals: | 0 | 0 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Total Violations Under FLSA: | 1 | | | | | | $0.00 |

\* CMPs computed do not necessarily indicate CMPs assessed.

| | | | |
|---|---|---|---|
| Unduplicated Employees Found: | 0 | Unduplicated Employees Agreed: | 0 |
| Total Amount BWs Computed: | $0.00 | Total Amount BWs Agreed: | $0.00 |
| Total Amount LDs Computed: | $0.00 | Total Amount LDs Agreed: | $0.00 |

### Conclusions & Recommendations:

80.5 hrs. Coverage under 3(s)(1)(B)

Ex 7 (e)

calculated. Class Action Law Suit includes ALL employees of ER. R/K violation and OT violation. ER ATC/RTP. Pubs: HRG, FS 44, 516,541,778,785, CL 101

Ex. 7 (c)

WHI Signature: _____ Date: 12/20/2013

Reviewed By: _____ Date: 01/28/14

Case I.D # 1631191
University Medical Center of Southern Nevada
1800 W. Charleston Blvd
Las Vegas, NV 89102
TAX I.D. # 88-600028
Phone: 702-383-2000

## COVERAGE:

This establishment is engaged in providing medical and surgical treatment and nursing care for sick or injured people. The legal name of the establishment is University Medical Center of Southern Nevada. They began operations in 1931. The hospital is a public health care facility for Clark County in Nevada. It is organized and operated by its board of county hospital trustees. The board consists of seven members and they are elected from geographic districts on a partisan basis for staggered four-year terms. Commissioners elect a chairperson who serves as the Commission's presiding officer. The seven board members are Larry Brown, Lawrence Weekly, Susan Brager, Chris Giunchigliani, Mary Beth Scow, Steve Sisolak and Tom Collins. University Medical Center consists of 20 different locations that include 10 quick care facilities, the main hospital and UMC Children's Hospital and Trauma Center. (See Exhibits C-1 – C- 12-c)

**Section 3(d) Employer:** During the investigation it was determined that John Espinoza is an employer that meets the definition of Section 3(d). He is involved in the daily operations of the business. Mr. Espinoza has hired and fired employees, incorporated policy and procedures for the company, administers pay and payroll and otherwise acted in the direct interest of the entity in relation to the employees.

The subject firm's annual dollar volume exceeds $500,000 for the past three years, per John Espinoza. (See Exhibits C-14-a – C-14-t)

Ex 4
2009: [redacted]
2010: [redacted]
2011: [redacted]

2012 current year-to-date annual dollar volume also exceeded $500,000 (as of April, 2012), per John Espinoza.

Coverage is asserted under section 3(s)(1)(B) as a named entity engaged in the operation of a hospital and is engaged in interstate commerce and therefore, all employees are covered in all weeks. The establishment has approximately 3,827 employees enterprise wide.

**Period of Investigation:** From 04/01/2010 to 03/30/2012

Ex. 7 (e) [redacted]

Case I.D # 1631191
University Medical Center of Southern Nevada
1800 W. Charleston Blvd
Las Vegas, NV 89102
TAX I.D. # 88-600028
Phone: 702-383-2000

## EXEMPTIONS:

No exemptions claimed.

## STATUS OF COMPLIANCE:



**Prior History:** There is no history for this company.

**MODO:** Local MODO. No specific instructions and no prior FLSA investigations.

**Section 6:** Minimum Wage. No violations

**Section 7:** Overtime. No violations

Note: According to interviews a violation was established regarding section 7. It was determined that employees were not taking their lunch breaks and were automatically being deducted 30 minutes for lunch per shift. This caused OT violations leading employees to have worked over 40 hours in workweeks without being compensated for it. Since a class actions law suit had been filed, no back wages were computed.

**Section 11:** Record Keeping. The employer violated the record keeping section by not keeping accurate records of hours worked for all employees due to the fact that employees were not taking lunch breaks but it was automatically deducted in the pay records.

Case I.D # 1631191
University Medical Center of Southern Nevada
1800 W. Charleston Blvd
Las Vegas, NV 89102
TAX I.D. # 88-600028
Phone: 702-383-2000

**Section 12:** Child Labor. No violations found.

### DISPOSITION:

A final conference was held on 08/17/12 at the employer's establishment and present were the chief human resources officer, John Espinoza, the director of human resources operations, Doug Spring, several admitting staff managers and this WHI. All aspects of the FLSA were explained with emphasis on hours worked, overtime, and record keeping.

**Regarding the Section 7 Overtime Violations and Hours Worked:** Overtime was discussed and it was explained that employees were automatically deducted 30 minutes for lunch and that the admitting staff were not taking their lunches. It was further explained that for lunches to be unpaid, the employee had to be completely free of work duties and not be interrupted. It was then explained that T1/2 the regular rate had to be paid for hours worked over 40 in a work week. Mr. Espinoza stated that he understood that he needed to pay overtime to his employees and that he would pay T1/2 for hours worked over 40 in a work week. He also stated that he would look into incorporating changes in the IVR system so that employees have to call in to clock out for lunch and call back in to clock back in when they return from lunch.

**Regarding the Section 11 Record Keeping Violations:** This WHI explained that proper records of hours worked needed to be maintained for all employees. It was explained that accurate time records were not maintained for the admitting staff because it reflected that they were working half an hour less on shifts because of the automatically deducted lunches. Mr. Espinoza stated that he understood the record keeping regulations and that he would incorporate a clock out and clock in system for the lunch breaks for all employees

Mr. Espinoza and Mr. Spring were provided with additional publications. CMPs were addressed with Mr. Espinoza and Mr. Spring and they were advised that CMPs may be assessed for repeated, willful, or child labor violations. They stated that they understood.

Case I.D # 1631191
University Medical Center of Southern Nevada
1800 W. Charleston Blvd
Las Vegas, NV 89102
TAX I.D. # 88-600028
Phone: 702-383-2000

Mr. Espinoza and Mr. Spring stated that they fully understood the laws and regulations regarding hours worked, overtime, and record keeping. Mr. Espinoza advised that he would comply with the laws from now on by keeping records of employees taking their lunch breaks by incorporating a clock out and clock in system for lunch breaks, by paying overtime at T1/2 of the regular rate for all hours worked over 40 in a workweek to hourly employees and by making sure to keep accurate records of hours worked and time sheets for employees.

The employer agreed to future compliance and agreed to calculate the back wages due. After the final conference multiple attempts were made to reach Mr. Espinoza regarding the completion of back wages. Mr. Espinoza provided a small sample of back wages on 01/15/2013. This WHI reviewed the sample and advised of items that needed to be added to the back wage sample calculations and that he should proceed with calculating the back wages.

After the conversation on 01/15/2013, this WHI attempted to contact Mr. Espinoza multiple times again regarding the status of the back wage calculations. On 03/26/2013, this WHI met with Mr. Espinoza at UMC and reviewed seven employees back wage calculations. This WHI advised to complete the back wages for the remaining admitting staff employees. On 05/01/2013, this WHI received a letter from John Espinoza in which he explained that UMC would not be calculating the back wages because they felt that there were no violations regarding unpaid lunches. (See Exhibit E-6-a)

A class action lawsuit was filed against University Medical Center. According to the attorney, Kevin Ruf, from Glancy, Binkow & Goldberg LLP, he stated that admitting staff were within the class definition of the law suit. He was asked to provide what employees from the admitting department were included to date [Ex. 7 (e)] Therefore, transcriptions were done by Wage and Hour in an effort to calculate back wages since the employer had refused to calculate back wages themselves. Back wage transcriptions and calculations were halted [Ex. 7 (e)] signed a form to have Glancy, Binkow & Goldberg LLP represent her. No further back wages were calculated and no further action was taken by this WHI due to the fact that [Ex. 7 (e)] class action law suit and the class action law suit encompassed all affected employees.

**FMLA Policy Review:** An FMLA policy review has been previously conducted and the policy did not appear to be at variance with the act or the regulation enabled by the act. No policy review was conducted during this investigation because review has been previously performed.

Case I.D # 1631191
University Medical Center of Southern Nevada
1800 W. Charleston Blvd
Las Vegas, NV 89102
TAX I.D. # 88-600028
Phone: 702-383-2000

Ex. 7 (e)

**Publications Provided:** HRG, Fact Sheet 44, Reg. 516, 541, 778, 785, CL 101.

**Recommendation:** Recommend administrative closing upon review

**Future Correspondence:**

John Espinoza
Chief Human Resources Officer
1800 W. Charleston Blvd
Las Vegas, NV 89102

Ex. 7 (c)

Ex. 7 (c)

Investigator