EXHIBIT Q



**TOSTRUD**

LAW GROUP, PC

August 4, 2014

<u>VIA ELECTRONIC TRANSMISSION</u>

Special Master Daniel Garrie
Law & Forensics
16192 Coastal Highway
Lewes, DE 19958
Email: Daniel@ lawandforensics.com

> Re: *Small, et al. v. University Medical Center of Southern Nevada,*
> Case No: 2:13-cv-00298-APG-PAL; <u>Plaintiffs' Response re Hard Copy Index</u>

Special Master Garrie:

Plaintiffs submit this response to UMC's letter of July 31, 2014.  This letter sets forth Plaintiffs' position concerning: (i) the review of hard copy documents in this matter, including documents maintained at the departmental level (*e.g.*, schedules, assignment sheets, attestation forms); (ii) UMC's related agreement, and the corresponding orders, to provide an index and contemporaneous custodian declarations, both of agreed-upon form and content, relating to the hard copy document productions; and (iii) and UMC's unilateral change of course as related to the foregoing, in violation of your prior orders.

During the June 16, 2014 hearing, after hearing the positions of both parties on hard copy review and substantial conferring by the parties off the record which resulted in the agreement regarding in-person review of hard copy documents at UMC, document indices, and custodian declarations, the Special Master issued an unambiguous order relating to the production the hard copy documents reflecting the parties' agreement. *See* Ex. A, 6/16/14 transcript, at 110:15-112:24; *see id.* at 106:23-107:5 (UMC confirmed its understanding of the prior order to provide an index, Counsel Witty stated: "We have agreed to a form for the index with plaintiffs' counsel.").  UMC was first ordered to construct a document index for the hard copy document review during the April 22, 2014 hearing.  *See*, Ex. B, 4/22/14 transcript, at 227.  UMC also was ordered to clear approximately 15 departments per week.  Ex. A, 6/16/14 transcript at 111:6-25.

In scheduling the first document review, Jon Tostrud wrote to Ms. Witty on July 8, 2014, to check on the status of departmental documents and informed Ms. Witty of Plaintiffs' counsel's intention "to move quickly through the hard copy documents."  Ex. C (7/8/14 Jon Tostrud email).  With no response from UMC, on July 10, 2014, Mr. Tostrud emailed the Special Master and Counsel Witty, reminding Counsel Witty of the Special Master's June 16, 2014 order regarding production of departmental documents (and other items).  Ex. D (7/10/14 Jon Tostrud email).  On July 10, 2014, Ms. Witty

responded, in pertinent part: "When Plaintiffs' counsel has completed inspection of the pay period documents, UMC will be able to produce documents from departments on schedule. **As UMC does not believe the pay period document inspection will be completed next week, those [departmental] documents are not being moved to the viewing space.**" Ex. E (7/10/14 Cayla Witty email) (emphasis added).

In response to Plaintiffs' counsel's objection to UMC's stated refusal to provide departmental documents, on July 10, 2014, the Special Master stated: "**I am Ordering UMC to comply immediately with my prior Orders or appeal to Judge Leen.**" Ex. F (7/10/14 Special Master email) (emphasis added). UMC did not immediately comply with the order to provide departmental documents for review, nor did it seek relief from Judge Leen. Rather, Counsel Foley responded on July 11, 2014, that "**UMC will produce the additional records from the departments but will need a bit of time.**" Ex. G (7/11/14 Margaret Foley email) (emphasis added). Plaintiffs' counsel conducted their review of the initial production of Ms. Panzeri's payroll files on July 16 and July 17. UMC provided no departmental documents for Plaintiffs' review.

On July 18, 2014, Mr. Tostrud again emailed UMC to follow up on the ordered production of departmental documents. *See* Ex. H (7/18/14 email chain). The Special Master again acknowledged UMC's violation of his prior orders, and requested that Plaintiffs propose sanctions for UMC's breach. *Id*. Plaintiffs' counsel responded and proposed appropriate sanctions for UMC's violations. *Id*. The Special Master stated that he would defer ruling on Plaintiffs' request for sanctions until July 25, 2014. *Id*.

On July 25, 2014, UMC proclaimed its new intention – contrary to the parties' prior agreements and the Special Masters orders – to produce departmental documents scanned on CDs, without indices, and to have custodian declarations follow at later dates. The Special Master did not order any of the requested changes at that time. On Tuesday, July 29, 2014, per the parties' previous communications, Plaintiffs arrived at UMC for scheduled document review. Again, no departmental documents were provided. Thus, Plaintiffs requested a conference with the Special Master. UMC's counsel's latest explanation for UMC's violations of the Special Master's orders -- a semantic argument claiming that Plaintiffs' counsel's use of the word "production" instead of "inspection" changed the protocol here[1] -- is belied by the significant record on this topic, including the 4/22 and 6/16 hearings. The Special Master thus reiterated his prior orders in a July 29, 2014 telephonic hearing, ordering UMC to provide departmental documents for Plaintiffs' continued inspection, as agreed, that week. Accordingly, Plaintiffs resumed their review on Wednesday, July 30 (which was to continue through August 1). The next day, on July 31, UMC informed Plaintiffs that UMC would provide no additional documents on Thursday or Friday. Ex. J (7/31/14 Kara Wolke email).[2]

While UMC repeatedly asserts confusion and misunderstandings as the reason for its unfounded changes of course in the hard copy review/production, the record on this

---

[1] *See* Ex. I (7/29/14 Margaret Foley email).

[2] Significantly, this occurred about 7 weeks after UMC was first ordered to clear 15 departments per week, and over a year after Magistrate Leen ordered these very documents to be produced.

matter is clear.  Moreover, even if there were confusion or uncertainty over the index or other hard copy production issues, UMC took no action to even attempt to clarify such confusion for a period of more than 5 weeks.  Indeed, the Special Master appears to have understood the prior agreement and order perfectly, stating: **"I assumed that the inspection was to occur on-site, and that there was an index to be provided.**  And that after certain documents were identified, they were to be produced."  *See* Ex. K (7/25/14 transcript, at 119:3 – 119:6) (emphasis added).

Pursuant to the clear record and the Special Master's orders, the issue of the document index should have been put to rest by this time.  At no time in the previous five weeks, however, did UMC seek relief from the Special Master's order regarding the hard copy production and index.  Moreover, rather than face the serious consequence of a contempt ruling for its repeated failures to comply with the Special Master Order, UMC chose to groundlessly assert confusion and "mutual mistake" in defense of its failures.[3]  For this behavior, UMC should be sanctioned and a formal discovery referee be appointed at UMC's expense for the duration of this lawsuit.[4]

UMC's misconduct in delaying, violating orders, and unilaterally changing agreed-upon conduct has been pervasive and unprecedented in this case.  Plaintiffs respectfully submit that UMC should not only be held to account for its misconduct, but also held to adhere to the Special Master's prior clear orders and its own agreements.  Accordingly, Plaintiffs respectfully request that UMC be ordered to produce the agreed-upon index and custodian declarations relating to the hard-copy documents.[5]  In the spirit of compromise and accommodation, however, in lieu of on-site inspection, Plaintiffs are willing to accept UMC's recent proposal to provide scanned copies of departmental documents, along with accompanying indexes and custodian of records declarations.  Further, Plaintiffs request that any such scanned/electronic productions be made in strict compliance with the ESI Protocol, and that UMC be placed on a strict schedule for this production that tolerates no further delay and prejudice to these proceedings by UMC.

---

[3] Ms. Foley states in her July 31, 2014 letter: "the doctrine of 'mutual mistake,' studied by first-year law students across the country, seemed to have come startlingly alive."  The facts at bar, however, do not come close to constituting any "mutual" mistake as defined by that doctrine.  In fact, any alleged mistake, as dubious as that claim may be, is strictly unilateral in nature, and 100% on UMC's side.  Moreover, this is not a subject of "informal special master proceedings" as UMC contends.  The hearings at issue were memorialized by a certified Court reporter to avoid any confusion or misunderstanding that UMC now claims occurred.

[4] UMC's excessive use of the excuse of confusion, and misunderstanding as a justification to not follow through on its discovery obligations – as well as its outright unabashed failures/refusals to follow orders – necessitates the continued oversight of a discovery master.  Indeed, even after the July 25 hearing where the Special Master unambiguously ordered UMC to follow through with its production obligations, on Thursday, July 31, UMC still failed to produce departmental documents as ordered.

[5] In light of UMC's acknowledgement and admission of its fault relating to this issue (see UMC's letter at p. 2, fn. 3), Plaintiffs refer to the Special Masters prior orders and ask that those orders be memorialized and renewed in a formal, filed Order with the Court.

3

Sincerely,

/s/ Jon A. Tostrud
Jon A. Tostrud

cc: Michael Mann
    Sid Rao
    Cayla Witty, Esq.
    Margaret G. Foley, Esq.
    Robert W. Freeman, Esq.
    Marc L. Godino, Esq.
    Kara Wolke, Esq.
    David O'Mara, Esq.
    Anthony M. Carter, Esq.
    Bruce Pixley
    Doug Forrest
    Joe Edmondson

4

# EXHIBIT A

Special Master's Hearing   June 16, 2014
***Volume V***

```
 1    much.

 2              I do want the remaining results provided --

 3              THE WITNESS:  Yes.

 4              SPECIAL MASTER GARRIE:  -- as soon as that

 5    is done.

 6              And please just show, counsel for UMC, the

 7    additional Kronos applications you mentioned.  While

 8    they've been provided in the entire Kronos database,

 9    I just want to make sure that all of the data --

10              THE WITNESS:  I can.

11              SPECIAL MASTER GARRIE:  Just show it to

12    them.  Just do as I asked.  Show them the application

13    to make sure.

14              THE WITNESS:  Okay.

15              SPECIAL MASTER GARRIE:  That's it.  Thank

16    you very much.

17              THE WITNESS:  Thank you.

18              SPECIAL MASTER GARRIE:  Let's go off the

19    record for a second.

20              (A discussion was held off the record.)

21              SPECIAL MASTER GARRIE:  I want to check in

22    really quickly with the hard copy index.

23              Counsel for UMC, can you please give me an

24    update?

25              MS. WITTY:  We have agreed to a form for
```

Special Master's Hearing    June 16, 2014
***Volume V***

```
 1    the index with plaintiffs' counsel.  We are beginning
 2    to contact the individual custodians for the specific
 3    groups of documents that have been identified as for
 4    the index.  This is a list of more than 130
 5    individuals throughout the UMC.
 6              SPECIAL MASTER GARRIE:  Is it clear why
 7    former counsel hadn't found these paper documents?  I
 8    realize you can't testify for former counsel, but I
 9    was reading through all of the e-mail exchanges
10    around this, and it's a little befuddling to me that
11    given that Ms. Panzeri testified that they were
12    literally in her office.  It wasn't like --
13              MS. WITTY:  A significant amount of the
14    documentation from Ms. Panzeri's office, as well as
15    some of the other documents that are referenced in
16    the hard copy index, will be duplicative of
17    information that has already been produced, either
18    through the opt-in packets or electronic versions.
19              However, we do believe that there is
20    specific information, most notably the attestation
21    forms, that were not kept prior to October of 2012,
22    and would not have been an initial document collected
23    by prior counsel.
24              SPECIAL MASTER GARRIE:  Okay.  I just
25    wondered.
```

All-American Court Reporters (702) 240-4393
www.aacrlv.com

Special Master's Hearing    June 16, 2014
***Volume V***

```
 1    readdress with plaintiffs' counsel.  The reason being
 2    is that many of these forms are for a specific date,
 3    and they have asked for the date range for the
 4    documents for each opt-in.
 5           If an opt-in had a document from October of
 6    2012, and another document from March of 2013, it's a
 7    huge span of time, but we only have two documents
 8    from that.  And because we believe that the more
 9    specificity the better, it takes an extreme amount of
10    time to go through all of those documents to make
11    sure that the dates are precise.
12           SPECIAL MASTER GARRIE:  Let's go off the
13    record.
14           (A discussion was held off the record.)
15           SPECIAL MASTER GARRIE:  I'm going to order
16    by the end of the week UMC to confer with their
17    client at lunch and hopefully identify a room to put
18    in the 48-plus banker boxes related to Ms. Panzeri's
19    collection, as discussed earlier in these hearings;
20    for plaintiffs to start reviewing pursuant to the
21    protocol set forth.
22           I'm also going to order UMC by the end of
23    next week to have identified all the 87 individuals
24    to collect the attestation forms from.
25           I'm going to also order UMC to, by the end
```

Special Master's Hearing    June 16, 2014
***Volume V***

1    of next week, to have started producing the meeting

2    minutes and other items Counsel Witty will state

3    right now.

4            MS. WITTY:  You're going to allow us time

5    to look at the list?

6            SPECIAL MASTER GARRIE:  Yes.  So after

7    lunch, UMC will present specifically what will be

8    coming on a roll-in basis.

9            I'm also going to order UMC to do their

10   best efforts to clear 15 departments a week.

11   Recognizing from plaintiffs' side that there will be

12   some weeks when you will get 20 and some weeks you

13   will get five, because there will be departments of

14   one and then departments of hundreds.

15           So it will vary, so they have a plus or

16   minus factor of four.  So anywhere between 11 and 19

17   boxes could come across.

18           If it requires additional time, please let

19   me know after lunch.  But I'm assuming that once you

20   identify the individuals, it's just a matter of

21   getting on the phone with them and making them get

22   you the paperwork and then sending someone over to

23   collect it.

24           Am I missing something?  Counsel for UMC is

25   that --

Special Master's Hearing   June 16, 2014
***Volume V***

1          MS. WITTY:  The only thing that we ask is

2    that previously it had been discussed that UMC would

3    provide custodian of record declarations, if there

4    was any specific information.

5          SPECIAL MASTER GARRIE:  Fair enough.

6    Plaintiffs is to specify exactly what they want in

7    the custodian of record declarations, what

8    information they want.

9          MR. TOSTRUD:  And these are for the

10   individual departments, correct?

11         SPECIAL MASTER GARRIE:  As to whatever was

12   agreed upon earlier between you.

13         MR. TOSTRUD:  Okay.  That's fine.

14         SPECIAL MASTER GARRIE:  You have to provide

15   that to them by Wednesday.

16         MR. TOSTRUD:  Okay.

17         SPECIAL MASTER GARRIE:  Once you get that,

18   that's supposed to come with each box, right?  I'm

19   assuming -- is that reasonable?

20         MS. WITTY:  Yes.

21         SPECIAL MASTER GARRIE:  So as the boxes

22   come across, the declarations will come as well.

23         MS. WITTY:  That is the intention.

24         SPECIAL MASTER GARRIE:  Okay.  All right.

25         Let's go back off the record.

# EXHIBIT B

Special Master's Hearing  -   April 22, 2014
*** Volume III***

```
 1          MS. WOLKE:  Okay.
 2          THE SPECIAL MASTER:  Well, I'm assuming that
 3   you are not going to want everything off the index.
 4   So you are going to sample from the index first.
 5          MR. TOSTRUD:  I see.
 6          MS. WOLKE:  Okay.
 7          THE SPECIAL MASTER:  Incorrect terminology.
 8   I apologize.
 9          They are going to send you a very specific
10   list of documents from the index, in their entirety
11   are to be put into a separate room, for then Counsel
12   for Plaintiffs to go in at their leisure, in a room
13   that is not a sweatshop, that has air conditioning,
14   that doesn't need windows, is accessible from at least
15   9:00 to 5:00 and is made -- and if security or
16   whatever is required, they make it accessible and
17   available.
18          They will go to the office.  They will --
19   whatever you guys do with your documents, identify,
20   "This is something we want," this group.
21          You will then -- Counsel for UMC will then
22   take the entire whatever it exists as, following the
23   ESI protocol, produce them all.
24          Do you want them in paper form or would you
25   like them electronically?
```

# EXHIBIT C



## Re: UMC/Small: document inspection

1 message

Jon Tostrud <jtostrud@tostrudlaw.com>                                          Tue, Jul 8, 2014 at 9:13 AM
To: "Witty, Cayla" <Cayla.Witty@lewisbrisbois.com>
Cc: "Marc L. Godino, Esq. (mgodino@glancylaw.com)" <mgodino@glancylaw.com>, "Anthony Carter
(acarter@tostrudlaw.com)" <acarter@tostrudlaw.com>, "david@omaralaw.net" <david@omaralaw.net>, "Kara Wolke
(kwolke@glancylaw.com)" <kwolke@glancylaw.com>, "daniel@lawandforensics.com"
<daniel@lawandforensics.com>, "Freeman, Robert" <Robert.Freeman@lewisbrisbois.com>, "Foley, Margaret"
<Margaret.Foley@lewisbrisbois.com>, "Ginapp, Kristol" <Kristol.Ginapp@lewisbrisbois.com>, "Adams, Michelle"
<Michelle.Adams@lewisbrisbois.com>, "Thayer, Lisa" <Lisa.Thayer@lewisbrisbois.com>, "Freeman, Kristen"
<Kristen.Freeman@lewisbrisbois.com>, Jon Tostrud <jtostrud@tostrudlaw.com>

Counsel Witty:

Plaintiffs will provide 72 hour notice. I simply wanted to give you as much advance notice as possible that we
intend to move quickly through the hard copy documents. In order to keep costs down and proceed as efficiently
as possible, the hard copy review process will require tremendous coordination with UMC.

Special Master Garrie laid out a production schedule for hard copy documents, including, but not limited to,
schedules and assignment sheets. Would you please advise on the status of that production?

Regards,
Jon

# EXHIBIT D



## Re: UMC/Small: document inspection

1 message

**Anthony Carter** <acarter@tostrudlaw.com>
To: Anthony Carter <acarter@tostrudlaw.com>

Mon, Aug 4, 2014 at 10:46 AM

On Thu, Jul 10, 2014 at 1:34 PM, Jon Tostrud <jtostrud@tostrudlaw.com> wrote:
Special Master Garrie:

You ordered during  the June 16, 2014 hearing the following:

(1) "I'm also going to order UMC by the end of next week to have identified all the 87 individuals to collect the attestation forms from."  Page 110, lines 22-24

Plaintiffs are not aware if the identifications of these individuals has occurred?

(2) "I'm going to also order UMC to, by the end of next week, to have started producing the meeting minutes and other items..."  Page 110, line 25-111, line2

Plaintiffs would like to know if these meeting minutes have been produced?

(3) "I'm also going to order UMC to do their best efforts to clear 15 departments a week.  Recognizing from plaintiffs' side that there will be some weeks when you will get 20 and some weeks you will get five, because there will be departments of one and then departments of hundreds.  So it will vary, so they have a plus or minus factor of four.  So anywhere beteween 11 and 19 boxes could come across."  Page 111, lines 9-17

Plaintiffs would like a status update, as requested earlier and above from Counsel Witty.

Plaintiffs are in the process of scheduling the time consuming and expensive process of document review, and are handicapped in their scheduling efforts by UMC's failure to provide an update regarding your prior orders relative to hard copy documents.  Plaintiffs are aware that the Panzeri documents are available for review next week, but have not been provided an update relating to the assignment sheets, schedules and attestation forms, among other hard copy documents.

I am available for a call if your preference is to handle this directly on the phone.

Regards,
Jon

# EXHIBIT E



Anthony Carter <acarter@tostrudlaw.com>

## RE: UMC/Small: document inspection

1 message

**Witty, Cayla** <Cayla.Witty@lewisbrisbois.com>                    Thu, Jul 10, 2014 at 6:28 PM
To: Daniel Garrie <daniel@lawandforensics.com>, Jon Tostrud <jtostrud@tostrudlaw.com>
Cc: "Marc L. Godino, Esq." <mgodino@glancylaw.com>, Anthony Carter <acarter@tostrudlaw.com>,
"david@omaralaw.net" <david@omaralaw.net>, Kara Wolke <kwolke@glancylaw.com>, "Freeman, Robert"
<Robert.Freeman@lewisbrisbois.com>, "Foley, Margaret" <Margaret.Foley@lewisbrisbois.com>, "Ginapp, Kristol"
<Kristol.Ginapp@lewisbrisbois.com>, "Adams, Michelle" <Michelle.Adams@lewisbrisbois.com>, "Thayer, Lisa"
<Lisa.Thayer@lewisbrisbois.com>, "Freeman, Kristen" <Kristen.Freeman@lewisbrisbois.com>

Special Master Garrie,

I apologize for the delay, but these large group emails are being caught in our firm's spam filter. Please accept our response below.

1) Counsel for UMC noted that 87 different departments would need to be contacted. We have identified multiple timekeepers for attestation forms in many departments. There is no list of 87 individuals.

2) UMC has produced meeting minutes if found in ESI and responsive to the search terms. For hard copies, UMC is preparing minutes for departmental meetings for inspection.

3) When Plaintiffs' counsel has completed inspection of the pay period documents, UMC will be able to produce documents from departments on schedule. As UMC does not believe the pay period document inspection will be completed next week, those documents are not being moved to the viewing space.

Cayla
Sent from my Windows Phone

# EXHIBIT F



Anthony Carter <acarter@tostrudlaw.com>

## RE: UMC/Small: document inspection

1 message

**Daniel Garrie** <daniel@lawandforensics.com>                    Thu, Jul 10, 2014 at 6:46 PM
To: Jon Tostrud <jtostrud@tostrudlaw.com>, "Witty, Cayla" <Cayla.Witty@lewisbrisbois.com>
Cc: "Marc L. Godino, Esq." <mgodino@glancylaw.com>, Anthony Carter <acarter@tostrudlaw.com>,
david@omaralaw.net, Kara Wolke <kwolke@glancylaw.com>, "Freeman, Robert"
<Robert.Freeman@lewisbrisbois.com>, "Foley, Margaret" <Margaret.Foley@lewisbrisbois.com>, "Ginapp, Kristol"
<Kristol.Ginapp@lewisbrisbois.com>, "Adams, Michelle" <Michelle.Adams@lewisbrisbois.com>, "Thayer, Lisa"
<Lisa.Thayer@lewisbrisbois.com>, "Freeman, Kristen" <Kristen.Freeman@lewisbrisbois.com>, Bruce Pixley
<bruce@pixleyforensics.com>, Doug Forrest <dforrest@ilsteam.com>, daniel@lawandforensics.com


Counsel Tostrud –


I have reviewed your email and find that UMC has failed to comply with my Order. I am Ordering UMC to
comply immediately with my prior Orders or appeal to Judge Leen.


Special Master Garrie

# EXHIBIT G



## FW: UMC/Small: document inspection

1 message

**Foley, Margaret** <Margaret.Foley@lewisbrisbois.com>                    Fri, Jul 11, 2014 at 1:37 PM
To: "Focused Solution (daniel@lawandforensics.com)" <daniel@lawandforensics.com>
Cc: "Witty, Cayla" <Cayla.Witty@lewisbrisbois.com>, "Freeman, Robert" <Robert.Freeman@lewisbrisbois.com>,
"Jon Tostrud (jtostrud@tostrudlaw.com)" <jtostrud@tostrudlaw.com>, "mgodino@glancylaw.com"
<mgodino@glancylaw.com>, "Anthony Carter (acarter@tostrudlaw.com)" <acarter@tostrudlaw.com>, "David O'Mara,
Esq. (david@omaralaw.net)" <david@omaralaw.net>, "Kara Wolke (kwolke@glancylaw.com)"
<kwolke@glancylaw.com>, "Ginapp, Kristol" <Kristol.Ginapp@lewisbrisbois.com>, "Adams, Michelle"
<Michelle.Adams@lewisbrisbois.com>, "Thayer, Lisa" <Lisa.Thayer@lewisbrisbois.com>, "Freeman, Kristen"
<Kristen.Freeman@lewisbrisbois.com>, "Bruce Pixley (bruce@pixleyforensics.com) (bruce@pixleyforensics.com)"
<bruce@pixleyforensics.com>, "Doug Forrest (dforrest@ilsteam.com)" <dforrest@ilsteam.com>

Special Master Garrie,

I write with respect to the document inspection and production and timing generally.

### DEPARTMENTAL DOCUMENTS AND PAY PERIOD DOCUMENTS AT UMC

UMC will produce the additional records from the departments but will need a bit of time.  We have been gathering them, but will need a bit of time to gather the rest and scan and produce them as a consequence of the misunderstanding among counsel about the import of the verbal directive from the June 16th hearing.

Both Counsel Witty and myself believe that these documents were to be prepared for inspection, with the preliminary steps of creating a draft index, plaintiffs' counsel reviewing the index, and then the items on the index selected for viewing by plaintiffs were to be made available for inspection.  Unfortunately, this topic seems to have been the subject of one or more off-the-record discussions not commemorated in the hearing transcripts.  Based on our understanding and hearing notes, Counsel Witty and I prioritized and scheduled the departmental documents to be gathered for counsel's inspection following the review of the pay period documents, which are quite voluminous.  We have been working with UMC personnel to have these boxes of pay period documents put in a room in preparation for counsel's arrival next week and can confirm many of the boxes are in the room today.

I expect to be able to give you a status report on the anticipated production by the middle of next week.  After speaking to one of the paralegals currently working on document identification and gathering on-site at UMC today, I understand there are several boxes and filing cabinet drawers of documents identified, which are ready to be copied starting next week for the initial round of rolling production, to continue under the

schedule made for inspection.

**TIMING**

I apologize that the production cannot begin immediately per your order, but in the past you have expressed recognition of the numerous tasks ordered of UMC and advised UMC counsel of some flexibility in priorities and stated deadlines. Notably, at the hearing last Friday, you recognized that some priorities may need to be shifted in light of others, including the proposed findings of fact and conclusions of law due today. With the number of orders extant and additional orders made over the course of the hearings, UMC stated it would continue to produce as best it could and notify the group about possible extensions needed. Please see attached excerpts from July 3 rough transcript at pages 107-113.

Also, at the hearing on June 4th, you stated that some deadlines might be extended if needed and UMC is to devote additional associate and other resources to this case. Additionally, you stated that counsel would have one week to work on the findings of fact and conclusions of law. Please see attached excerpts from June 4 hearing at pages 132, 180,186.

UMC has added numerous additional attorney and paralegal resources to comply with pending requests per your request. Using today as a snapshot, there are five attorneys and two paralegals working on this case as we speak. UMC counsel would be most grateful for the opportunity to have one day (not one week as contemplated) to work on the proposed findings of fact and conclusions of law as they are due today.

Thank you for your consideration,

Margaret

**Margaret G. Foley**
**Partner**
Las Vegas Rainbow
702.693.4366 or x4366



**Margaret G. Foley**
Partner
Margaret.Foley@lewisbrisbois.com

6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

**LewisBrisbois.com**    T: 702.693.4366 F: 702.893.3789

# EXHIBIT H

 Anthony Carter <acarter@tostrudlaw.com>

## Re: FW: UMC/Small: document inspection

1 message

**Jon Tostrud** <jtostrud@tostrudlaw.com>                                          Fri, Jul 18, 2014 at 5:21 PM
To: Daniel Garrie <daniel@lawandforensics.com>
Cc: "Foley, Margaret" <Margaret.Foley@lewisbrisbois.com>, "Witty, Cayla" <Cayla.Witty@lewisbrisbois.com>,
"Freeman, Robert" <Robert.Freeman@lewisbrisbois.com>, "Marc L. Godino, Esq." <mgodino@glancylaw.com>,
Anthony Carter <acarter@tostrudlaw.com>, "David O'Mara, Esq." <david@omaralaw.net>, Kara Wolke
<kwolke@glancylaw.com>, "Ginapp, Kristol" <Kristol.Ginapp@lewisbrisbois.com>, "Adams, Michelle"
<Michelle.Adams@lewisbrisbois.com>, "Thayer, Lisa" <Lisa.Thayer@lewisbrisbois.com>, "Freeman, Kristen"
<Kristen.Freeman@lewisbrisbois.com>, "Bruce Pixley (bruce@pixleyforensics.com)" <bruce@pixleyforensics.com>,
Doug Forrest <dforrest@ilsteam.com>, Jon Tostrud <jtostrud@tostrudlaw.com>

Special Master Garrie:

As sanctions for UMC's violations of your clear and unambiguous Order referenced in your prior email, Plaintiffs
seek the following:

(1) A per diem fine of $5,000.00;

(2) Attorneys' fees; and

(3) Costs.

Additional sanctions are available and Plaintiffs are willing to brief this issue for you no later than end of day
Monday if you would like.

Regards,
Counsel Tostrud


On Fri, Jul 18, 2014 at 4:09 PM, Daniel Garrie <daniel@lawandforensics.com> wrote:

Counsel for UMC –

Comply with my prior Order.  Please clarify as to the hold-up and either respond in writing or call Plaintiff.


Counsel for Plaintiffs –

What relief would request for UMC breach of the Order?


Special Master Garrie

**From:** Jon Tostrud [mailto:jtostrud@tostrudlaw.com]
**Sent:** Friday, July 18, 2014 5:45 PM
**To:** Foley, Margaret
**Cc:** Focused Solution (daniel@lawandforensics.com); Witty, Cayla; Freeman, Robert;
mgodino@glancylaw.com; Anthony Carter (acarter@tostrudlaw.com); David O'Mara, Esq.
(david@omaralaw.net); Kara Wolke (kwolke@glancylaw.com); Ginapp, Kristol; Adams, Michelle; Thayer,
Lisa; Freeman, Kristen; Bruce Pixley (bruce@pixleyforensics.com) (bruce@pixleyforensics.com); Doug
Forrest (dforrest@ilsteam.com); Jon Tostrud
**Subject:** Re: FW: UMC/Small: document inspection


Counsel Foley:

Plaintiffs would appreciate an update on the overdue production of schedules, assignment sheets, payroll correction and attestation forms, and other hard copy documents from the 87 custodians. As you know, Special Master Garrie ordered this several weeks ago. Notwithstanding UMC's violation of Special Master Garrie's order, Plaintiffs are working diligently to schedule and plan for the review of such documents. Your refusal to provide specific information concerning the production of the departmental materials makes it virtually impossible to schedule the review and, in fact, further prejudices Plaintiffs in this matter. Please provide details by the close of business today as Plaintiffs intend to review those documents next week at UMC.

Regards,

Counsel Tostrud

# EXHIBIT I



## RE: UMC -- request for immediate hearing

1 message

**Foley, Margaret** <Margaret.Foley@lewisbrisbois.com>                    Tue, Jul 29, 2014 at 11:29 AM
To: Jon Tostrud <jtostrud@tostrudlaw.com>, "daniel@lawandforensics.com" <daniel@lawandforensics.com>
Cc: "kwolke@glancylaw.com" <kwolke@glancylaw.com>, "acarter@tostrudlaw.com" <acarter@tostrudlaw.com>,
"Marc L. Godino" <MGodino@glancylaw.com>, "<rantonio@glancylaw.com>" <RAntonio@glancylaw.com>, David
O'Mara <david@omaralaw.net>, "Witty, Cayla" <Cayla.Witty@lewisbrisbois.com>, "Freeman, Robert"
<Robert.Freeman@lewisbrisbois.com>

Special Master Garrie:

Plaintiffs' counsel are aware the documents they seek are to be produced to them instead of inspected. They
failed to respond to emails last week asking them the status of their inspection. There is no dispute here from
UMC's standpoint. I agreed as a courtesy to have a call with Special Master Garrie and will forward the relevant
emails now.

Thank you,

Margaret Foley


Margaret G. Foley
Partner
Margaret.Foley@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118
T: 702.693.4366  F: 702.893.3789

www.LewisBrisbois.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the
intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have
received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from
your computer and any of your electronic devices where the message is stored.

# EXHIBIT J



Anthony Carter <acarter@tostrudlaw.com>

## Re: document inspection today

- 1 message

**Kara Wolke** <KWolke@glancylaw.com>                                                                                          Thu, Jul 31, 2014 at 11:58 AM
To: "Witty, Cayla" <Cayla.Witty@lewisbrisbois.com>
Cc: "Foley, Margaret" <Margaret.Foley@lewisbrisbois.com>, "Adams, Michelle" <Michelle.Adams@lewisbrisbois.com>, "Thayer, Lisa" <Lisa.Thayer@lewisbrisbois.com>, "Freeman, Kristen" <Kristen.Freeman@lewisbrisbois.com>, "Marc L. Godino" <MGodino@glancylaw.com>, J Tostrud <jtostrud@tostrudlaw.com>, Anthony Carter <acarter@tostrudlaw.com>, Rayo Antonio <RAntonio@glancylaw.com>, Daniel Garrie <daniel@lawandforensics.com>

Ms. Witty:
We're disappointed that UMC has failed to provide departmental documents for our review today, and we do believe this is a violation of Special Master Garrie's previous orders on hard copy review, including his order from as recently as this past Tuesday.

But thank you for finally letting us know that no additional documents are ready. Now that we at least know the status, we do not think a call with Special Master Garrie is necessary at this time.

Please let us know when the inspection can resume.

Regards,
Kara

Sent from my iPhone

On Jul 31, 2014, at 11:43 AM, "Witty, Cayla" <Cayla.Witty@lewisbrisbois.com> wrote:

Kara,

Your patience is appreciated. At this time, UMC does not have additional departmental documents for inspection. While counsel is working furiously to collect from the departments, logistically UMC is not able to move significant documents immediately due to the ongoing Joint Commission survey. We will notify you immediately when we have an update on new documents.

I am available to conference at any time this afternoon.

Yours sincerely,

Cayla*

P.S. This email was likely written on a mobile device. Please forgive any shortened phrases, auto-corrected words, or other grammatical oddities. Thank you.



**Cayla Witty**
Attorney
Cayla.Witty@lewisbrisbois.com
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118
T: 702.693.4387 F: 702.693.3789

LewisBrisbois.com 

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

# EXHIBIT K

Rough Draft of  Special Master's Hearing    July 25, 2014
*** Telephonic ***

1    communications from you, Special Master, that spoke

2    to production and not inspection.

3          SPECIAL MASTER GARRIE:  I assumed that the

4    inspection was to occur on-site, and that there was

5    an index to be provided.  And that after certain

6    documents were identified, they were to be produced.

7          So I'm not -- I understand that UMC might

8    have interpreted that differently.  I'm not exactly

9    sure how that was done.

10          But at least I understand that in the

11    short.  I'm going to let UMC provide me -- I'm going

12    to put all parties -- plaintiffs, is there anything

13    you would like to state?

14          MR. GODINO:  Other than from our

15    perspective, there has been no confusion.  There's

16    been no specific correspondence that would support

17    what was just stated.

18          SPECIAL MASTER GARRIE:  Okay.  So counsel

19    for UMC, I'm going to -- I'm going to take a minute

20    and think about what was just said, and read my

21    notes.  So I'm going to ask the parties to wait for a

22    minute or two.

23          (A discussion was held off the record.)

24          SPECIAL MASTER GARRIE:  Counsel for UMC, I

25    have heard your arguments as you set forth.  I do not