# EXHIBIT T

EXHIBIT T

Special Master's Hearing    May 29, 2014
*** Telephonic ***

Page 1

```
 1                UNITED STATES DISTRICT COURT

 2                     DISTRICT OF NEVADA

 3                                              CERTIFIED
                                                  COPY
 4   DANIEL SMALL; CAROLYN SMALL;    )
     WILLIAM CURTIN; DAVID COHEN;    )
 5   LANETTE LAWRENCE; and LOUISE    )
     COLLARD, individually, and on   )
 6   Behalf of All Other Persons     )
     Similarly Situated,             )  CASE NO.
 7                                   )  2:13-cv-0298-APG-PAL
           Plaintiffs,               )
 8                                   )
         vs.                         )
 9                                   )
     UNIVERSITY MEDICAL CENTER OF    )
10   SOUTHERN NEVADA,                )
                                     )
11         Defendant.                )
     _____)
12

13

14

15   REPORTER'S TRANSCRIPT OF SPECIAL MASTER'S HEARING

16                 HEARD TELEPHONICALLY

17  BEFORE SPECIAL MASTER PRESIDING, DANIEL GARRIE, ESQ.

18          Taken on Thursday, May 29, 2014

19                   At 2:05 p.m.

20      At Lewis, Brisbois, Bisgaard & Smith, LLP

21      6385 South Rainbow Boulevard, Suite 600

22                  Las Vegas, Nevada

23

24

25   REPORTED BY:  CINDY MAGNUSSEN, RPR, CCR NO. 650
```

Special Master's Hearing    May 29, 2014
\*\*\* Telephonic \*\*\*

Page 2

```
 1    APPEARANCES:

 2    For Plaintiffs: (Present Telephonically)

 3
                    JON A. TOSTRUD, ESQ.
 4                  ANTHONY CARTER, ESQ.
                    Tostrud Law Group
 5                  1925 Century Park East
                    Suite 2125
 6                  Los Angeles, California   90067
                    (310) 278-2600
 7

 8                  MARC L. GODINO, ESQ.
                    Glancy Binkow & Goldberg, LLP
 9                  1925 Century Park East
                    Suite 2100
10                  Los Angeles, California   90067
                    (310) 201-9150
11

12    For Defendant:

13                  CAYLA J. WITTY, ESQ.
                    MARGARET G. FOLEY, ESQ.
14                  Lewis, Brisbois, Bisgaard
                      & Smith, LLP
15                  6385 South Rainbow Boulevard
                    Suite 600
16                  Las Vegas, Nevada   89118
                    (702) 893-3383
17

18
      Also Present:  (Present Telephonically)
19
                    Joe Edmondson, UMC ESI Vendor
20                  Doug Forrest, Esq., ILS
                    Bruce Pixley, ESI Expert
21                  Dean Schaibley, UMC Network Security Analyst
                    Michael Mann
22

23                         EXHIBITS

24                      (None Offered)

25
```

```
 1   contained on that server?  Or did I order counsel --
 2   actually, counsel for UMC, I believe that I ordered you
 3   to provide me a written letter explaining to me what is
 4   stored on this server.  Is that not correct?
 5              MS. FOLEY:  Yes.  This is Counsel Foley.
 6   You asked for a letter explaining what this drive is,
 7   what is -- what it holds or did hold.
 8              SPECIAL MASTER GARRIE:  Yeah.  What it
 9   did hold, what it holds, and the dates upon which it
10   was collected from.
11              MS. FOLEY:  Thank you.
12              SPECIAL MASTER GARRIE:  Now, I am going
13   to touch on the DOL spreadsheet issue with much
14   reservation.
15         Counsel for UMC, I need to understand
16   something.  Counsel for plaintiffs have repeatedly said
17   that they have not received the Bates stamped
18   spreadsheets.  And you have repeatedly said you have
19   provided them Bates stamped spreadsheets.
20         Am I missing something?
21              MS. WITTY:  This is Counsel Witty.  This
22   unfortunately was a miscommunication with regards to
23   what had previously been produced and what is our
24   obligation to continue to produce.
25              Previously UMC had produced spreadsheets that
```

 1    were created by UMC and produced and, excuse me,
 2    provided to the Department of Labor during the
 3    investigation with regards to calculated damages
 4    proposed during the DOL investigation.  Those were
 5    provided both in a previous production and again
 6    electronically in my e-mail.
 7             However, after the testimony of Ms. Panzeri at
 8    the beginning of this month, at the special master's
 9    direction, we went back and collected specifically the
10    folder on the payroll Q drive, which Ms. Panzeri has
11    access to, and we located spreadsheets that were
12    produced earlier in the investigation, and those are
13    being produced.
14             SPECIAL MASTER GARRIE:  Again?  Or have
15    they not been produced before?
16             MS. WITTY:  Those have not been produced
17    previously.
18             SPECIAL MASTER GARRIE:  Okay.
19             MS. FOLEY:  To clarify, this is
20    Counsel Foley, they were produced to the DOL by
21    Ms. Panzeri; is that correct?
22         Yes.  Sorry.  I don't mean to ask.
23             MS. WITTY:  For clarification, this is
24    Counsel Witty, these were spreadsheets that were
25    created and provided to the Department of Labor in

```
 1    March of 2012.  They are now being produced.
 2                 SPECIAL MASTER GARRIE:  But they are
 3    electronic documents.  Right?
 4                 MS. WITTY:  Correct.
 5                 SPECIAL MASTER GARRIE:  Okay.
 6                 MS. WITTY:  They are not responsive --
 7                 SPECIAL MASTER GARRIE:  So do you
 8    have --
 9                 MS. WITTY:  They are not responsive to
10    the search terms, which is why they -- and they are in
11    Excel format.
12           So we have had to go outside of the procedure
13    that was in place for the collection of the Q drive to
14    make sure that they are produced.  That is why the
15    electronic copies have not been produced in accordance
16    with the ESI protocol order.
17           So that plaintiffs have the information
18    contained, we are producing them under the hard copy
19    format, essentially searchable PDFs, tomorrow.  As soon
20    as feasible, we will produce them in the native
21    electronic format in accordance with the ESI protocol.
22                 SPECIAL MASTER GARRIE:  Okay.  Now,
23    why -- first off, do we agree that they are relevant
24    documents and responses?
25                 MS. WITTY:  This is Counsel Witty.  We
```

```
 1                REPORTER'S CERTIFICATE

 2

 3   STATE OF NEVADA   )
                      ) SS
 4   COUNTY OF CLARK   )

 5

 6          I, CINDY MAGNUSSEN, CERTIFIED COURT REPORTER,
     HEREBY CERTIFY THAT I TOOK DOWN IN STENOTYPE ALL OF THE
 7   PROCEEDINGS HAD IN THE BEFORE-ENTITLED MATTER AT THE TIME
     AND PLACE INDICATED, AND THAT THEREAFTER SAID STENOTYPE
 8   NOTES WERE TRANSCRIBED INTO TYPEWRITING AT AND UNDER MY
     SUPERVISION.
 9
            THAT THE FOREGOING TRANSCRIPT CONSTITUTES A FULL,
10   TRUE AND ACCURATE RECORD OF THE PROCEEDINGS HAD.

11          I FURTHER CERTIFY THAT I AM NOT A RELATIVE OR
     EMPLOYEE OF COUNSEL OR ANY OF THE PARTIES, NOR A RELATIVE OR
12   EMPLOYEE OF THE PARTIES INVOLVED IN SAID ACTION, NOR A
     PERSON FINANCIALLY INTERESTED IN THE ACTION.
13
            IN WITNESS WHEREOF, I HEREUNTO SUBSCRIBE MY NAME
14   ON JUNE 6, 2014, AT LAS VEGAS, NEVADA.

15

16                              _____
                                CINDY MAGNUSSEN, RPR, CCR NO. 650
17

18

19

20

21

22

23

24

25
```