UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL SMALL, et al., | Case No. 2:13-cv-00298-APG-PAL |
| Plaintiffs, | ORDER |
| v. | (Mtn to Seal – Dkt. #188) |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, | |
| Defendant. | |

This matter is before the court on Defendant University Medical Center of Southern Nevada's Motion to Seal all Transcripts and Exhibits to Special Master Orders (Dkt. #188) filed August 16, 2014. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 and 1-9. The court has considered the Motion, Plaintiffs' Response (Dkt. #204), and Defendant's Reply (Dkt. #213).

**I.    The Parties' Positions.**

   **A.    Defendant's Motion to Seal (Dkt. #188).**

Defendant seeks an order sealing all of the attachments to Special Master Daniel Garrie's E-Discovery Summary and Order (Dkt. #183) entered August 13, 2014. In addition, Defendant requests an order sealing all exhibits and transcripts filed with Special Master Garrie's April 14, 2014, July 31, 2014, and August 15, 2014, E-Discovery Summaries and Orders . Defendant contends that because the documents attached to these Orders are part of discovery activities in this case and were not filed in connection with any dispositive motions or orders, they were improperly filed on the court's public docket and should be removed and sealed. Defendant asserts that no prejudice will result from sealing these orders, and there is "no reason for them to

1    be available to the public." Motion at 2:15-16. In addition, Defendant asserts the documents
2    should be sealed in accordance with the parties' Stipulated Protective Order (Dkt. #67) entered
3    by Magistrate Judge George W. Foley on February 28, 2013.

4    Defendant contends that the Special Master attached transcripts from hearings with the
5    August 13, 2014, Order, and these transcripts contain "a wealth of information about UMC's
6    internal personnel and human resource matters . . . [and] a level of detail about UMC's various
7    IT systems and their inner workings." Motion at 3:17-19. Defendant asserts there is no
8    justification for filing the transcripts publicly. In addition, Defendant objects to the Special
9    Master's attachment of emails between him and counsel to his August 13, 2014, Order. UMC
10   maintains no one aside from the court or the parties should see these emails while discovery is
11   on-going.

12   The Special Master also attached "meet and confer" communications to his Order, and
13   Defendant argues that these documents were not intended for public disclosure, and their filing is
14   superfluous to resolving any discovery disputes in this case. Defendant also contends the letter
15   briefs and attachments submitted to the Special Master during the course of his hearings that are
16   attached to the Order should be sealed. Defendant was never informed that these items would be
17   publicly filed, and counsel does not believe the Special Master should have included the informal
18   briefing in his Order that was filed in the public record. Finally, Defendant asserts that the
19   declarations of its IT System Administrator and other IT personnel attached to the Special
20   Master's Order should be sealed because they contain these UMC employees' phone numbers,
21   email addresses, job titles, and other unspecified private information.

22   Defendant asserts that none of these documents were submitted with a dispositive motion
23   and are "not presumed to be publicly accessible in court filings under *Kamakana v. City and*
24   *County of Honolulu,* 447 F.2d 1172 (9th Cir. 2006)." Motion at 7:16-18. Furthermore, the
25   Stipulated Protective Order warrants sealing of discovery documents attached to non-dispositive
26   filings. In addition, Defendant points out that Local Rule 26-8 prohibits filing discovery
27   materials with the court, and the advisory committee notes to the 2003 amendments to Rule 53 of
28   the Federal Rules of Civil Procedure state that caution should be exercised in filing documents

with the court after special master proceedings. Finally, Defendant argues that the Sedona Principles also confirm that documents exchanged in discovery are confidential.

### B. Plaintiffs' Response (Dkt. #204).

Plaintiffs respond that Defendant has not made a particularized showing of compelling reasons or good cause to justify sealing any documents attached to the Special Master's Orders. Plaintiffs contend that UMC has only made vague and conclusory assertions of confidentiality and has not supported its request to seal with any declaration or factual examples to illustrate disclosure will cause some identifiable harm. Plaintiffs also argue that Defendant's claim of harm regarding the April 2014 Orders is belied by its failure to object for four-and-a-half months.

In addition, any request to seal documents entered by the Special Master before July 26, 2014, is time-barred pursuant to Federal Rule of Civil Procedure 53(f)(2), which prescribes a twenty-one day time limit to object or move to modify an order of a special master. Plaintiffs assert that the transcripts should not be sealed because they were part of formal, evidentiary hearings recorded by a court reporter, and Defendant did not object regarding confidentiality or request the proceedings be closed. Similarly, all of the parties' letter briefs, sworn declarations, communications with the Special Mater, and meet and confer letters were part of a court-ordered formal judicial process, and they should be treated like publicly-filed submissions to the court. Finally, Plaintiffs argue that the Stipulated Protective Order does not constitute good cause to seal the records attached to the Special Master's Orders.

### C. Defendant's Reply (Dkt. #213).

Defendant requests that the Motion to Seal be extended to include all exhibits of Special Master Garrie's Report of Findings and Recommendation (Dkt. #189). Defendant replies that *Kamakana's* "interest has not attached yet" because there is no dispositive motion pending, and discovery documents attached to non-dispositive motions rebut the presumption of public access. Reply at 5:15, 18; 6:13-15. Defendant relies on language from *Kamakana* that where a court has granted a protective order pursuant to Federal Rule of Civil Procedure 26(c), that protective order warrants sealing discovery documents attached to non-dispositive motions. Defendant

1 contends the Stipulated Protective Order also warrants sealing discovery documents attached to
2 the Special Master's Orders. Finally, Defendant reiterates that pursuant to the Sedona Principles,
3 the parties must keep the fruits of discovery private, and by implication, "the fruits of discovery
4 proceedings" must also remain private.

## II.     Analysis.

Generally, there is a strong presumption of access to judicial records. *See Kamakana,* 447 F.3d at 1179. The Ninth Circuit has carved out an exception to this presumption of access for materials attached to non-dispositive motions where the movant makes a particularized showing of good cause under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access. *See Foltz v. State Farm Mut. Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002).

As an initial matter, Defendant's reliance on the Stipulated Protective Order to establish good cause to seal the documents attached to Special Master Garrie's Orders is insufficient. The Ninth Circuit requires a party to make a particularized showing of good cause for each document it seeks to file under seal. *See Foltz,* 331 F.3d at 1131. In addition, the Ninth Circuit has recognized that a party seeking a blanket protective order "typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Id.* at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Reliance on a stipulated blanket protective order does not justify sealing court records. 966 F.2d at 475-76. Because a blanket stipulated protective order does not contain a finding of good cause to keep any particular document confidential, the fact that a court has entered one and that a party has designated a document confidential pursuant to that protective order does not establish good cause for sealing a particular document. *See, e.g., Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 2014 U.S. Dist. Lexis 78873, *3-4 (D. Nev. June 9, 2014).

The language Defendant relies on from *Kamakana* refers to protective orders entered pursuant to Federal Rule of Civil Procedure 26(c) and not to blanket protective orders. In fact,

1 later in the opinion, the Ninth Circuit directly addresses "the hazard of stipulated protective
2 orders," noting they often "purport to put the entire litigation under lock and key without regard
3 to the actual requirements of Rule 26(c)." 447 F.3d at 1183.  Blanket protective orders are
4 entered to facilitate the exchange of discovery documents.  They make no findings that a
5 particular document is confidential or that a document's disclosure would cause harm.  In fact,
6 the Stipulated Protective Order itself provides that "the party seeking to file a paper under seal
7 bears the burden of overcoming the presumption in favor of public access to papers [filed in]
8 court."  Protective Order, attached to Motion to Seal as Exhibit A.

9 UMC has not met its burden of making a particularized showing of good cause for each
10 document it seeks to file under seal.  It did not provided any specific facts, supported by
11 affidavits or concrete examples, to show any specific confidential information should remain
12 under seal or establish that disclosure of the information would cause an identifiable and
13 significant harm.  UMC makes conclusory statements that: (a) the transcripts contain "a wealth
14 of information about UMC's internal personnel and human resources matters" and "an
15 extraordinary level of detail about UMC's various IT systems and their inner workings;" (b)
16 "other emails" contain information about UMC's computer backup systems and "a description of
17 a technical report;" (c) the meet and confer communications "were never intended for public
18 disclosure;" and (d) it understood the letter briefing to be an informal process.  Each of these
19 statements is insufficient to make a particularized showing of good cause for each item
20 Defendant seeks to file under seal.

21 In addition, UMC has not made a particularized showing that "specific prejudice or harm
22 will result." *See, e.g., San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103
23 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated
24 reasoning do not satisfy the Rule 26(c) test." *Foltz,* 331 F.3d at 1130 (9th Cir. 2003) (citing
25 *Beckman Ind., Inc. v. Internat'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992)).  Defendant has not
26 asserted or shown specific harm or prejudice that it expects will result from disclosure of any
27 particular document it seeks to seal.  Defendant has not identified with any particularity which
28 / / /

1 documents contain confidential IT information or human resources matters or what prejudice or
2 harm will come from disclosure of any particular document.

3 Finally, the special master was only appointed because the court had lost
4 confidence in UMC's willingness or ability to comply with its discovery obligations with respect
5 to electronically stored information (ESI) under the terms of a stipulated ESI protocol that its
6 own former counsel had drafted.  The court reluctantly appointed a special master after months
7 of holding hearings and attempts to get UMC in compliance.  Before appointing the special
8 master I gave UMC one final opportunity to comply with its ESI discovery obligations warning
9 UMC that if it did not I would appoint a special master at UMC's expense, which I stated on the
10 record I believed would be a ridiculous expense for UMC to incur.  I appointed a special master
11 for the first time in 14 years on the federal bench as a last resort to investigate and report on
12 whether UMC withheld, deleted, destroyed or permitted to be destroyed ESI it was legally
13 obligated to preserve in connection with this case.  The special master conducted hearings and
14 engaged in efforts to investigate and resolve UMC's  ESI  discovery issues under my direction
15 after multiple court hearings, transcripts of which are filed in the public record in this case.
16 UMC is a public hospital.  Public funds have been and continue to be expended on the defense of
17 this case.  UMC has paid in excess of $500,000 to the special master fund alone because of its
18 failures to comply with its ESI discovery obligations.   There is a strong presumption of public
19 access to judicial files and records.  I find the public has a right to know exactly why enormous
20 sums have been spent at public expense.

21 Accordingly,

22 **IT IS ORDERED** that Defendant's Motion to Seal (Dkt. #188) is DENIED.

23 Dated this 18th day of March, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE