**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

DANIEL SMALL, *et al*.,

   Plaintiffs,

   v.

UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, *et al*.,

   Defendants.

Case No. 2:13-cv-00298–APG–PAL

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

(ECF No. 259)

Plaintiffs were hourly employees of University Medical Center of Southern Nevada ("UMC"). They allege that UMC implemented policies to limit their hourly pay below the federal minimum wage and to prevent them from receiving any overtime pay for hours worked in excess of 40 hours a week. Plaintiffs bring a collective and class action against UMC and John Espinoza, UMC's Chief Human Resources Officer, under state and federal law. Defendants move to dismiss for failure to state a claim upon which relief can be granted. Because plaintiffs' allegations regarding overtime pay are threadbare recitals of the elements of a cause of action, I dismiss this claim with leave to amend. I also dismiss plaintiffs' minimum-wage claim with leave to amend because plaintiffs assert an equitable theory of recovery that is not available to them because they have an adequate remedy at law.

**I.     BACKGROUND**

Plaintiffs Daniel Small, Carolyn Small, William Curtin, David Cohen, Leanette Lawrence, and Louise Collard worked at UMC as respiratory therapists, registered nurses, admitting representatives, and electrocardiogram ("EKG") technicians. ECF No. 256 at ¶¶ 5–16. They allege that they were paid on an hourly basis, but UMC and Espinoza implemented polices to limit their hourly compensation. *See id*. at ¶¶ 20–30. UMC and Espinoza allegedly deducted 30 minutes of pay each day for meal breaks whether or not breaks were taken, failed to pay overtime

1  when employees worked in excess of 40 hours a week, and failed to keep records documenting
2  the hours the employees worked. *Id*.

3  Plaintiffs bring a collective action under section 16(b) of the Fair Labor Standards Act
4  ("FLSA"), 29 U.S.C. § 216(b), for UMC and Espinoza's alleged failure to pay overtime. *See id*. at
5  ¶¶ 33, 54. They also bring a class action for unjust enrichment for UMC and Espinoza's alleged
6  policy of automatically deducting 30 minutes of pay for meal breaks. *See id*. at ¶¶ 49, 65. UMC
7  and Espinoza move to dismiss on several grounds.

8  **II.     ANALYSIS**

9  A properly pleaded complaint must provide a "short and plain statement of the claim
10  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*,
11  550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands
12  more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of
13  action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual
14  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To
15  survive a motion to dismiss, a complaint must "contain [ ] enough facts to state a claim to relief
16  that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation
17  omitted). I accept as true all well-pleaded facts and construe them in the light most favorable to
18  the nonmoving party. *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013)
19  (citations omitted).

20      **A.     Plaintiffs' FLSA Allegations Regarding Overtime Pay are Dismissed Without
21              Prejudice.**

22  Defendants contend that plaintiffs' FLSA allegations are inadequately pleaded under
23  *Landers v. Quality Communications, Inc*., 771 F.3d 638 (9th Cir. 2014), cert. denied, 135 S. Ct.
24  1845 (2015). Plaintiffs respond that dismissal is inappropriate because the parties have conducted
25  extensive discovery, defendants have been on notice of plaintiffs' claims for three and a half
26  years, *Landers* is inapplicable because it was decided after plaintiffs' original complaint was
27  filed, and *Landers* is distinguishable because, unlike *Landers*, one of plaintiffs' prior complaints
28

survived a motion to dismiss.[1]

The FLSA sets a national minimum wage and requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 years per week. *Landers*, 771 F.3d at 640; *see also* 29 U.S.C. § 206(a) (minimum wage); 29 U.S.C. § 207(a)(1) (overtime). In determining whether a plaintiff has stated a plausible claim under the FLSA, plaintiffs in the Ninth Circuit must do more than recite this statutory language. *Id.* at 644. At a minimum, a plaintiff must allege facts showing that he or she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty hours during that week. *See id.* at 645–46.

Plaintiffs' allegations fall short of this standard. The complaint merely alleges that the defendants instituted "uniform policies and practices" that disregarded "the requirements of federal and state wage and hour laws" by "fail[ing] to pay overtime hours" when plaintiffs worked "more than forty (40) hours per week." ECF No. 256 at ¶¶ 32, 35, 36. This threadbare recitation does not allege, as *Landers* requires, that any particular plaintiff worked more than forty hours in a particular workweek without being compensated for their additional work.

Plaintiffs' assertion that *Landers* is distinguishable on the facts is incorrect. *Landers* establishes the level of specificity that is required for a plaintiff to state a plausible FLSA claim. This standard applies to every complaint and, under *Landers'* standard, it is irrelevant whether plaintiffs' pre-*Landers* complaint survived a different motion to dismiss. For the same reason, I am also unpersuaded that dismissal is inappropriate because plaintiffs have engaged in discovery and survived a prior motion to dismiss. When considering a motion to dismiss, my review is generally limited to the pleadings. *Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547,

---

[1] Plaintiffs also contend that the defendants' motion to dismiss is barred by Rule 12(g), which prohibits a defendant from raising a defense that was available but omitted from an earlier motion to dismiss. Because the operative complaint contains a newly named defendant who was not previously a party to this action, I decline to deem the defenses that are now asserted waived. *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988) (stating "courts have discretion to hear a second motion under Rule 12(b)(6) if the motion is not interposed for delay and the final disposition of the case will thereby be expedited.").

552 (9th Cir. 1984). Conducting discovery does not render a complaint plausible and surviving one motion to dismiss does not render plaintiffs immune from a subsequent motion.

Nor is it relevant that defendants have been on notice of plaintiffs' claims for three and a half years. *Twomby* and *Iqbal* require me to consider whether plaintiffs' complaint states a plausible claim, not whether plaintiffs' complaint put defendants on notice. I therefore dismiss plaintiffs' FLSA claims without prejudice.

**B.  Plaintiffs' Unjust-Enrichment Claim is Dismissed Without Prejudice.**

Defendants also seek dismissal of plaintiffs' unjust enrichment claim, asserting that it is an equitable claim that is not available because plaintiffs have a remedy at law. Plaintiffs respond that defendants incorrectly rely on *Landers* for this assertion and that an unjust enrichment claim is appropriate under Rule 23.

"[U]njust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Mainor v. Nault*, 101 P.3d 308, 317 (Nev. 2004) (en banc), as corrected on denial of reh'g (Apr. 13, 2005). To state a claim for unjust enrichment, a plaintiff must show she conferred a benefit on the defendant, and the defendant appreciated, accepted, and retained the benefit under circumstances such that it would be inequitable for him to retain the benefit without paying for it. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). Nevada recognizes the general rule that an equitable claim, like unjust enrichment, is not available where the plaintiff has a full and adequate remedy at law. *In re Wal-Mart Wage & Hour Emp't Prac. Litig.*, 490 F. Supp. 2d 1091, 1125 (D. Nev. 2007) (citing *State v. Second Judicial Dist. Court in & for Washoe Cty.*, 241 P. 317, 322 (Nev. 1925)).

Plaintiffs' minimum-wage claim asserts that defendants instituted a policy of automatically deducting 30 minutes of pay for meal breaks, regardless of whether a break was actually taken. ECF No. 256 at ¶¶ 49, 65. Because federal law provides plaintiffs with a legal remedy for this claim (*see*, 29 U.S.C. §§ 206(a), 216(b), 216(e)(2)), their unjust-enrichment theory is improperly pleaded. Plaintiffs' contention that an unjust enrichment claim may be

asserted under Rule 23 is irrelevant.  Rule 23 is not a source of substantive rights and does not provide plaintiffs with a claim for relief.  I therefore dismiss plaintiffs' unjust-enrichment claim without prejudice and grant them leave to plead an appropriate theory of recovery if they can.

### C. Defendants' Remaining Arguments

Because I grant the defendants' motion to dismiss plaintiffs' two-count complaint, I decline to address defendants' remaining arguments in detail.  I simply note that I cannot, as defendants request, dismiss plaintiffs' alter-ego or recordkeeping claims because none exists.  The complaints' references to alter ego and recordkeeping failures are allegations, which may be stricken under Rule 12(f) but are not subject to dismissal under Rule 12(b)(6) as defendants contend.

I also find that defendants' concerns regarding standing and the scope of plaintiffs' proposed classes and subclasses are premature.  Because plaintiffs have not plausibly alleged an injury or any theory of recovery, I cannot determine whether the named plaintiffs are appropriate representatives. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 961 (9th Cir. 2004) (discussing standing in the class-action context).

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to dismiss **(ECF No. 259) is GRANTED** and plaintiffs' FLSA and minimum-wage claims are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiffs may file an amended complaint within **21 days** of entry of this order.

DATED this 3rd day of August, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE