1  ROBERT W. FREEMAN
   Nevada Bar No. 3062
2  DANIELLE C. MILLER
   Nevada Bar No. 9127
3  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   6385 S. Rainbow Boulevard, Suite 600
4  Las Vegas, Nevada 89118
   702.893.3383
5  FAX: 702.893.3789
   *Attorneys for Defendants*
6  *University Medical Center of Southern*
   *Nevada and John Espinoza*

7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10                              ***

11 DANIEL SMALL, CAROLYN SMALL.          CASE NO. 2-13-cv-0298-APG - PAL
   WILLIAM CURTIN, DAVID COHEN,
12 LANETTE LAWRENCE, and LOUISE
   COLLARD, Individually, and on Behalf of All   **DEFENDANTS UNIVERSITY MEDICAL**
13 Other Persons Similarly Situated,            **CENTER OF SOUTHERN NEVADA AND**
                                                **JOHN ESPINOZA'S OPPOSITION TO**
14             Plaintiffs,                       **PLAINTIFFS' REVISED APPLICATION**
                                                **FOR COSTS AND ATTORNEYS' FEES**
15     vs.

16 UNIVERSITY MEDICAL CENTER OF
   SOUTHERN NEVADA; a political
17 subdivision of Clark County, State of Nevada,
   CLARK COUNTY, a political subdivision of
18 the State of Nevada, and JOHN ESPINOZA,
   an individual.
19
               Defendants.
20

21         Defendants University Medical Center of Southern Nevada and John Espinoza

22 ("Defendants"), by and through their attorneys of record, the law firm of Lewis Brisbois Bisgaard

23 & Smith, LLP, hereby submit this Opposition to Plaintiffs' Revised Application for Costs and

24 Attorneys' Fees (ECF No. 310).

25            <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

26         In their Revised Application for Costs and Attorneys' Fees (ECF No. 310), Plaintiffs'

27 counsel seeks $1,725,643 in fees and $324,548.33 in costs/expenses allegedly incurred addressing

28 issues pertaining to Plaintiffs' motion to compel discovery and the Special Master proceedings

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1

1   that took place in this matter.  As set forth below, review of the Revised Application for Costs and

2   Attorneys' Fees reveals rampant overbilling, excessive rates, unnecessary duplication of work and

3   an unbalanced concentration of hours billed by partners for work that should have been performed

4   by associates and paralegals and sometimes for clerical work that should not have been billed at

5   all.    Not only are the rates sought by counsel exorbitant, unjustified and unsupported by any

6   evidence to demonstrate that they would be reasonable in this District Court, the sheer number of

7   hours of attorney work claimed to have been necessary and reasonable for the issues identified in

8   Magistrate Judge Leen's Order (ECF No. 307) belie a litigation approach that at best suggests

9   unnecessary duplication of efforts due to there being "too many cooks in the kitchen" and at worst

10  invites speculation of an effort to exploit the circumstances by having multiple counsel working

11  on the same issues in order to blatantly churn fees.

12  I.      **The Rates Requested By Plaintiffs' Counsel Are Not Reasonable As They Do Not**
        **Reflect The Prevailing Rates In The District Of Nevada.**
13

14          In their application (ECF No. 310), Plaintiffs' counsel seeks the following rates for

15  attorneys' fees:

16          **Glancy Prongay & Murray, LLC**
            Marc Godino (Partner) -                    $750/hr
17          Kara Wolke (Partner) -                     $750/hr
            Christopher Fallon (Associate) -           $525/hr
18          Elizabeth Gonsiorowski (Associate) -       $395/hr
            Rayo Antonio (Associate) -                 $350/hr
19          Jack Ligman (Research Analyst) -           $310/hr
            Tia Reiss (Senior Paralegal) -            $295/hr
20          Harry Kharadjian (Senior Paralegal) -      $290/hr
            Samantha Skouros (Paralegal) -             $200/hr
21          Cameron Sawyer (Paralegal) -               $180/hr

22          **Tostrud Law Group, P.C.**
            John Tostrud (Partner) -                   $625/hr
23          Anthony Carter (Associate) -               $500/hr

24          **The O'Mara Law Firm, P.C.**
            David C. O'Mara (Partner) -                $350/hr
25          Adrian (Staff) -                           $100/hr
            Val Weiss (undisclosed) -                  $100/hr
26

27          As noted by this Court, the party seeking fees bears the burden of producing satisfactory

28  evidence to justify the requested rate.  *Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1257

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                    2

1  (D. Nev. 2014), *citing Gonzalez v. City of Maywood*, 729 F.3d 1196, 1206 (9th Cir. 2013).

2  Conveniently ignored by Plaintiffs' counsel in their Revised Application and in the supporting

3  Declarations is controlling authority from the United States Supreme Court and the Ninth Circuit

4  holding that reasonable attorney fees must "be calculated according to the prevailing market rates

5  in the relevant community," considering the fees charged by "lawyers of reasonably comparable

6  skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984); *Gonzalez*,

7  729 F.3d at 1205 (quotation omitted).  As noted in *Tallman*, the relevant community generally is

8  "the forum in which the district court sits." *Tallman*, 23 F. Supp. 3d at 1257, quoting *Prison Legal*

9  *News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010).

10    **A.**  **Partner Rates**

11    With the exception of Mr. O'Mara, Plaintiffs' counsel have failed to provide any evidence

12  to support a finding by the Court that the partner rates requested in the motion are reasonable for

13  lawyers of reasonably comparable skill, experience, and reputation for a wage and hour class

14  action case in the District of Nevada.  Mr. O'Mara, who seeks a rate of $350/hr, states in his

15  Declaration that this District Court has found his rate to be reasonable in the following cases:  *In*

16  *re Spectrum Pharmaceuticals, Inc., Securities Litigation*, 2:13-cv-00433 (D. Nev) and *IBEW*

17  *Local 697 Pension Fund v. IGT, et al.*, 3:09-cv-00419 (D. Nev.).  See **O'Mara Decl., at ¶¶ 9 &**

18  **12** (ECF No. 310-3).  While neither of the cases cited appears to be wage and hour class action

19  matters, the rate sought by Mr. O'Mara appears to be reasonable based on his years of experience

20  as an attorney in Nevada and the level of expertise described in his Declaration.  See **O'Mara**

21  **Decl., at ¶ 17 and Exhibit 2 to O'Mara Decl.** (ECF No. 310-3).

22    However, neither Mr. Godino nor Mr. Tostrud provide similar evidence to support the

23  reasonableness of the rates requested for them or for Ms. Wolke for partner work performed on

24  this matter in the District of Nevada.  Other than stating in identically-worded declarations that

25  "[t]he hourly rates shown below are the usual and customary rates set by the firm for each

26  individual" (**Godino Decl., at ¶ 9** (ECF No. 310-1); **Tostrud Decl., at ¶ 9** (ECF No. 310-2)), both

27  Mssrs. Godino and Tostrud fail to provide evidence that the District of Nevada has ever approved

28  the rates they seek ($750/hr and $625/hr, respectively) for work in an FLSA class action matter.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1

1    Mr. Tostrud states in his Declaration that his firm's hourly rates were recently approved in

2    the Eastern District of Pennsylvania and that "similar hourly rates" (without specifying the actual

3    rates) were approved for TLG's attorneys (not specifying whether those attorneys were Mr.

4    Tostrud and/or Mr. Carter), in Los Angeles Superior Court in 2016 and again in the Eastern

5    District of Pennsylvania in 2013. **Tostrud Decl., at ¶ 12** (ECF No. 310-2). Thus, there is no

6    evidence provided by Mr. Tostrud to support a finding by this Court that his requested rate of

7    $625/hr has ever been approved in the District of Nevada.

8    The same is true for Mr. Godino and his firm. Mr. Godino states in his Declaration that his

9    firm's "hourly rates"[1] have been approved in class action settlements in the Southern, Central and

10    Northern Districts of California. **Godino Decl., at ¶ 12** (ECF No. 310-1). As with Mr. Tostrud,

11    Mr. Godino provides no evidence that such rates for him or other attorneys from GPM have ever

12    been approved in the District of Nevada. In the absence of any evidence from Plaintiffs' counsel

13    that the rates they are seeking are reasonable in the District of Nevada, the Court may consider

14    "the fees awarded by other judges in the same locality in similar cases." *Tallman*, 23 F. Supp. 3d

15    at 1257, quoting *Moreno v. City of Sacramento,* 534 F.3d 1106, 1115 (9th Cir. 2008); *see also*

16    *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("[R]ate

17    determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are

18    satisfactory evidence of the prevailing market rate."). As the only evidence of reasonable attorney

19    rates approved for partners in the District of Nevada comes from Mr. O'Mara' Declaration, it is

20    Defendant's position that a reasonable rate for all partners (Godino, Tostrud, Wolke and O'Mara)

21    seeking fees as set forth in Plaintiffs' Revised Application (ECF No. 310) would be $350/hr.

22    **B.    Associate Rates**

23    There has been no evidence whatsoever produced by Plaintiffs' counsel in their

24    Declarations to justify the rates for <u>any</u> associate attorney work claimed in this matter. As set

25

26    _____

27    [1] Although not specifically stated by Mr. Godino in his Declaration, it is assumed for purposes of this Opposition to Plaintiffs' Revised Application (ECF No. 310) that the firm fee rates referred to are $750/hr for Partners, up to $525/hr for Associates and up to $295/hr for Paralegals.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   forth above, the associates who are listed as billing on this case for whom fees are being sought
2   pursuant to Magistrate Judge Leen's Order (ECF No. 307) are Anthony Carter (TLG), Elizabeth
3   Gonsiorowski (GPM), Chris Fallon (GPM) and Rayo Antonio (GPM).   There is no specific
4   evidentiary information provided in the Declarations of Mssrs. Godino and Tostrud or exhibits
5   attached to those Declarations to describe the wage and hour litigation experience or expertise of
6   any of the associates listed so as to justify the rates requested or otherwise inform the Court.

7          **Chris Fallon** - For Mr. Fallon, there is no explanation of his experience or expertise in the
8   Declaration of Mr. Godino.   The only information provided is in the firm bio for GPM which
9   indicates that Mr. Fallon "focuses on securities, consumer, and anti-trust litigation" (not wage and
10  hour), that he was previously a contract attorney working on anti-trust and business litigation
11  disputes and that he earned his J.D in 2004.   **Exhibit 4 to Godino Decl.** (ECF No. 310-1, page 90
12  of 97).   No other information is provided to inform this Court as to why the associate rate
13  requested for Mr. Fallon of $525/hr would be reasonable in the District of Nevada.

14         **Anthony Carter** - There is no information provided regarding Mr. Carter's experience
15  litigating wage and hour matters in the Declaration of Mr. Tostrud.   The total extent of
16  information provided about Mr. Carter is in the firm resume for the TLG, which informs the Court
17  that Mr. Carter is admitted to practice in the Commonwealth of Virginia and that he graduated
18  from law school in 1995.   **Exhibit C to Tostrud Decl.** (ECF No. 310-2, page 59 of 65).   This
19  information does not inform the Court at all as to why the rate of $500/hr claimed for Mr. Carter
20  could possibly be reasonable in the District of Nevada.

21         **Elizabeth Gonsiorowski** – For Ms. Gonsiorowski, there is also no information provided in
22  Mr. Godino's Declaration regarding her experience or expertise in wage and hour litigation.
23  Moreover, there isn't even a mention of her in the firm bio for GPM to indicate that she was an
24  attorney licensed to practice law, let alone to attempt to support the requested $395/hr charged for
25  her services. **Exhibit 4 to Godino Decl.**, ECF No. 310-1.

26         **Rayo Antonio** – Antonio receives the same recognition and explanation as Gonsiorkowski
27  in the Godino Declaration and the GPM firm bio (meaning none).

28         Under the circumstances, Plaintiffs' counsel has utterly failed to provide evidence to this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                                          5

1  Court to justify the rates for any of the associate work claimed in Plaintiffs' Revised Application

2  (ECF No. 310).[2]   Therefore, in the complete absence of any useful information provided by

3  counsel from which to determine an appropriate associate rate, this Court must turn to alternative

4  sources of information.  As noted above, in the absence of any evidence from counsel that the

5  rates they are seeking are reasonable in the District of Nevada, the Court may consider "the fees

6  awarded by other judges in the same locality in similar cases." *Tallman*, 23 F. Supp. 3d at 1257.

7  In *Tallman*, Judge Pro awarded a rate of $240/hr for an associate (Attorney Sniegocki) who had

8  been out of law school for 6 years and who had 4 years of experience in wage and hour litigation.

9  *Tallman*, 23 F. Supp. 3d at 1257, 1259.

10  From the extremely limited information provided by Plaintiffs' counsel, the rate of $240/hr

11  might possibly be applicable to Fallon and Carter based on their years of experience.  For

12  Gonsiorowski and Antonio, if the Court is satisfied that they were licensed attorneys who

13  legitimately worked on this matter, a lower rate is arguably appropriate.  By way of comparison,

14  although not directly comparable due to the special negotiated rate provided by Lewis Brisbois for

15  Clark County entities, associates billing on this matter for the defense are being billed at the rate of

16  $130/hr.  **Declaration of Robert W. Freeman, at ¶ 5**.  As such, Defendants request that the Court

17  determine a reasonable rate for associate work on this matter in the range of $150/hr to $240/hr.

18  **C.    Paralegal Rates**

19  As set forth above, Plaintiffs' counsel seeks paralegal rates in this matter ranging from a

20  high of $295/hr (Tia Reiss) to a low of $180/hr (Cameron Sawyer).[3]  As with the associate rates

21  requested, Plaintiffs' counsel has failed to provide any evidence or information to justify the

22  paralegal rates requested or to otherwise establish that such rates have been approved or would be

23  considered reasonable for this type of case in the District of Nevada.  There is also no information

---

24

25  [2] For Gonsiorowski and Antonio, the complete lack of evidence provided to establish the bona fides of
26  these individuals or that they even worked at the GPM firm would arguably allow this Court to reject
   awarding any of the fees attributed to these names.

27  [3] Mr. O'Mara listed some work in his Declaration for an individual named Val Weiss at $100/hr, but the
   Declaration fails to identify whether Weiss is a paralegal.  **O'Mara Decl., at ¶ 9** (ECF No. 310-3.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 provided in any of the Declarations describing the years of experience or expertise of any of the

2 paralegals for whom fees are requested.

3     In light of the lack of evidence provided by Plaintiffs' counsel to establish reasonable

4 paralegal rates in this District, the *Tallman* case is again instructive.  In *Tallman*, Judge Pro noted

5 that in requesting a paralegal rate of $150/hr, plaintiffs in that matter had not presented sufficient

6 evidence supporting that rate based solely on a representation that this rate was "reasonable and

7 appropriate."  *Tallman*, 23 F. Supp. 3d at 1259.  Judge Pro held in *Tallman* that in the absence of

8 competent evidence from plaintiffs' counsel concerning the prevailing rate in this District, as well

9 as the vague description of the paralegal's experience, a rate of $90/hr would be appropriate.  *Id.*

10 As the same circumstances exist in this matter, Defendants would request that this Court adopt the

11 prevailing rate pronounced by Judge Pro in *Tallman* for the applicable paralegal rate in this case.

12     In summary, Defendants agree that Plaintiffs' counsel has produced some competent

13 evidence in the O'Mara Declaration that an appropriate rate for Plaintiffs' counsel who are law

14 firm partners in wage and hour class actions in this District would be $350/hr.  As for appropriate

15 rates for associate attorneys and paralegals, Plaintiffs' counsel has failed to set forth competent

16 evidence of prevailing rates for such persons in this District, have failed to provide anything but

17 the most meager information regarding the experience and qualifications of Attorneys Carter and

18 Fallon, and have completely failed to provide <u>any</u> evidence of the experience and qualifications of

19 any other person (associate or paralegal) for whom fees are sought.  Under these circumstances,

20 Defendants request that the Court follow the admonitions and findings in the *Tallman* decision by

21 Judge Pro and establish rates of between $150/hr to $240/hr for associate attorneys and $90/hr for

22 paralegals in this case.  Using reasonable rates, the fees requested by Plaintiffs' counsel would be

23 reduced as follows:

24

| | Fees requested | Fees at proposed reasonable NV rate |
|---|---|---|
| Godino | 491.05 hrs @ $750/hr = $368,287.50 | 491.05 hrs @ $350/hr = $171,850.00 |
| Wolke | 524.65 hrs @ $750/hr = $393,487.50 | 524.65 hrs @ $350/hr = $183,627.50 |
| Gonsiorowski | 22.05 hrs @ $395/hr = $8,709.75 | 22.05 hrs @ $200/hr = $4,410.00 |
| Fallon | 5 hrs @ $525/hr = $2,625.00 | 5 hrs at $240/hr = $1,200.00 |
| Antonio | 152.45 hrs @ $350/hr = $53,357.50 | 152.45 hrs @ $200/hr = $30,490.00 |
| Reiss | 59.85 hrs @ $295/hr = $17,655.75 | 59.85 hrs @ $90/hr = $5,386.50 |
| Kharadjian | 2.5 hrs @ $290/hr = $725.00 | 2.5 hrs @ $90/hr = $225.00 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| Ligman | 6.0 hrs @ $310/hr = $1,860.00 | 6.0 hrs @ $90/hr = $540.00 |
| Skouras | 9.3 hrs @ $200/hr = $1,860.00 | 9.3 hrs @ $90/hr = $837.00 |
| Sawyer | 4.5 hrs @ $180/hr = $810.00 | 4.5 hrs @ $90/hr = $405.00 |
| | **Total Lodestar      $849,378.00** | **Total Lodestar      $398,971.00** |
| | | |
| Tostrud | 893.9 hrs @ $625/hr = $558,687.50 | 893.9 hrs @ $350/hr = $312,865.00 |
| Carter | 539.9 hrs @ $500/hr = $269,950.00 | 539.9 hrs @ $240/hr = $129,576.00 |
| | **Total Lodestar      $828,637.50** | **Total Lodestar      $442,441.00** |
| | | |
| O'Mara | 135.45 hrs @ $350/hr = $47,407.50 | 135.45 hrs @ $350/hr = $47,407.50 |
| Adrian | .5 hrs at $100/hr = $50.00 | .5 hrs @ $90/hr = $45.00 |
| Weiss | 1.7 hrs @ $100/hr = $170.00 | 1.7 hrs @ $90/hr = $153.00 |
| | **Total Lodestar      $47,627.50** | **Total Lodestar      $47,605.50** |

As such, just reducing the rates to reasonable rates in the District of Nevada reduces Plaintiffs' counsel's demand for attorneys' fees from $1,725,643.00 to $889,017.50. Of course, as set forth below, significant additional reductions in attorneys' fees are warranted.

**Imbalance Of Work Performed By Partners, Associates And Paralegals**

In Exhibit 1 to his Declaration, Godino claims that a total of 1,277.35 hrs were billed by members of his firm (2 partners, 3 associates, 4 paralegals and 1 research analyst) for work identified in Magistrate Judge Leen's Order (ECF No. 307). Of those hours, 1015.70 (79.5%) were billed by partners Godino and Wolke, 179.5 (14.1%) were billed by associates Gonsiorowski, Fallon and Antonio, and only 82.15 (6.4%) were billed by paralegals Reiss, Kharadjian, Skouras and Sawyer and the research analyst Ligman. **Exhibit 1 to Godino Decl.,** (ECF No. 310-1, page 11 of 97).

In Exhibit A to his Declaration, Tostrud claims that he billed 893.9 hrs and his associate Carter billed 539.9 hrs, for a total of 1,433.8 hrs for his firm. **Exhibit A to Tostrud Decl.,** (ECF No. 310-2, at page 10 of 65). There is no paralegal time billed by Tostrud's firm. This breaks down to a balance of 62.3% partner hrs to 37.7% associate hrs.

At paragraph 9 of his Declaration, O'Mara identifies 137.65 total hours billed for his firm, broken down as follows: O'Mara – 135.45; Adrian (Staff) - .5; and Weiss (no designation) – 1.7. **O'Mara Decl.,** (ECF No. 310-3, at pages 4-5 of 29). It is clear from the billing that O'Mara's role was almost exclusively as "local counsel" for the two out-of-state firms of Glancy Prongay Murray, LLP ("GPM") and Tostrud Legal Group ("TLG").

Adding the time together, the three firms representing Plaintiffs are seeking a total of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   2,848.8 hrs of billable time based on the Order (ECF No. 307).  Of those hours, the partners

2   (Godino, Wolke, Tostrud and O'Mara) billed a total of 2,045.05 hrs (71.8%), associates (mainly

3   Carter) only 719.4 hrs (25.25%) and only 84.35 hrs (2.9%) by paralegals or other persons.  As will

4   be set forth in much more detail below, much of that time (and effectively all of O'Mara's time) is

5   duplicative work by those partners attending the same hearings, reviewing the same emails, orders

6   and filings or work that would normally have been done by associates, paralegals or clerical staff

7   had the work been done for a private client.

8       For example, at Lewis Brisbois, many of our clients expect a ratio of approximately 75%

9   of work to be performed over the life of a case by associates and paralegals and 25% to be

10  performed by the partners.  **Freeman Decl., at ¶ 6**.  As reflected by their billings, the hours

11  worked by Plaintiffs' counsel Plaintiffs in this matter are essentially backwards, with the partners

12  billing over 70% of the hours.  This imbalance, especially the lack of use of paralegal time to

13  review, sort and summarize numerous transcripts for the Special Master proceedings,

14  demonstrates a serious imbalance in the time management of the billing requested by Plaintiffs'

15  counsel that must be remedied by the Court in order to arrive at a reasonable amount of fees.

16  Defendants propose that the Court take that imbalance into consideration when determining an

17  appropriate fee award.

18      By way of calculation, if the partner percentage (at the reduced reasonable NV rate of

19  $350/hr) billed was closer to 25% of the total hours billed (2,848.8/hrs x .25 = 712.20 hrs), the

20  amount of fees demanded in the Revised Application for partners would go from $715,767.05 to

21  $249,270.00 (712.2 /hrs x $350/hr).  Assuming a 70% to 5% associate to paralegal hours ratio at

22  the reasonable NV rates, the amount of associate and paralegal fees (without adjustment for

23  associates doing paralegal work) would go from a total of $173,267.50 to $458,656.80 for

24  associate work and $12,819.60 for paralegal work (1848.8/hr x .05 x 90/hr).  Thus, at reasonable

25  NV rates and a more reasonable partner to associate/paralegal ratio, the maximum potential

26  attorneys' fees amount would be reduced even further to $720,746.40.

27  **II.    The Hours Billed For The Motion To Compel Are Unreasonable.**

28      Magistrate Judge Leen's Order finds, in pertinent part, as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Monetary sanctions are also imposed against UMC in the form of reasonable costs and attorneys' fees unnecessarily incurred by plaintiffs,

2  including costs incurred for plaintiffs' ESI consultants in connection with (1) filing the May 2013 motion to compel; (2) efforts to obtain compliance

3  with the order compelling UMC to produce information responsive to the discovery requests in dispute; (3) attempts to identify and remedy UNC's

4  deficient ESI production; and (4) costs of participating in special master proceedings.

5

6  Order (ECF No. 307, page 122 of 123).  On May 15, 2013, Plaintiffs' counsel filed a Motion to

7  Compel (ECF No. 92) addressing 4 interrogatories and approximately 33 requests for production

8  that Plaintiffs believed were not properly responded to by Defendants, as well as a request for a

9  privilege log and a site inspection.  An Opposition (ECF No. 104) was filed by Defendants on

10  June 10, 2013 and Plaintiffs filed their Reply (ECF No. 110) on June 20, 2013.

11  Two hearings were held to address the Motion to Compel.  The first hearing, which took

12  place on June 25, 2013, did not result in a ruling on the Motion to Compel (ECF No. 92) because

13  of e-mail notification glitches between the Court and Lewis Brisbois attorneys.  See **Exhibit A to**

14  **Freeman Decl.,** Transcript of June 25, 2013 Hearing.  The first hearing began at 2:52 p.m. and

15  concluded at 3:19 p.m., lasting a total of 27 minutes.  *Id.*  The second hearing took place on July

16  12, 2013.  See **Exhibit B to Freeman Decl.,** Transcript of July 12, 2013 Hearing.  The second

17  hearing began at 9:01 a.m. and concluded at 11:03 a.m. *Id.*

18  Defendants take issue with the amount of time expended by Plaintiffs' counsel in drafting

19  and reviewing the Motion to Compel (ECF No. 92), preparing for the hearings, having three

20  partners traveling and attending each hearing, as well as the excessive travel and lodging expenses

21  incurred by the three partners to attend both hearings in person.  Review of the billing entries

22  attached as Exhibit 2 to Godino Declaration, Exhibit B to Tostrud Declaration and Exhibit 1 to

23  O'Mara Declaration show that a total of approximately 220 hrs is being requested by Plaintiffs'

24  counsel relating to meeting and conferring on discovery disputes, drafting and editing the Motion

25  to Compel, preparing for the hearings and attending the hearings.  As set forth in more detail

26  below, this amount is excessive and was not necessary or reasonable to obtain the result.

27  **A.**   **Time Spent Drafting And Reviewing The Motion to Compel Was Excessive**

28  As an initial matter, Magistrate Judge Leen's Order (ECF No. 307) does not specify that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1

Plaintiffs' counsel should be allowed to request fees related to the meet and confer process preceding the filing of the Motion to Compel (ECF No. 92). Plaintiffs' counsel's bills reflect a total of 16.5 hrs of billable time attributed to the meet and confer process, as follows:

**2.9 hrs** by Tostrud: 4/2/13 - (.9) meet and confer conference call with defense counsel; (1.7) conference all with co-counsel re: same; and 4/8/13 - (.3) edit draft letter to defense counsel re: discovery deficiencies. **Exhibit B to Tostrud Decl.** (ECF No. 310-2, page 12 of 65).

**2.5 hrs** by Gonsiorowski: 4/2/13 - (1.6) M&C prep and call; 4/4/13 - (.9) M&C letter. **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 19 of 97).

**10.1 hrs** by Wolke: 4/2/13 - (2.0) Telephonic meeting and conference; begin to draft M&C letter; 4/4/13 – (6.0) draft revise meet and confer letter; 4/7/13 – (2.10) draft revise meet and confer letter. **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 20 of 97).

**1.0 hrs** by Godino: 4/9/13 – (1.0) review and edit M & C letter. **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 13 of 97).

As the meet and confer process is not identified by Magistrate Judge Leen's Order (ECF No. 307), Defendants request that all <u>16.5 hrs</u> requested for this process be denied (-<u>$5,400</u> at reduced NV rates). If the Court determines that the meet and confer process was intended to be included, Defendants request that the hours be reduced as they are excessive. Tostrud (1.7), Wolke (2.0) and Gonsiorowski (1.6) each billed for the same conference call on 4/2/13, apparently to discuss strategy for the meet and confer letter. Since Tostrud was the partner who spoke to defense counsel, it would seem appropriate that he would be the one to discuss strategy with an associate to draft the letter. Normal staffing would utilize the associate to draft the letter and the partner to review and revise. Tostrud spent (.3) on 4/8/13 editing the letter, which seems appropriate. However, Wolke as a partner also participated in the strategy call and then spent more than 8 hours drafting the meet and confer letter and Godino spent 1 hr reviewing and editing it. This is duplicative, excessive and unreasonable. Wolke's time for both the strategy call and for drafting the letter should be denied.

Gonsiorowski, the associate, billed only (.9) on the letter, Wolke billed approx. (8.5) hours drafting the letter and Godino spent (1.0) hr editing the letter. Wolke's block time entry of (2.0) hrs for 4/2/13 reflects attending the telephonic meeting and conference also attended by Tostrud and Gonsirowski, followed by a semi-colon and a description for "begin to draft M&C letter." **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 20 of 97). Assuming that the call was either 1.6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

or 1.7 hrs based on the entries by Tostrud and Gonsiorowski for the same call, Wolke would have spent .3 or .4 hrs beginning to draft the letter, for a total of almost 9 hrs to draft the letter. Not only does the amount of time spent drafting the meet and confer letter appear excessive, as noted above, normal reasonable staffing would have the associate draft the letter, not another partner. If the Court finds that the total time expended on drafting the meet and confer letter is reasonable, Defendants would request that the hours be billed at the reasonable associate rate, not the reasonable partner rate. Total reasonable hours would be 1.7 partner hrs for the call, 5 associate hours to draft letter, 1 partner hour to edit/revise for a total of $1,945.00 for the meet and confer process instead of $5,200.00 (at reasonable NV rates).

Plaintiffs' counsel has also included in their Application (2.25) hrs on 4/30/13 for Wolke for "Discovery Responses." **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 20 of 97). The entry is too vague to justify inclusion as fees authorized by Magistrate Judge Leen's Order. There is no explanation connecting this entry to the drafting of the Motion to Compel. As such, the 2.25 hrs for Wolke on 4/30/13 should be denied (-$787.50 at reasonable NV rates)). Wolke has additional entries that are vague and appear unrelated to the motion to compel, as follows:

5/15/13 – (5.8) revise finalize motion to compel; **revise letter to judge re cert motion**). Because the entry on 5/15/13 is block billed it is unclear how much time was spent revising and finalizing the motion to compel and how much was spent on the apparently unrelated "letter to judge re cert motion." Defendants would request that a minimum of 1.5 hrs be reduced from the entry on 5/15/13 for Wolke (-$525.00).

6/14/13 – (5.5) review opposition, discuss w/ co-counsel, **discuss depositions, disco schedule, hearing, cert etc, emails same**. Again, the block entry does not indicate how much time was spent discussing depositions, the discovery schedule, cert or emails, all of which are not authorized by Magistrate Judge Leen's Order. It would appear that a reasonable amount of time to review Defendants' opposition to the motion to compel and discuss it with co-counsel would be in the neighborhood of 1 to 1.5 hours. As such, Defendants would request that the remaining 4 to 4.5 hrs for this entry be denied (-$1,400).

Additional entries that appear vague and unrelated to the motion to compel are as follows:

4/19/13 Gonsiorowski: (.6) **amend joint report**, mtc prelim research, review discovery. Amending a joint report is not authorized by the Order. Defendant requests that .2 hrs be denied for that entry (-$40.00).

O'Mara - 6/11/13 (.2) review opposition to mtc; (.1) email counsel; (.1) **email regarding discovery extension**. The email regarding discovery extension is not directly related to the motion to compel. As such, .1 hrs should be denied for that date (-$35.00).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                                          12

1      Reiss - 4/15/13 (.5) **Transcript** and 6/17/13 (.5) **Transcript**.  This vague one-word description of billing is insufficient to provide any relation to work encompassed by the Order.  As

2   such, 1.0 hr of Reiss' time for the motion to compel should be denied (-$90.00).

3      Tostrud - 5/16/13 – (.5) **review defense counsel request for extension**.  To the extent the request for extension by defense counsel actually relates to the motion to compel (which is not

4   clear from the vague entry), it does not take half an hour to review a request for an extension.  This is likely an email that took (.1) to review and appears to be the same email O'Mara reviewed

5   above.  As such, this entry should be reduced to .1 hrs if allowed at all (-$140.00).

6      A total of 209.05 hrs hours are requested for the Motion to Compel:

7      Tostrud – **20.7. hrs**:  4/8/13 - (.6) strategy session with co-counsel; 4/12/13 - (.8) discuss w/ co-counsel; 5/8/13 – (1.7) edit draft motion; 5/8/13 – (.9) discuss same with co-counsel AC;

8   5/13/13 – (.7) edit motion; 5/16/13 – (.5) review defense counsel request for extension; 6/11/13 – (1.9) read and review opposition to motion; 6/11/13 – (1.4) discuss opposition w/ co-counsel;

9   6/19/13 – (2.3) edit reply; 6/24/13 – (2.9) prep for hearing and travel to Las Vegas; 6/25/13 – (4.5) prepare for and travel to Las Vegas for hearing; 7/11/13 – (3.4) prepare for and travel to Las

10  Vegas for hearing; 7/12/13 (6.9) participate in hearing; m & c with defense counsel and travel back to LA.  **Exhibit B to Tostrud Decl.** (ECF No. 310-2, pages 12 and 13 of 65).

11

12     Carter - **51.0 hrs**:  5/9/13 – (2.2) review & edit motion to compel; 5/9/13 - (1.7) review & edit motion to compel and proposed order; 6/10/13 – (1.5) review defendant's opposition; 6/17/13

13  – (2.5) prepare materials and create issues outline for hearing; 6/18/13 – (2.3) continue create issues outline for hearing; 6/18/13 – (2.1) review reply for accuracy and completeness; 6/19/13 –

14  (4.5) continue create issues outline for hearing; 6/21/13 – (5.6) continue to edit issues outline; 6/24/13 – (1.7) continue edit issues outline for hearing; 6/24/13 – (1.7) review Chavez case cited

15  by Plaintiff in motion; 6/24/13 – (2.5) review and analyze cases cited in opposition; 7/3/13 – (3.5) prepare and review list of discovery disputes; 7/13/13 – (3.1) continue to prepare and review list of

16  discovery disputes;  7/9/13 – (2.0) continue to prepare and review list of discovery disputes; 7/10/13 – (3.5) continue to prepare and review list of discovery disputes; 8/9/13 – (4.5) update and

17  edit list of discovery disputes; 8/12/13 – (6.1) update and edit list of discovery disputes.  **Exhibit B to Tostrud Decl.** (ECF No. 310-2, pages 31 and 32 of 65).

18     Godino - **38.95 hrs**:  4/9/13 – (1.0) review and edit M&C letter; 5/2/13 – (1.80) review motion to compel and discuss with counsel; 5/3/13 – (1.5) review mtc and discuss with counsel;

19  5/8/13 – (1.0) review edits to mtc; 5/12/13 – (.5) update status on mtc and review PO; 5/15/13 – (2.5) review & edit Dec and exhibits for mtc, finalize and file;

20  6/10/13 – (2.5) review opposition to mtc and outline reply brief; 6/17/13 – (1.0) work on reply to mtc; 6/20/13 – (1.75) – finalize reply and dec for mtc and file; 6/24/13 – (6.75) travel to Nevada,

21  prep for hearing, meet with counsel; 6/25/13 – (6.15) attend mtc hearing and travel back to LA; 7/11/13 – (5.75) – travel time to NV and prep for MTC hearing, meet with counsel; 7/12/13 –

22  (6.25) attend hearing, travel back to LA.  **Exhibit 2 to Godino Decl.** (ECF No. 310-1, pages 13 and 14 of 97).

23

24     Gonsiorowski - **19.55 hrs**:  4/19/13 - (.6) amend joint report, mtc prelim research, review discovery; 4/22/13 – (.4) meet re mtc & case status; 4/29/13 – (3.9) working on mtc; 4/30/13 –

25  (1.75) working on mtc; 5/1/13 – (5.2) working on mtc; 5/2/13 – (.4) working on mtc; 5/3/13 – (2.0) working on mtc; 5/8/13 – (.4) working on mtc; 5/10/13 – (3.6) revise mtc; 5/13/13 – (1.3)

26  working on mtc.  **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 19 of 97).

27     Wolke - **55.75 hrs**:  5/2/13 - (5.8) review revise motion to compel; 5/14/13 – (6.5) revise motion to compel, decl and proposed order; 5/15/13 – (5.8) revise finalize motion to compel –

28  revise letter to judge re cert motion); 6/13/13 – (2.5) review opposition and begin drafting reply; 6/14/13 – (5.5) review opposition, discuss w/ co-counsel, discuss depositions, disco schedule,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                           13

1    hearing, cert etc, emails same; 6/17/13 – (5.8) research draft reply; 6/18/13 – (5.1) draft reply;
2    6/19/13 – (4.9) draft reply; 6/20/13 – (2.25) finalize reply; 6/24/13 – (1.5) meeting JT and GOD re
     hearing. **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 20 of 97).

3         O'Mara - **15.5 hrs**:  6/11/13 – (.2) review opposition to mtc; (.1) email counsel; (.1) **email
     regarding discovery extension**; 6/24/13 – (3.5) travel to LV for hearing; (.9) preparation for
4    hearing; (1.0) attend hearing; (.8) discuss results/status with counsel after hearing; (.2) emails
     from/to Tostrud; (.2) call from Tostrud re mtc hearing; 6/24/13 – (.2) emails to counsel re mtc
5    hearing; 6/26/13 – (.2) emails to counsel re July 12 hearing, review Court Minute Order; 7/11/13 –
     (.40) prepare email for hearing on July 12th; 7/12/13 – (1.0) preparation; (1.5) attend hearing; (2.0)
6    conference with counsel; (3.5) travel to/from Reno/Las Vegas. **Exhibit 1 to O'Mara Decl.** (ECF
     No. 310-3, at pages 11 and 12 of 29).
7
          Kharadjian - **2.0 hrs**: 5/9/13 – (2.0) format motion to compel docs.  **Exhibit 2 to Godino
8    Decl.** (ECF No. 310-1, page 19 of 97).

9         Reiss - **5.6 hrs**: 4/5/13 – (.5) **transcript**; 5/15/13 – motion to compel; 6/17/13 – (.5)
     **transcript**; 6/20/13 – (2.25) reply to motion to compel; 6/24/13 – (.85) motion to compel binder.
10   **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 20 of 97).

11        The number of total hours claimed just for strategy and then drafting the Motion to Compel

12   is excessive.  In all, Defendants have calculated that between Wolke, Carter, Gonsiorowski,

13   Tostrud and Godino, over 50 hrs were spent between them just drafting, discussing and revising

14   that motion.  That amount of time is excessive for a motion that did not involve complicated legal

15   issues or voluminous exhibits and only needed to identify what discovery had not been produced

16   and why Plaintiffs believed it should be produced.  Both Gonsiorowski and Wolke each billed

17   over 18 hrs drafting the motion.  A noted above, an associate would normally bill approximately

18   75% of the drafting time with the partner billing approximately 25% (especially when the partner

19   is billing at $750/hr).  Defendants hereby request that the amount of hours that would be

20   reasonable to draft the motion to compel would be 25 hrs total, and that 75% of that time be billed

21   at the reasonable NV associate rate defined by this Court and 25% be billed at the reasonable NV

22   partner rate ($5,937.50 total instead of $14,586 or -$8,649.00).

23        The amount of time spent and the unnecessary duplication of effort to review Defendants'

24   Opposition to the Motion to Compel (ECF No. 104) is also excessive.  The time records reflect

25   that between June 10th and June 13th of 2013, Godino, Tostrud, Carter, Wolke and O'Mara

26   collectively spent 15.5 hrs just to review and talk to each other about Defendants' Opposition, a

27   document that is not even 10 pages long.  **Exhibit 2 to Godino Decl.** (ECF No. 310-1, pages 19

28   and 20 of 97);  **Exhibit B to Tostrud Decl.** (ECF No. 310-2, pages 12 and 31 of 65);  **Exhibit 1 to**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   **O'Mara Decl.** (ECF No. 310-3, at page 11 of 29).  Ms. Wolke alone billed 8 hrs to review and

2   discuss the opposition with her colleagues on June 13th and 14th of 2013.  Mr. Tostrud spent 3.3

3   hours reviewing it and discussing it with co-counsel.  Mr. Godino spent 2.5 hours reviewing it and

4   Mr. Carter spent 1.5 hrs reviewing it.  Mr. O'Mara on the other hand billed .20 to review it.

5         No private client would pay for 5 different attorneys (4 of them partners) to review the

6   same document.  Under the circumstances, it is Defendants' position that, at best, one partner and

7   one associate should have been tasked to review the Opposition and discuss strategy for drafting

8   the Reply, and that this could have been reasonably accomplished in no more than 2.5 hrs.

9   ($765.00 instead of $5,500.00 or -$4,735.00)

10        The amount of time spent drafting the Reply (ECF No. 110) in support of the Motion to

11  Compel was also excessive.  The time records referenced above reflect that 25.2 hrs were spent

12  researching and drafting the Reply.  Again, it is Defendants' position that Plaintiffs had too many

13  attorneys working on the same document and that they had partners doing the majority of the

14  drafting when an associate would have normally been tasked with that assignment.  No private

15  client would agree to have a partner (Wolke) billing $750/hr spend over 18 hrs researching and

16  drafting the Reply, with the associate Carter billing only 2.1 hrs on June 18, 2013 to review the

17  reply "for accuracy and completeness."  **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 20 of

18  97); **Exhibit B to Tostrud Decl.** (ECF No. 310-2, page 31 of 65).  The remainder of the hours

19  were billed by partners Tostrud (2.3 hrs) and Godino (2.75) to add their own edits to the

20  document.  **Exhibit B to Tostrud Decl.** (ECF No. 310-2, page 12 of 65); **Exhibit 2 to Godino**

21  **Decl.** (ECF No. 310-1, page 14 of 97).  As a result, partners billed a little over 23 of the 25 hrs

22  spent drafting the Reply.  Defendants request that a reasonable amount of time to draft the Reply

23  would have been between 10-15 hrs, with 75% of those hours billed at a reasonable associate rate

24  and 25% billed at a reasonable partner rate. (15 x .75 = 11.75 x $240/hr = $2,700.00 + 15 x .25 =

25  3.25 x $350/hr = $1,312.50 = total of $4,012.50 instead of $8,571.50, or -$4,559.00).

26        The next unreasonable and unnecessary overbilling pertains to the preparation for and

27  attendance at the hearings on the motion to compel.  As noted above the first hearing took place on

28  June 25, 2013.  The billing records show that starting on June 17, 2013 and continuing through

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                             15

1   June 24, 2013, Attorney Carter billed 20.8 hrs drafting and editing an "issue outline" and

2   reviewing the cases cited in the motion to compel and opposition in order to prepare for the

3   hearing on the motion to compel. **Exhibit B to Tostrud Decl.** (ECF No. 310-2, page 31 of 65).  If

4   Carter had actually drafted the motion and reply, he would not have needed to take nearly 21 hrs

5   to create an issue outline and re-read and analyze cases that were in Plaintiffs' motion and

6   Defendants' opposition and had already been recently reviewed and analyzed by other attorneys

7   for Plaintiffs on the case who drafted the reply.

8        Again, no private client would pay for multiple attorneys to go over the same subject

9   matter repeatedly like having Carter spend 4.2 hours re-reading and analyzing cases that were

10  already analyzed and briefed by at least one other attorney in order to draft the reply.   It is

11  Defendants' position that the facts show that an "issue outline" could easily have been drafted in

12  no more than 3 to 5 hours had Plaintiffs' counsel properly utilized their resources and request that

13  the Court reduce the hours billed by Carter for the work described above to between 3-5 hrs hours

14  at a reasonable associate rate (5 x $240/hr = $1,200 instead of 20.8 X $240/hr = $4,992.00 or -

15  $3,792.00).

16        With regard to attendance at the hearings, it was not necessary for Plaintiffs to send three

17  partners to both hearings and therefore the time, travel and expenses requested for all three are

18  excessive.  Although Tostrud and Godino were admitted to practice *pro hac vice* in the District of

19  Nevada for this matter, Defendants are unaware of any requirement that Mr. O'Mara needed to be

20  present at the hearings.  Although United States District Court Local Rule IA 11-2, "Admission To

21  Practice In A Particular Case," provides that Mr. O'Mara was required to be associated by Tostrud

22  and Godino following their admission *pro hac vice* in this case, the Local Rule also specifically

23  states that "[u]nless the court orders otherwise, the resident attorney need not personally attend all

24  proceedings in court." **Local Rule IA 11-2(d)**.  Notwithstanding the provisions of the Local Rule,

25  Mr. O'Mara traveled to Las Vegas from Reno for both hearings.

26        O'Mara's requested billing for his travel and attendance at the two hearings on the motion

27  to compel is as follows:  6/24/13 – (3.5) travel to LV for hearing; (.9) preparation for hearing;

28  (1.0) attend hearing; (.8) discuss results/status with counsel after hearing; 7/12/13 – (1.0)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                         16

1   preparation; (1.5) attend hearing; (2.0) conference with counsel; (3.5) travel to/from Reno/Las

2   Vegas. **Exhibit 1 to O'Mara Decl.** (ECF No. 310-3, at pages 11 and 12 of 29). The total amount

3   of hours billed for O'Mara to prepare for and attend the two hearings was 14.2 hrs. Importantly,

4   the transcript of the first hearing on June 25, 2013 does not reflect that Mr. O'Mara made <u>any</u>

5   contribution to the hearing on behalf of Plaintiffs. <u>See</u> **Exhibit A to Freeman Decl.** The

6   transcript of the second hearing reflects that the only time O'Mara spoke was at the end of the

7   hearing to request that he be excused from attending the next status conference due to familial

8   responsibilities, at which time Magistrate Judge Leen excused him from even needing to be

9   present telephonically. <u>See</u> **Exhibit B to Freeman Decl., at p.28:5-20**. Therefore, unless

10   Plaintiffs can provide evidence of a Court order requiring O'Mara to be present as local counsel

11   for the two hearings on the motion to compel, it is Defendants' position that all <u>14.2 hrs</u> billed by

12   O'Mara to prepare for, travel to and attend the hearings on the motion to compel should be denied

13   (-<u>$4,970.00</u>).

14       Based on the O'Mara Declaration and Exhibit 1, his firm is seeking $1,769.66 for auto

15   rental, airfare, taxi and parking to attend court appearances for the hearings on the motion to

16   compel as well as subsequent status conferences and Special Master proceedings. **O'Mara Decl.,**

17   **at ¶ 13**. Because O'Mara does not break down the requested costs by date of travel, Defendants

18   cannot determine how much of the $1,769.66 is attributable to his travel to Las Vegas for the

19   hearings on the motion to compel in June and July of 2013. Nevertheless, because O'Mara was

20   not required to be there (and was arguably not required to personally attend any other court

21   proceeding), Defendants request that the Court deny all of the requested costs (-<u>$1,769.66</u>).

22       The transcripts of the two hearings show that Tostrud was the only attorney that argued the

23   merits of the motion to the Court. **Exhibits A & B to Freeman Decl.** Godino billed 24.9 hrs to

24   prepare for and attend the two hearings, as follows: <u>6/24/13</u> – (6.75) travel to Nevada, prep for

25   hearing, meet with counsel; <u>6/25/13</u> – (6.15) attend mtc hearing and travel back to LA; <u>7/11/13</u> –

26   (5.75) – travel time to NV and prep for MTC hearing, meet with counsel; <u>7/12/13</u> – (6.25) attend

27   hearing, travel back to LA. **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 14 of 97). Based on

28   the fact that his presence did not add anything substantive to the proceedings, Godino's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  preparation for, travel to and attendance at the two hearings was unnecessary and the Court should

2  deny all 24.9 hrs billed (-$8,715.00).   Godino's Declaration does not break down the costs for

3  airfare, taxi, hotel attributed to his trips to Las Vegas for the two hearing on the motion to compel.

4  Nevertheless, Godino should be instructed by the Court to provide that information so those costs

5  can be deducted from any award by the Court.

6        Since Tostrud was the only attorney for Plaintiffs who actually participated in the hearings

7  in a meaningful way, only his reasonable hours should be considered by the Court for purposes of

8  the Application.   Tostrud requests the following applicable billings:   6/24/13 – (2.9) prep for

9  hearing and travel to Las Vegas; 6/25/13 – (4.5) prepare for and travel to Las Vegas for hearing;

10  7/11/13 – (3.4) prepare for and travel to Las Vegas for hearing; 7/12/13 (6.9) participate in

11  hearing; m & c with defense counsel and travel back to LA.   **Exhibit B to Tostrud Decl.** (ECF

12  No. 310-2, pages 12 and 13 of 65).   While Tostrud has billing entries stating prep for hearing and

13  travel to Las Vegas for both June 24th and 25th, the entry on the 25th appears to more reasonably

14  reflect the time spent for his actual attendance at the truncated hearing on that date and his return

15  travel to LA.   Under the circumstances, the amount of time for travel and preparation time would

16  not appear to be unreasonable (if billed at a reasonable partner rate for this District).

17        Tostrud's Declaration also does not identify a break down of the exact costs for airfare,

18  taxi/parking/rental car or hotel attributable to the two hearings on the motion to compel, as they

19  are lumped in with other similar costs for the Special Master proceedings.   **Tostrud Decl., at ¶ 13**.

20  Without a proper break down, it is impossible for Defendants to ascertain if the costs for lodging,

21  rental car, etc. were reasonable.   Tostrud should be required to provide more accurate information

22  breaking down the travel and lodging costs for the two hearings so that the Court can make a

23  determination of what costs should be reasonably allowed.   Defendants will then rely on the

24  Court's best judgment to determine if the costs requested by Tostrud for the hearings are

25  reasonable.

26  **III.**   **The Hours Billed For The Special Master Proceedings Are Unreasonable**

27        **A.**   **Unnecessary Duplicative Attendance At Special Master Hearings**

28        The following shows the duplicative billings for preparation, travel and attendance at the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                         18

1  various Special Master Hearings, by date of hearing:

2  **4/4/14 SM Hearing**

3  Godino – 4/3/14 and 4/4/14.  Billed <u>19 hrs</u> to prepare for, travel to, attend and return from

4  SM hearing.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 14 of 97).

5  Tostrud – /1/14 through 4/5/14.  Billed <u>26.8 hrs</u> to prepare for, travel to, attend and return

6  from SM hearing.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at pages 19-20 of 65).

7  O'Mara – 4/4/14.  Billed <u>13 hrs</u> to travel to, attend, discuss w/ co-counsel and return from

8  SM hearing.  **Exhibit 1 to O'Mara Decl.,** (ECF 310-3, at page 13 of 29)  **Total 58.8 hrs**

9  **4/7/14 SM Hearing**

10  Godino - 4/6/14 and 4/7/14.  Billed <u>20 hrs </u> to prepare for, travel to, attend and return from

11  SM hearing.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 14 of 97).

12  Tostrud - 4/6/14 through 4/8/14.  Billed <u>25 hrs</u> to prepare for, travel to, attend, discuss with

13  co-counsel and return from SM hearing.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 20

14  of 65).

15  O'Mara – 4/7/14.  Billed <u>13 hrs</u> to travel to, attend, discuss w/ co-counsel and return from

16  SM hearing.  **Exhibit 1 to O'Mara Decl.,** (ECF 310-3, at page 14 of 29).  **Total 58.0 hrs**

17  **4/10/14 Telephonic SM Hearing**

18  Godino – 4/10/14.  Billed <u>4.5 hrs</u> to prepare for and attend telephonic SM hearing. **Exhibit**

19  **2 to Godino Decl.,** (ECF No. 310-1, at page 15 of 97).

20  Tostrud – 4/9/14 & 4/10/14.  Billed <u>11.6 hrs</u> to prepare for, strategize with co-counsel and

21  attend a telephonic SM hearing that lasted 1.9 hrs;  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2,

22  at page 20 of 65).

23  O'Mara – 4/9/14 & 4/10/14.   Billed <u>3.1 hrs</u> to prepare for and attend telephonic SM

24  hearing.  **Exhibit 1 to O'Mara Decl.,** (ECF 310-3, at page 14 of 29).  **Total 19.2 hrs**

25  **4/15/14 SM Hearing**

26  Godino – 4/15/14.  Billed <u>7.0 hrs</u> (lumped time) to prepare for and attend telephonic SM

27  hearing.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 15 of 97).

28  Tostrud – 4/14/14 & 4/15/14.  Billed <u>12.4 hrs</u> to prepare for and attend a telephonic SM

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                                    19

hearing; **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 20 of 65).  **Total 19.4 hrs**

**4/22/14 SM Hearing**

Wolke – 4/17/14 through 4/23/14.  Billed approx. 24.75 hrs to prepare for, travel to, attend SM hearing on 4/22/14 and return to LA on 4/23/14.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 21 of 97).

Godino – 4/18/14 through 4/23/14.  Billed approx. 30 hrs (lumped time) to prepare for, travel to, attend SM hearing on 4/22/14 and return to LA on 4/23/14;  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 15 of 97).

Tostrud – 4/21/14 & 4/22/14.  Billed 21.5 hrs to prepare for, travel to and attend SM hearing on 4/22/14.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 21 of 65). **Total 76.5 hrs.**

**5/1/14 SM Hearing**

Godino – 5/1/14.  Billed approx. 4.25 hrs to prepare for and attend telephonic SM hearing.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 15 of 97).

Tostrud – 4/30/14.  Billed 5.6 hrs to prepare for 5/1/14 telephonic hearing.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 21 of 65).

Carter – 4/28/14 through 5/1/14.  Billed 2.6 hrs to prepare for and attend 5/1/14 telephonic hearing.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 39 of 65).  **Total  12.45 hrs**

**5/6/14 SM Hearing**

Godino – 5/3/14 through 5/7/14.  Billed approx. 25 hrs (lumped time) to prepare for, travel to, attend SM hearing on 5/6/14 and return to LA on 5/7/14.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 15 of 97).

Tostrud – 5/5/14 & 5/6/14.  Billed 18.6 hrs to prepare for, travel to and attend SM hearing on 5/6/14.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 21 of 65).

Carter – 5/5/14 through 5/6/14.  Billed 2.7 hrs to prepare for SM hearing.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 39 of 65).  **Total 46.3 hrs**

**5/29/14 and 5/30/14 SM Hearings**

Godino – 5/29/14 & 5/30/14.  Billed 8.0 hrs to prepare for and participate in telephonic SM

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                          20

1    hearings.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 16 of 97).

2    　　Tostrud – 5/28/14, 5/29/14 & 5/30/14.  Billed 27 hrs to prepare for and participate in

3    telephonic SM hearings.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 23 of 65)

4    　　Carter - 5/29/14 & 5/30/14.  Billed 4.6 hrs to prepare for and participate in telephonic SM

5    hearings.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 41 of 65).  **Total 39.6 hrs**

6    　　**6/4/14 SM Hearing**

7    　　Godino – 6/4/14.  Billed 5 hrs to prepare for and attend telephonic SM hearing; **Exhibit 2**

8    **to Godino Decl.,** (ECF No. 310-1, at page 16 of 97).

9    　　Wolke – 6/4/14.  Billed 3 hrs for telephonic SM hearing; **Exhibit 2 to Godino Decl.,** (ECF

10   No. 310-1, at page 21 of 97).

11   　　Tostrud – 6/3/14 & 6/4/14.  Billed 11 hrs to prepare for and attend telephonic SM hearing.

12   **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at pages 23-24 of 65).

13   　　Carter – 6/3/14 & 6/14/14.  Billed 8.3 hrs to prepare for and attend telephonic SM hearing.

14   **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 41 of 65).

15   　　O'Mara – 6/4/14.  Billed 2.6 hrs to prepare for and attend telephonic SM hearing.  **O'Mara**

16   **Decl.,** (ECF No. 310-3, at page 18 of 29).  **Total 29.9 hrs**

17   　　**6/13/14 SM Hearing**

18   　　Godino – 6/12/14 & 6/13/14.  Billed 6.25 hrs to prepare for and attend telephonic SM

19   hearing; **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 16 of 97).

20   　　Tostrud – 6/11/14 & 6/13/14.  Billed 13.8 hrs to prepare for and attend telephonic SM

21   hearing;  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 24 of 65).  **Total 20.05 hrs**

22   　　**6/16/14 SM Hearing**

23   　　Wolke - 6/16/14 and 6/17/14.  Billed 15.5 hrs to travel to, attend and return from SM

24   hearing on 6/16/14; **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 21 of 97).

25   　　Godino – 6/14/14 through 6/17/14.  Billed 25.5 hrs to prepare for, travel to, attend and

26   return from SM hearing on 6/16/14; **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 1 of 97).

27   　　Tostrud - 6/14/14 through 6/16/14.  Billed 24.6 hrs to prepare for, travel to, attend and

28   return from SM hearing on 6/16/14; **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at pages 24-25

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                    21

1    of 65).  **Total 65.6 hrs**.

2        **6/26/14 SM Hearing**

3        Godino – 6/26/14.  Billed <u>4.0 hrs</u> to prepare for and participate in telephonic SM hearing;

4    **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 17 of 97).

5        Tostrud - 6/25/14 & 6/26/14.  Billed <u>13 hrs</u> to prepare for and participate in telephonic SM

6    hearing; **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at pages 25-26 of 65)

7        Carter – 6/26/14.  Billed <u>1.2 hrs</u> to participate in telephonic SM hearing.  **Exhibit B to**

8    **Tostrud Decl.,** (ECF No. 310-2, at page 45 of 65).  **Total 18.2 hrs**.

9        **7/3/14 SM Hearing**

10        Godino – 7/3/14.  Billed <u>4.5 hrs</u> to prepare for and participate in telephonic SM hearing;

11    **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 17 of 97).

12        Tostrud – 7/3/14.  Billed <u>7.1 hrs</u> to prepare for and participate in telephonic SM hearing;

13    **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 26 of 65)

14        Carter – 7/3/14.  Billed <u>1.2 hrs</u> to participate in telephonic SM hearing.  **Exhibit B to**

15    **Tostrud Decl.,** (ECF No. 310-2, at page 47 of 65) **Total 12.8 hrs**.

16        **7/25/14 SM Hearing**

17        Godino – 7/25/14.  Billed <u>4 hrs</u> to prepare for and participate in telephonic SM hearing;

18    **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 17 of 97).

19        Tostrud – 7/25/14.  Billed <u>3.9 hrs</u> to prepare for and participate in telephonic SM hearing;

20    **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 27 of 65)

21        Carter – 7/25/14.  Billed <u>1.1 hrs</u> to prepare for and participate in telephonic SM hearing.

22    **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 49 of 65) **Total 9.0 hrs**.

23        **7/28/14 SM Hearing**

24        Godino – 7/28/14.  Billed <u>4 hrs</u> to prepare for and participate in telephonic SM hearing;

25    **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 18 of 97).

26        Tostrud – 7/28/14.  Billed <u>2.8 hrs</u> to prepare for and participate in telephonic SM hearing;

27    **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 27 of 65) **Total 6.8 hrs**.

28        **8/4/14 SM Hearing**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      Wolke – 8/4/14.  Billed <u>6.5 hrs</u> (lumped time with other entries) for "conf call with SMG;"

2  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 22 of 97).

3      Tostrud – 8/3/14 & 8/4/14.  Billed <u>10.8 hrs</u> to prepare for and participate in telephonic SM

4  hearing; **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 28 of 65)

5      Carter – 8/4/14.  Billed <u>2.0 hrs</u> to prepare for and participate in telephonic SM hearing.

6  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 49 of 65)  **Total 18.4 hrs**

7      **8/8/14 SM Hearing**

8      Godino – 8/8/14.  Billed <u>3 hrs</u> to participate in telephonic SM hearing; **Exhibit 2 to**

9  **Godino Decl.,** (ECF No. 310-1, at page 18 of 97).

10      Tostrud – 8/7/14 & 8/8/14.  Billed <u>9.7 hrs</u> to prepare for and participate in telephonic SM

11  hearing; **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 27 of 65).

12      Carter – 8/8/14.  Billed <u>1.2 hrs</u> to prepare for and participate in telephonic SM hearing.

13  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 50 of 65).

14      O'Mara – 8/8/14.  Billed <u>1.2 hrs</u> to participate in telephonic SM hearing.  **O'Mara Decl.,**

15  (ECF No. 310-3, at page 21 of 29).  **Total 15.1 hrs**.

16      **8/15/14 SM Hearing**

17      Godino – 8/15/14.  Billed <u>.25 hrs</u> to participate in telephonic SM hearing; **Exhibit 2 to**

18  **Godino Decl.,** (ECF No. 310-1, at page 18 of 97).

19      Tostrud – 8/15/14.  Billed <u>2.7 hrs</u> to prepare for and participate in telephonic SM hearing;

20  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 28 of 65).

21      Carter – 8/15/14.  Billed <u>1.0 hr</u> to prepare for and participate in telephonic SM hearing.

22  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2, at page 51 of 65)  **Total 3.95 hrs**

23      **10/21/14 SM Hearing**

24      Godino – 10/7/14 to 10/21/14.  Billed <u>33 hrs</u> preparing for hearing, traveling to Las Vegas

25  for hearing and returning from hearing to LA.  **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page

26  19 of 97).

27      Wolke – 9/24/14 to 10/21/14.  Billed <u>54 hrs</u> preparing for hearing, traveling to Las Vegas

28  for hearing and returning from hearing to LA.  **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                              23

1   23 of 97).

2        Tostrud - 9/29/14 to 10/21/14.  Billed <u>54.6 hrs</u> preparing for hearing, traveling to Las

3   Vegas for hearing and returning from hearing to LA (13.9 hrs billed on 10/8 and 10/19 were not

4   counted towards this amount as they were included separately in the sanctions argument).  **Exhibit**

5   **B to Tostrud Decl.** (ECF No. 310-2, at pages 29-30 of 65).

6        Carter – 10/7/14, 10/10/14 & 10/14/14.  Billed <u>4 hrs</u> to meet with Tostrud, Godino and

7   Wolke to strategize for the 10/21/14 SM hearing.  **Exhibit B to Tostrud Decl.,** (ECF No. 310-2,

8   at page 54 of 65)

9        O'Mara – 10/20/14 to 10/21/14.  Billed <u>10 hrs</u> traveling to Las Vegas from Reno, meeting

10  with co-counsel, attend hearing and return to Reno.  **O'Mara Decl.** (ECF No. 310-3, at page 25 of

11  29).  **Total 155.6 hrs.**

12       As with the hearings on the motions to compel, it appears from the billings that Tostrud

13  was the main partner preparing for the hearings and that Godino, Wolke, Carter and O'Mara were

14  mostly just there to overbill when they attended.  Defendant's position is that the attendance of

15  two or three (or four) partners at any of these Special Master hearings was not necessary and that

16  the entire amount billed by anyone other than Tostrud to attend the Special Master hearings should

17  be denied  <u>Allowable</u>: 302.5 Tostrud hrs x $350/hr =$105,875.00.  <u>Reductions</u>: 29.9 associate hrs

18  x $240/hr = <u>-$7,176.00</u> + 353.9 partner hrs at $350/hr = <u>-$123,865.00</u> for a total of <u>-$131,041.00</u>

19  for the duplicative preparation and attendance at Special Master hearings.

20       The same would go for costs incurred to travel in person to Las Vegas for these Special

21  Master hearings by anyone other than Tostrud.  As with the costs allegedly incurred for the travel,

22  lodging, etc. for the hearings on the motion to compel, Plaintiffs' counsel have not provided a

23  specific break down by date to indicate how much was spent for the unnecessary duplication of

24  travel, lodging, etc. for the Special Master hearings that required in-person attendance.  As such,

25  Plaintiffs' counsel should provide a break down so that this Court can properly evaluate the

26  amounts to be denied and the reasonableness of the costs attributed to Tostrud.

27      **B.**    **Research and Draft Proposed Special Master Report/Order**

28       <u>Wolke</u> – 6/6/14 through 7/11/14.  Billed <u>188.75 hrs</u> researching and drafting the Special

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                                                              24

1   Master proposed order. **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at pages 21 and 22 of 97).

2   <u>Godino</u> – 6/25/14 through 7/11/14.  Billed approx. <u>19.75 hrs</u> reviewing, editing and

3   finalizing "SM PO" (assumed to be Special Master Proposed Order).  This is approximate since

4   there are other entries lumped in. **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 17 of 97).

5   <u>Antonio</u> – 7/1/14 to 7/11/14.  Antonio billed <u>32.5hrs</u> for conducting legal research, drafting

6   portions of and reviewing documents and gathering exhibits for a "Proposed Order" (which based

7   on the timing and Godino's references to "SM PO", Defendants assume is the Special Master

8   Proposed Order). **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 13 of 97).

9   <u>Tostrud</u> – 7/11/14.  Billed <u>2.2</u> hrs to review Special Master e-discovery summary and

10  order. **Exhibit B to Tosturd Decl.,** (ECF No. 310-2, at page 27 of 65).

11  <u>Carter</u> – 6/9/14 through 7/11/14.  Billed a total of <u>38.5 hrs</u> for researching similar Special

12  Master proposed reports for structure and legal authority, drafting data-mapping section for

13  inclusion in proposed report & recommendation, and drafting, preparing and filing the proposed

14  order. **Exhibit B to Tosturd Decl.,** (ECF No. 310-2, at pages 42-48 of 65).

15      Although the Special Master proposed order containing findings of fact and conclusions of

16  law was lengthy and involved, with all of the time spent reviewing and summarizing transcripts

17  and the regular orders keeping track of the progress, it is Defendant's position that 281.7 hrs to

18  draft that proposed order is unreasonable.  This is especially true since approximately 70% of that

19  time was billed by Wolke, a partner, at $750/hr.  Again, no paying client would authorize a senior

20  partner billing at that rate to do the vast majority of the work involved.  Defendants propose that a

21  more reasonable amount of time to draft the Special Master proposed order would have been in the

22  range of <u>50-70 hrs,</u> with 75% of the time billed at reasonable associate rate and 25% at a

23  reasonable partner rate. (70 x .75 = 52.5 x $240/hr = $12,600 + 70 x .25 = 17.5 x $350/hr = $6,125

24  = a reasonable total of <u>$18,725.00</u> instead of (210.7 partner hrs x $350/hr = $73,745.00 + 38.5 x

25  $240/hr associate hrs = $9,240 + 32.5 x $200/hr associate hrs = $6,500) = $89,485.00, or <u>-</u>

26  <u>$70,760.00</u>.

27      **C.      Reviewing Defendants' Opposition to Special Master Proposed Order,
        Drafting Response and Reviewing Defendant's Reply**

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    <u>Wolke</u> – 9/2/14 through 9/27/14.   Billed <u>67.7 hrs</u> reviewing Defendants' Objections to

2    Special Master Order and researching and drafting a response to the Objections and reviewing

3    Defendants' reply.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 23 of 97).

4    <u>Godino</u> – 9/2/14 through 9/27/14.   Billed <u>51.1 hrs</u> reviewing Defendants' Objections to

5    Special Master Order, researching and drafting a response to the Objections and reviewing

6    Defendants' reply.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at pages 18 and 19 of 97).

7    <u>Tostrud</u> – 9/3/14 through 9/17/14.   Billed <u>20.2 hrs</u> reviewing Defendants' Objections to

8    Special Master Order, discussing it with co-counsel, editing and drafting a response to the

9    Objections and reviewing the motion or leave to file a reply.  **Exhibit B to Tostrud Decl.** (ECF

10   No. 310-2, at page 29 of 65).

11   <u>Carter</u> – 9/3/14 through 9/29/14.   Billed <u>27.5 hrs</u> reviewing Defendants' Objections to

12   Special Master Order, preparing a rebuttal chart and other materials for response, meeting with co-

13   counsel and analyzing Defendants' reply.  **Exhibit B to Tostrud Decl.** (ECF No. 310-2, at pages

14   51-53 of 65).

15   <u>Fallon</u> – 10/5/14.   Billed <u>5 hrs</u> "reviewing" the Special Master Report, UMC's objections,

16   Plaintiffs' response and UMC's reply.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 13 of

17   97).  This appears to be Fallon's only entry.  Apparently, he wanted to "get in on" some of the

18   churning for this case.  All of his time should be denied as it does not appear that there was any

19   purpose for this billing.

20   Once again, three partners and two associates somehow bill <u>171.5 hrs</u> of combined time

21   just to review Defendants' Objections to the Special Master proposed order and respond to those

22   objections.  Once again, approximately 80% of the time billed is billed by partners.  No private

23   client would countenance this kind of unbalanced and duplicative effort.  Defendants propose that

24   a more reasonable amount of time to review and respond to Defendants' Opposition to the Special

25   Master proposed order and review Defendants' reply would have been in the range of <u>30-40 hrs,</u>

26   with 75% of the time billed at reasonable associate rate and 25% at a reasonable partner rate.  (40

27   hrs x .75 = 30 x 240/hr = $7,200.00 + 40 hrs x .25 = 10 x $350/hr = $3,500.00 for total of

28   <u>$10,700.00;</u> instead of 139 x $350/hr = $48,650.00 + 32.5 x $240/hr = $7,800.00 for a total of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  $56,450.00).  Total deduction -$45,750.00.

2  **D.    Sanctions Research and Motion for Sanctions**

3  Over time, several attorneys spent 166.3 hrs researching the issue of discovery sanctions,

4  drafting a motion for sanctions, reviewing Defendants' opposition, drafting a reply and drafting

5  other supplemental submissions relative to sanctions.  The hours spent on the motion for sanctions

6  are excessive.

7  Wolke – 4/14/14 through 7/11/14.  Billed approximately 24.75 hrs on researching

8  sanctions (lumped entries with other tasks make it difficult to determine exact hrs).  **Exhibit 2 to**

9  **Godino Decl.,** (ECF No. 310-1, at page 17 of 97).

10  Antonio – On 7/8/14, Antonio billed 1.75 hrs for conducting legal research regarding

11  sanctions.  **Exhibit 2 to Godino Decl.,** (ECF No. 310-1, at page 13 of 97).

12  Carter – 1/24/14 through 3/28/14, billed 26.6 hrs researching and drafting the motion for

13  sanctions and declarations.  **Exhibit B to Tostrud Decl.** (ECF No. 310-2, at pages 32-34 of 65).

14  At least .5 hrs should be written off as clerical work based on billing by Carter to file the motion

15  for sanctions and supporting docs (3/5/14 entry).  Between 3/25/14 and 3/28/14, Carter billed 4.3

16  hrs to review Defendants' opposition and draft the reply to the motion for sanctions.  **Id.** (ECF No.

17  310-2, at pages 34- of 65).  From 6/11/14 to 10/15/14, Carter billed another 13 hrs researching

18  case law for sanctions issues.  Total 44.4 hrs by Carter.

19  Tostrud – 1/22/14 to 10.  Tostrud billed 95.4 hrs strategizing, researching and drafting the

20  motion for sanctions, reviewing the opposition and drafting the reply and supplemental submission

21  requesting sanctions.  **Exhibit B to Tostrud Decl.** (ECF No. 310-2, at pages 14-30 of 65).  Of that

22  total, 36.7 hrs were spent by Tostrud, as a partner, researching sanctions decisions.  Research

23  projects of this breadth are generally done by associates and/or experienced paralegals, not

24  partners.

25  Altogether, again it is clear that the work load was not reasonably balanced as partners

26  (Wolke and Tostrud) billed approximately 120 of the 166 hrs devoted to obtaining sanctions in

27  this case.  It is Defendants' position that the research was excessive, especially since the majority

28  of the research was conducted by Tostrud.  A motion for sanctions should not take 166 hours to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    strategize, research and prepare.  The issues regarding the request for sanctions (spoliation based

2    on alleged failure to preserve evidence) are not that difficult.  Plaintiffs' counsel appear to have

3    milked the sanctions motion for all they could.  It is Defendants' position that a more reasonable

4    amount of time to be spent researching and drafting the motion for sanctions would have been in

5    the 30-40 hr range, again with a 75%/25% balance between reasonable associate and partner rates.

6    (40 hrs x .75 = 30 x 240/hr = $7,200.00 + 40 hrs x .25 = 10 x $350/hr = $3,500.00 for total of

7    $10,700.00; instead of 120.15 x $350/hr = $42,052.50 + 46.15 x $240/hr = $11,076.60 for a total

8    of $53,128.50).  Total reasonable deduction -$42,428.50.

9           **E.  Improperly Billed Paralegal Or Clerical Work**

10         Antonio – Between 6/6/14 and 7/10/14, Antonio had numerous entries stating "reviewed

11    hearing transcripts for discovery record" and "reviewed hearing transcripts for case issues."

12    **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 13 of 97).  Antonio billed 75.65 hrs to review

13    transcripts for "discovery record" and "case issues" and draft summaries of those transcripts.

14    Although not identified as such by Plaintiffs, it appears fairly certain that the transcripts reviewed

15    were of the Special Master hearings.  Reviews of transcripts and summaries are duties normally

16    done by paralegals, not by associates billing $350/hr.  Without any information from the billing

17    entries on how many pages of transcripts were reviewed or how long the summaries were, it is

18    difficult for Defendants to know if 75.65 hrs is a reasonable amount of time.  Based on inflation of

19    hours seen thus far, it is Defendant's position that 50 hrs may likely be more reasonable.  As such,

20    Defendant would request that this time attributed for Antonio should be billed as 50 hrs at a

21    reasonable paralegal rate (50 hrs x $90/hr = $4,500 instead of 75.65 x $200/hr = $15,130.00).

22    total reasonable deduction -$10,630.00.

23         Antonio – Between 8/5/14 and 9/16/14, Antonio billed 23 hrs for reviewing supplemental

24    brief, case brief, hearing transcripts and transcript materials and gathering documents and exhibits

25    for the briefs.  **Exhibit 2 to Godino Decl.** (ECF No. 310-1, page 13 of 97).  Again, reviewing

26    documents to gather exhibits for a brief is work that appears to be work that could have been done

27    by a paralegal.  If the Court agrees, Defendant would request that all 23 hrs billed by Antonio for

28    this work be billed at a reasonable paralegal rate (23 x $90/hr = $2,070.00, instead of 23 x $200/hr

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   = $4,600). Total reasonable deduction -$2,530.00.

2       Carter – Carter has numerous entries where he is billing to "prepare and assemble binder

3   documenting timeline of preservation efforts by defendant," "assemble presentation materials for

4   upcoming hearing," "prepare and assemble materials for Special Master Review and analysis,"

5   preparing "bullet point summary of parties' duties," reviewing and summarizing transcripts,

6   reviewing and assembling hearing transcripts, preparing spreadsheets documenting defendants'

7   representations, calculating hearing transcript pages and number of Special Master hearings (3.5

8   hrs!) and other work of a nature that would appear to be appropriate work for a paralegal. **Exhibit**

9   **B to Tostrud Decl.** (ECF No. 310-2, at pages 34-46 and 49-52 and 55 of 65). Carter billed 185.9

10  hrs preparing and assembling binders, reviewing and summarizing transcripts, and preparing

11  spreadsheets and bullet point summaries from transcript information and calculating the number of

12  Special Master hearings and pages of Special Master transcripts, all work that should have been

13  done by a paralegal. Defendants' position is that all of this time should have been billed at a

14  reasonable paralegal rate (185.9 x $90/hr = $16,731.00 instead of 185.9 x $240/hr = $44,616.00).

15  Total reasonable deduction -$27,885.00.

16      It should be noted that of the few hours billed by paralegals Reiss and Skouras, the vast

17  majority of those hours billed (35.25 hrs) were for reviewing transcript hearings, comparing ESI

18  orders and preparing binders. See **Exhibit 2 to Godino Decl.**, (ECF 310-1, at page 20 of 97).

19  This fact makes it clear that Reiss and Skouras were capable of performing and should have been

20  performing those tasks instead of Carter, who billed nearly 200 hrs for doing the same type of

21  work.

22      Tostrud – 3/21/14 through 3/28/14. Billed 14.5 hrs compiling documents and preparing

23  briefing books for the Special Master for hearings. **Exhibit B to Tostrud Decl.** (ECF No. 310-2,

24  at pages 18-19 of 65). This is also paralegal work that should not have been billed by a partner.

25  Defendant proposes that these hours be billed at a reasonable paralegal rate (14.5 x $90/hr =

26  $1,305.00 instead of 14.5 x $350/hr = $5,075.00). Total reasonable deduction -$3,770.00.

27  **IV.** **Other Improper Or Unnecessary Billing**.

28      As with other hearings and proceedings, there was unnecessary duplication of work when

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                29

1  multiple attorneys prepared for and/or attended the same status conference.

2      **1/20/14 Status Conference**

3      Godino – 1/20/14 & 1/21/14.  Billed <u>13.25 hrs</u> preparing for status conference, traveling to

4  Las Vegas and returning from conference to LA.  **Exhibit 2 to Godino Decl.** (ECF No. 310-1,

5  page 14 of 97).

6      Tostrud - 1/20/14 to 1/21/14.  Billed <u>8.7 hrs</u> preparing for status conference, traveling to

7  Las Vegas and returning from conference to LA.  **Exhibit B to Tostrud Decl.** (ECF No. 310-2, at

8  page 14 of 65).

9      As with previous in-person hearings, only Tostrud's billings and costs associated with this

10  conference should be allowed (13.25 x $350/hr = <u>-$4,637.50</u>)

11      Tostrud - On 3/18/14, Tostrud billed 3.6 hrs to prepare for client meetings in LV on 3/19

12  and preparing a meeting agenda, documents and an outline for the client presentation on case

13  status.  These hours do not appear to be directly related to the issues addressed in the Order and

14  therefore should be denied (3.6 x $350/hr = <u>-$1,260.00</u>).

15      Carter – 3/31/14 – (1.7) **research waiver of attorney client privilege**.  This entry does not

16  have any explanation that would relate it to Magistrate Judge Leen's Order and as such should be

17  denied (1.7 x $240/hr = <u>-$408.00</u>).

18  **V.     Many Of The Requested Expert Costs Were Not Caused By The Alleged Discovery Shortcomings By Defendants And Must Be Denied**.

19

20      Plaintiffs' counsel has also requested costs in the amount of $324,548.33, including

21  $261,612.50 attributed to "ESI Hosting and Experts."  **Godino Decl., at ¶ 13; Tostrud Decl., at ¶**

22  **13**.  Both Declarations state that the ESI experts actively participated in the Special Master

23  proceedings and were required to attend all in-person hearings and several telephonic hearings.

24  **Id., at ¶ 14**.  A review of the entries in the bills from the ESI experts, International Litigation

25  Services, Inc. ("ILS"), however, reveals that a large number of the items billed for were unrelated

26  to the Special Master hearings and any other issues covered by Magistrate Judge Leen's Order

27  (ECF No. 307).  See **Exhibit 3 to Godino Decl.** (ECF No. 310-1, at pages 25-66 of 97).

28      For example, all hosting charges would have been incurred had there been no discovery

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                                    30

1  disputes between Plaintiffs and Defendants because the data being hosted by ILS was the data

2  produced by Defendants.  As such, all entries in Exhibit 3 to the Godino Declaration for the

3  hosting of data are not covered by the Order (ECF No. 307).  In addition, there are numerous

4  entries pertaining to uploading and reviewing document productions from Defendants.  These

5  entries would also have been required in the normal course of discovery.  The only entries that

6  should be considered for the purposes of this Revised Application for costs and fees are the ones

7  directly related to request from the Special Master and required attendance at Special Master

8  hearings.

9      In reviewing Exhibit 3 to the Godino Declaration, Defendants have identified the following

10 entries as those that would appear to be related to the relevant issues covered by the Order (ECF

11 No. 307):

12     ILS Invoice # 2938 - $36,210.83 (ECF No. 301-1, pages 25-30).  Relevant entries on

13 2/6/14 (.5), 2/10/14 (.11), 2/11/14 (1.25), 2/11/14 (.55), 2/11/14 (1.24), 2/17/14 (.15), 2/20/14

14 (.21), 2/21/14, 2/21/14 (.28).  Total relevant to Order, 4.45 hrs at $350/hr = $1,557.50.

15     ILS Invoice # 2997 - $60,941.65 (ECF No. 301-1, pages 31-35).  Pixley - Relevant time

16 entries on 3/9/14, 3/10/14, 4/1/14, 4/2/14, 4/4/14, 4/6/14, 4/7/14, 4/18/14, 4/10/14, and 4/15/14 re

17 preparation, travel and attendance at Special Master hearings in the total amount of 45.1 hrs x

18 $350/hr = $15,785.00.[4]  Reasonable expenses for Mr. Pixley are requested in the amount of

19 $1,975.96 for airfare, meals and lodging, totaling $17,760.96.

20     Forrest – Forrest has duplicative entries re preparation, travel and attendance at Special

21 Master Hearings in the amount of 61.85 hrs x $450/hr = $27,832.50.  Expenses for Forrest were

22 requested for airfare, meals and lodging in the amount of $3,748.52.  As with the multiple partners

23 attending the Special Master hearings, it is unclear why two experts, billing at $350/hr and $450/hr

24 needed to attend the same Special Master hearings.  Without further explanation as to why two

25

26 _____

[4] The invoice itself lists 55.1 hrs at $350/hr for a total of $19,285.00.  Counsel for Defendants added the listed hrs for

27 grouped under "Forensic support services – Bruce Pixley" on pages 31 and 32 of ECF No. 310-1 and it only added up

to 45.1 hrs.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  experts were needed to attend, it is Defendants' position that it would have been reasonable for

2  just one expert to attend.  In addition, it is Defendant's position that the forensic expert fee should

3  not exceed the partner attorney rate of $350/hr.   Under the circumstances, Defendant would

4  request that the reasonable portion allotted to this invoice be the $17,760.96 billed by Pixley.

5  ILS Invoice # 2999 - $16,576.99 (ECF No. 301-1, pages 36-39).  Services provided by J

6  Peer at $350/hr.  A review of all of the entries by J Peer in Invoice # 2999 does not appear to

7  reveal any entries specific to the Special Master proceedings or that were otherwise required due

8  to unnecessary discovery disputes.  As such, it is Defendant's position that the entire Invoice #

9  2999 is not relevant or recoverable.

10  ILS Invoice # 3016 - $46,833.90 (ECF No. 301-1, pages 40-43).  Pixley - services billed in

11  the amount of $15,050.00.  Review of the entries reveals that several are not related to the Special

12  Master proceedings.  The following entries are reasonable and proper: 4/21/14 (5.75 hrs), 4/22/14

13  (8 hrs); 4/23/14 (3.75 hrs); 5/6/14 (7 hrs).[5]  This would result in a reasonable total of 24.5 hrs x

14  $350/hr = $8,575.00.  The expenses for Pixley requested are in the amount of $1,768.73.  They

15  appear to be reasonable.   As such, the reasonable total for Pixley for total costs would be

16  $10,343.73.

17  Forrest - The time requested for Forrest in Invoice # 3016 results in a total amount of

18  $26,205.  Again, the vast majority of that billing is for time traveling, preparing for, attending and

19  returning from the same Special Master hearings that Pixley attended.  This is duplicative.  The

20  relevant billings for Forrest for this invoice would be as follows:  4/16/14 (.17), 4/17/14 (.48),

21  4/20/14 (.42) and 5/4/14 (.20), for a total of 1.27 hr at $350/hr = $444.50.  Forrest's expenses in

22  the amount of $3,810.17 are excessive, staying at the Wynn Encore with breakfast on 4/22/14

23  costing $34.11, dinner with Mr. Pixley at Botero costing $275.14, and lunch for $28 at the Wynn.

24  Deleting the duplicative billings for hearing preparation, travel and attendance by Forrest, as well

25  as the unnecessary costs should not be included.

26  _____

27  [5] Pixley's entry indicates that his return flight to California was delayed and he billed 18 hrs.  Normal billing for portal to portal travel from Las Vegas to Camarillo in other entries for Pixley is 3.5 hrs.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                          32

1        ILS Invoice # 3055 - $7,511.75 (ECF No. 301-1, pages 44-47).  Invoice # 3055 does not

2    appear to have any entries that reference the Special Master proceedings.  The entries appear to

3    pertain to ESI hosting and other project management entries that relate to training attorneys to use

4    the databases and downloading and searching documents received in discovery.  As such, it is

5    Defendants' position that the entire amount of Invoice #3055 should be denied.

6        ILS Invoice # 3051 - $44,986.10 (ECF No. 301-1, pages 48-52).  Pixley - 45.75 hrs billed

7    as services provided in this invoice for a total of $16,012.50.  Of those 45.75 hrs, not all of them

8    are relevant per the Order.  The following appear to be relevant:  5/29/14 (4 hrs); 5/30/14 (2.5 hrs);

9    6/4/14 (5 hrs); 6/12/14 (.5 hr); 6/13/14 (1.5 hrs); 6/15/14 (4.75 hrs); 6/15/14 (2.25 hrs); 6/16/14

10   (10 hrs); 6/17/14 (4.75 hrs), for a total of 35.25 x $350/hr = $12,337.50.  The expenses requested

11   of $839.17 appear reasonable for a total of $13,176.67.

12       Forrest - Again, to the extent the hours and expenses pertain to preparation, travel and

13   attendance to Special Master hearings or double participation in phone conferences with the

14   Special Master, they are duplicative of Pixley's preparation, travel, attendance and expenses and

15   should be denied.  There are also numerous entries that do not appear to have anything to do with

16   the Special Master proceedings.  The following entries for Forrest would appear to be reasonable:

17   6/9/14 (1.12 hrs); 6/12/14 (.30 hrs); 6/12/14 (.27 hrs), 6/13/14 (1.26 hrs), for a total of 2.95 hrs x

18   $350/hr = $1,032.50.   The remaining billing by Forrest of $23,271.67 and his $1,487.76 in

19   expenses should be denied.

20       ILS Invoice # 3085 - $5,573.78 (ECF No. 301-1, pages 53-56).  Invoice # 3085 does not

21   appear to have any entries that reference the Special Master proceedings.  The entries appear to

22   pertain to ESI hosting and other project management entries that relate to downloading and

23   searching documents received in discovery.  None of these tasks are addressed by Magistrate

24   Judge Leen's Order (ECF No. 307).  As such, it is Defendants' position that the entire amount of

25   Invoice #3085 should not be included in the amount requested.

26       ILS Invoice # 3086 - $8,592.50 (ECF No. 301-1, pages 57-58).  Pixley – Relevant entries:

27   6/25/14 (2.5 hrs) x $350/hr = $875.00.   Forrest – Relevant entries: 6/19/14 (2.54 hrs), 6/26/14

28   (2.12 hrs), 6/26/14 (.20) and 6/27/14 (.26 hrs) for a total of 5.12 hrs x $350/hr = $1,792.00.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    ILS Invoice # 3098 - $25,010.83 (ECF No. 301-1, pages 59-61).  Pixley – Relevant entries:

2    7/9/14 (3.5 hrs), 7/11/14 (.5 hrs), 7/19/14 (7.5 hrs), 7/21/14 (1 hr), 7/25/14 (.75 hrs) = 13.25 hrs x

3    $350/hr = $4,637.50 in reasonable costs.  Forrest – 7/2/14 (2.54 hrs), 7/3/14 (3 hrs), 7/9/14 (2.3

4    hrs), 7/10/14 (.38 hrs), 7/19/14 (3.54 hrs), 7/25/14 (4.21 hrs), 7/28/14 (.38) for a total of 16.35 hrs

5    x $350/hr = $5,722.50.  Total reasonable costs = $10,360.00.

6    ILS Invoice # 3128 - $6,622.50 (ECF No. 301-1, pages 62-63).  Forrest – Relevant entries:

7    8/4/14 (4.47), 8/8/14 (1.54), 8/8/14 (1.40), 8/10/14 (.44), 8/11/14 (1.30), 8/15/14 (.11) for a total of

8    9.26 hrs x $350/hr = $3,241.00.

9    ILS Invoice # 3156 - $322.50 (ECF No. 301-1, page 64).  This amount is relevant.

10    ILS Invoice # 3128 - $2,429.17 (ECF No. 301-1, pages 65-66).  None of the entries in this

11    invoice appear to be related to the Special Master proceeding.

12    Based on Defendants' review of the expert billing records in Exhibit 3 to the Godino Decl.,

13    only $78,667.32 in costs billed by the experts would appear to be reasonable and related to the

14    Special Master proceedings, not $261,612.50.  As such, the requests costs/expenses attributed to

15    the experts should be reduced by -$182,945.18.

16    **VI.    Conclusion**

17    Plaintiffs' counsel's Revised Application seeks hundreds and hundreds of unnecessary

18    hours based on duplication of efforts, poor balance of work assignments and work performed by

19    more experienced attorneys that should have been performed by either less experienced attorneys

20    or paralegals.  While Defendants recognize that Magistrate Judge Leen has made her findings and

21    authorized reasonable fees and costs as a result, Defendants should not be required to pay

22    exorbitant rates for work that should have been performed in a much more efficient manner.

23    Based on Defendants' review and calculations of the billing records and information provided by

24    Plaintiffs' counsel, reasonable fees at reasonable rates for the District of Nevada based on

25    Magistrate Judge Leen's Order (ECF No. 307) would be in the amount of $330,672.40.

26    As for the expert costs, the majority of the costs sought to be recovered by Plaintiffs'

27    counsel do not appear to be costs related to the Special Master hearings.  Much of those costs

28    appear to be related to analysis and storage of data that would have occurred regardless of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Special Master proceedings.  Based on Defendants' review and calculations of the billing records

2  and information provided by Plaintiffs' counsel, reasonable costs based on Magistrate Judge

3  Leen's Order (ECF No. 307) should be reduced by approximately $183,000.  The remaining costs

4  attributed to duplicative travel by numerous partners to the same hearings is difficult to parse out

5  from the lack of information provided by Plaintiffs' counsel as to their travel, lodging, etc.  For

6  purposes of this motion, all $8,544.94 requested by Godino's firm for airfare, taxi and hotel is

7  arguably duplicative, and should be denied, as should the $1,769.66 requested by O'Mara.

8  Accordingly, the $324,548.33 in costs requested by Plaintiffs should be reduced by approximately

9  $200,000.00.

10        DATED this 28th day of August, 2016

11                        LEWIS BRISBOIS BISGAARD & SMITH LLP

12

13                    By _____
                              *Danielle C. Miller*

14                        ROBERT W. FREEMAN
                        Nevada Bar No. 3062

15                        DANIELLE C. MILLER
                        Nevada Bar No. 9127

16                        6385 S. Rainbow Boulevard, Suite 600
                        Las Vegas, Nevada 89118

17                        *Attorneys for Defendants University Medical*
                        *Center of Southern  Nevada and John Espinoza*

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1                                35

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the <u>28th</u> day of August, 2018, I electronically filed the foregoing **DEFENDANTS UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA AND JOHN ESPINOZA'S OPPOSITION TO PLAINTIFFS' REVISED APPLICATION FOR COSTS AND ATTORNEYS' FEES** with the Clerk of the Court through Case Management/Electronic Filing System, to be served to:

| | |
|---|---|
| DAVID C. O'MARA, ESQ.<br>THE O'MARA LAW FIRM. P.C.<br>311 East Liberty Street<br>Reno, Nevada 89501<br>Phone: 775-323-1321<br>Fax: 775-323-4082<br>Email: david@omaralaw.net<br>Email: bill@omaralaw.net<br>*Counsel for Plaintiffs* | MARC L. GODINO. ESQ. (pro hac)<br>KEVIN F. RUF, ESQ. (pro hac)<br>KARA M. WOLKE, ESQ. (pro hac)<br>GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Phone: 310-201-9105<br>Fax: 310-201-9160<br>Email: mgodino@glancylaw.com<br>Email: kevinuff@glancylaw.com<br>Email: kwolke@glancylaw.com<br>*Counsel for Plaintiffs* |
| JON A. TOSTRUD, ESQ. (pro hac)<br>ANTHONY CARTER, ESQ. (pro hac)<br>TOSTURD LAW GROUP<br>1925 Century Parkway East, Suite 2125<br>Los Angeles, California 90067<br>Phone: 310-278-2600<br>Fax: 310-278-2640<br>Email: jtostrud@tostrudlaw.com<br>Email: acarter@tostrudlaw.com<br>*Counsel for Plaintiffs* | ANDREW L. REMPFER, ESQ.<br>REMPFER MOTT LUNDY, PLLC<br>10091 Park Run Drive, Ste. 200<br>Las Vegas, Nevada 89145<br>Phone: 702-825-5303<br>Fax: 702-825-4413<br>Email: andrew@rmllegal.com<br>Email: joey@rmllegal.com<br>*Counsel for Plaintiffs* |
| RAYMOND B. WALTON, ESQ, (pro hac)<br>LAW OFFICES OF RAYMOND B. WALTON<br>33811 Violet Lantern<br>Dana Point, California 92629<br>Phone: 206-390-6263<br>Email: rbwalton@gmail.com<br>*Counsel for Plaintiffs* | |

By   __/s/ Tiffany Dube_____

Tiffany Dube, An employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9789-3232.1

36