GLANCY PRONGAY & MURRAY LLP
Marc L. Godino (admitted *pro hac vice*)
Kara M. Wolke (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com

*Attorneys for Plaintiffs*



FILED \_\_\_\_ RECEIVED
ENTERED \_\_\_\_ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 29 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL SMALL, CAROLYN SMALL, WILLIAM CURTIN, DAVID COHEN, LANETTE LAWRENCE and LOUISE COLLARD, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, a political subdivision of Clark County, State of Nevada, CLARK COUNTY, a political subdivision of the State of Nevada, and JOHN ESPINOZA, an individual,<br><br>Defendants. | CASE NO. 2:13-cv-00298-APG-PAL<br><br>**FINAL ORDER APPROVING JOINT MOTION FOR COLLECTIVE ACTION SETTLEMENT AND ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

The Parties' Joint Motion for Final Approval of Collective Action Settlement came on for hearing before the Honorable Judge Andrew Gordon on May 29, 2019, at 2 p.m. The Court, having considered the papers and pleadings submitted in support of the Motion, HEREBY ORDERS AS FOLLOWS:

1. The Court grants the Motion based upon the terms set forth in the Settlement Agreement and Release ("Settlement) between Plaintiffs and Defendants.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, including Plaintiffs, all settlement class members, and Defendants.

3. Pursuant to 29 U.S.C. § 216, the Court certifies as final, for purposes of settlement only, a collective action under the Fair Labor Standards Act ("FLSA"). The class shall consist of Plaintiffs Daniel Small, Carolyn Small, William Curtin, David Cohen, Lanette Lawrence, and Louise Collard, and all Opt-In Plaintiffs who were employed by Defendants between July 27, 2009, to December 31, 2012 who timely returned valid Opt-In Consent Forms on or before October 14, 2013.

4. The Parties' Settlement in the amount of Four Million Two Hundred and Fifty Thousand Dollars and Zero Cents ($4,250,000.00)(the "Settlement") is the product of contested litigation to resolve *bona fide* disputes over the availability and amount of overtime wages.

5. The Court finds that the Settlement appears to be fair, adequate, and a reasonable resolution of the litigation. The non-exhaustive list of factors courts typically consider in evaluating a proposed settlement for fairness include: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the extent of the discovery completed; (4) the stage of the proceedings; and (5) the experience and views of counsel. *Trinh v. JP Morgan Chase & Co.*, 2009 WL 532556 at *1 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370,1375 (9th Cir. 1993)). Here, the Court agrees that the application of these factors confirms that the Settlement constitutes a fair and reasonable compromise of the Parties' *bona fide* disputes. The Settlement falls within the range of reasonableness and appears to be presumptively valid.

6. The Court approves the form of Notice of Settlement attached as Exhibit 1 to the Settlement Agreement.

7. The 586 participating Class Members will be paid their portion from the Settlement on a pro rata basis pursuant to the formula and methodology set forth in the Joint Motion for Approval

of Settlement.

8. The Court appoints Daniel Small, Carolyn Small, William Curtin, David Cohen, Lanette Lawrence, and Louise Collard as Class Representatives and approves an enhancement payment of Ten Thousand Dollars and Zero Cents ($10,000.00) each for their services as Class Representatives in this matter.

9. The Court approves a Service Award of Two Thousand Dollars ($2,000.00) to each of the twenty Plaintiffs who were deposed and responded to individual written discovery requests in connection with this matter (the "Deposed Plaintiffs").

10. The Court appoints Glancy Prongay & Murray LLP, and Tostrud Law Group, P.C., as Class Counsel.

11. Plaintiffs' request for Class Counsels' fees in the amount of One Million Two Hundred Fourteen Thousand One Hundred and Seven Dollars and Zero Cents ($1,214,107.00) is reasonable. This amount represents 33% of the Maximum Settlement Amount after deducting the $570,885.00 Sanction Award from the Maximum Settlement Amount. "The typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value with 25 percent considered a benchmark percentage." *Barbosa v. Cargill Meat Sol. Corp.*, 297 F.R.D. 431, 448 (E.D. Cal. 2013) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)). "In assessing whether the percentage requested is fair and reasonable, courts generally consider the following factors: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases." *Sinanyan v. Luxury Suites Int'l, LLC*, 2018 U.S. Dist. LEXIS 21403, at * 11 (D. Nev. Feb. 8, 2018) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-50 (9th Cir. 2002)). Having considered these factors, the Court finds the request for Class Counsels' fees in the amount of $1,214,107.00 to be reasonable.

12. The Court approves awarding Class Counsel an amount of Five Hundred Seventy Thousand Eight Hundred and Eighty Five Dollars and Zero Cents ($570,885.00) pursuant to Judge Leen's November 5, 2018 Order on sanctions relating to attorney fees ("Sanction Award");

15. The Court finds Plaintiffs' request for Class Counsels' costs in the amount of Six Hundred Seven Thousand Four Hundred Thirty-Seven Dollars and Fifty-Two Cents ($607,437.52) is fair, adequate, and reasonable. This amount consists of the following:

    A. Three Hundred Forty-Four Thousand Four Hundred Nineteen Dollars and Eighty-Eight Cents ($344,419.88) to Glancy Prongay & Murray LLP, for hard costs and mediation fees

    B. Two Hundred Forty-Seven Thousand Four Hundred Forty-Seven Dollars and Sixty-Six Cents ($247,447.66) to Tostrud Law Group, P.C., for hard costs and mediation fees;

    C. Two Thousand Sixty-Nine and Ninety-Eight Cents ($2,069.98) to The O'Mara Law Firm for hard costs; and

    D. Thirteen Thousand Five Hundred Dollars and Zero Cents ($13,500.00) to Rust Consulting for claims administration.

16. The Court directs the Parties and Claims Administrator to effectuate the settlement terms as set forth in the Settlement.

17. Having found this amount to be reasonable, the Court directs Defendant to submit settlement proceeds in the total amount of $4,250,000.00 to the Claims Administrator on or before _June 21_, 2019.

18. The Court directs the Claims Administrator to pay Class Counsel fees in the amount of $1,784,992.00 on or before _July 19_, 2019. The Court directs the Claims Administrator to pay Class Counsels' costs in the amount of $607,437.52 on or before _July 19_, 2019.

19. The Court directs the Claims Administrator to issue payment to the Settlement Class Members on or before _July 19_, 2019.

20. The Court directs the Claims Administrator to distribute all remaining Settlement funds after the distribution described previously herein to be issued to Volunteers In Medicine of Southern Nevada in accordance with the Settlement Agreement and this Order.

21. This action is dismissed with prejudice.

22. The Court retains jurisdiction to enforce the terms of the Settlement.

Dated: _May 29_, 2019

_____
Judge Andrew P. Gordon
United States District Court Judge